UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-80395-ROSENBERG

JEFF ISAACS,

   Plaintiff,

v.

GOOGLE LLC,

   Defendant.
_____/

**ORDER OF REFERENCE TO MAGISTRATE JUDGE
AND ORDER OF COURT-MANDATED REQUIREMENTS ON
SERVICE, DEFAULTS, AND JOINT SCHEDULING REPORTS**

The Court enters the following Order to apprise the parties of its procedures on service, defaults, and joint scheduling reports. The parties shall comply with the following:

1. **Service**

Unless service is waived, proof of service must be made to the Court by filing the server's affidavit immediately upon receipt. If a Defendant waives service, notice of the same shall be filed immediately. Additionally, until such time as each Defendant has appeared in this action, the Plaintiff(s)[1] shall file status reports on the progress of service. The status reports on service shall be due on the first business day of each calendar month. The status reports must take the form of a spreadsheet resembling the illustrative spreadsheet found on the Court's website at: http://www.flsd.uscourts.gov/content/judge-robin-l-rosenberg. If the Plaintiffs(s) fail to comply with the Court's requirements in this section, the Court may enter an order to show cause why the

---

[1] Any party seeking formal service of process, such as a Defendant bringing a counterclaim against a third-party defendant, must comply with this Order. Relatedly, any party entitled to an entry of default (such as a Defendant with an unanswered counterclaim) must comply with this Order.

case should not be dismissed for lack of prosecution and/or a failure to comply with the Court's orders.

2. **Default**

In the event a served Defendant does not appear in this action, the Plaintiff(s) shall file a motion for clerk's default within seven days of the deadline for the Defendant to answer.[2] In the event a Defendant does appear in this action but fails to file an answer, the Plaintiff(s) shall file a motion for the Court's entry of default within seven days of the deadline for the Defendant to answer. Motions for final default judgment, if applicable, shall be filed within seven days of the entry of default. If the Plaintiff(s) fail to comply with the requirements in this section, the Court may enter an order to show cause why the case should not be dismissed for lack of prosecution and/or failure to comply with the Court's orders.

3. **Joint Scheduling Reports**

Within two weeks of the date upon which any one defendant appears in this action, the parties are directed to prepare and file a joint scheduling report (and e-mail proposed pretrial deadlines) as required by Local Rule 16.1. The parties' proposed pretrial deadlines should be a Microsoft Word document utilizing the format in the Court's sample trial order on the undersigned's webpage at: http://www.flsd.uscourts.gov/content/judge-robin-l-rosenberg. The joint scheduling report shall include all information required by Local Rule 16.1(b)(2) and (b)(3). An extension of time to file an answer to a pleading does not toll the party's obligation to comply with this section. The Court may enter a scheduling order with a trial date and pretrial deadlines prior to the parties' filing of a joint scheduling report. In such a circumstance, the Court will *sua*

---

[2] If the parties enter into a private agreement for an extension of time for a Defendant to file an answer, that private agreement does not supersede the Court's requirement for the Plaintiff to move for the entry of a clerk's default. Extensions of time to answer a pleading must take the form of a motion to the Court.

*sponte* reconsider the trial date and pretrial deadlines upon receipt of the joint scheduling report, and, if necessary, the Court will enter an amended scheduling order.

### **Order of Referral**

Additionally, pursuant to 28 U.S.C. § 636(b)(l)(A) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, the above-captioned cause is referred to United States Magistrate Judge Bruce E. Reinhart for appropriate disposition of all *pro hac vice* motions, motions to substitute counsel, and pretrial motions related to discovery.

The undersigned also refers to Judge Reinhart the authority to conduct a Rule 16 conference, should Judge Reinhart conclude—based upon his review of the pleadings—that a Rule 16 conference would benefit this case. Relatedly, Judge Reinhart is authorized to permit a party to amend a pleading. If any party amends a pleading based on Judge Reinhart's authorization, the undersigned will deem any pending motion to dismiss (or motion to strike) the pleading as moot.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 11th day of April, 2024.

Copies furnished to:  
All counsel of record

ROBIN L. ROSENBERG  
UNITED STATES DISTRICT JUDGE