**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

**Case No. 9:24-cv-80395-RLR-BER**

DR. JEFFREY ISAACS,

    Plaintiff,

v.

GOOGLE LLC,

    Defendant.

_____

**DEFENDANT GOOGLE'S MOTION TO DISMISS FOR
<u>LACK OF STANDING AND FAILURE TO STATE A CLAIM</u>**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

A.   Greenflight Sues Whitepages.com, Asserting U.S. Patent No. 8,861,698 . . . . . . . . . . . . 2

B.   Greenflight Applies for a Reissue . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

C.   The RE'847 Claims a Specific User-Initiated Reverse Call Lookup System . . . . . . . . . 4

D    Isaacs, Greenflight's CEO, Initiates This Action *Pro Se* . . . . . . . . . . . . . . . . . . . . . . . 5

E.   The Complaint Alleges Only One Application That Practices the Invention of RE'847: Greenflight's Own "OkCaller" Application . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

F.   The Complaint Does Not Identify Any Google Device, Application, or Systems—or Any Third Party Device, Application, or System—Isaacs Alleges to Infringe the RE'847 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

G.   The Complaint Alleges Infringement of Canceled Claims . . . . . . . . . . . . . . . . . . . . . . . 7

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

I.   The Court Lacks Subject Matter Jurisdiction Where, As Here, The Plaintiff Lacks Standing to Assert the Patent in Suit . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

II.  The Complaint Also Fails to State a Claim for Relief Under 12(b)(6) . . . . . . . . . . . . . . 9

     A.   Plaintiff's Direct Infringement Claims Should be Dismissed . . . . . . . . . . . . . . . 11

     B.   The Court Should Dismiss Plaintiff's Claims Regarding Canceled Claims 1-6 With Prejudice . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

     C.   The Court Should Dismiss Plaintiff's Indirect Infringement Claims . . . . . . . . . . 12

     D.   Plaintiff Does Not Allege Facts to Support Claims of Willful Infringement . . . . 14

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

## **TABLE OF AUTHORITIES**

*Cases*                                                                                 **Pages**

*Abraxis Biosciences, Inc. v. Navinta LLC*,
 625 F.3d 1359 (Fed. Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Addiction & Detoxification Inst. LLC v. Carpenter*,
 620 F. App'x 934 (Fed. Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Askan v. Faro Techs., Inc.*,
 No. 23-920, 2023 WL 8868494 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*Azure Networks, LLC v. CSR PLC*,
 771 F.3d 1336 (Fed. Cir. 2014), *vacated on other grounds*, 575 U.S. 959 (2015) . . . . . . . 8

*Baggage Airline Guest Servs., Inc. v. Roadie, Inc.*,
 No. 17-1253, 2017 WL 10084146 (M.D. Fla. Sept. 1, 2017) . . . . . . . . . . . . . . . . . . . . 9

*Barrday, Inc. v. Lincoln Fabrics Inc.*,
 No. 22-1903, 2022 WL 7871688 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Bedwell v. Braztech Intl., L.C.*,
 No. 17-22335, 2017 WL 4810599 (S.D. Fla. Oct. 25, 2017) . . . . . . . . . . . . . . . . . . . . . 10

*Boldstar Tech., LLC v. Home Depot U.S.A., Inc.*,
 560 F. Supp. 2d 1275 (S.D. Fla. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Cobra Int'l, Inc. v. BCNY Int'l, Inc.*,
 No. 05-61225, 2015 WL 10793137 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*CR Bard, Inc. v. Advanced Cardiovascular Sys.*,
 911 F.2d 670 (Fed. Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*DeCurtis LLC v. Carnival Corp.*,
 No. 20-22945, 2021 WL 7539904 (S.D. Fla. Feb. 9, 2021) . . . . . . . . . . . . . . . . . . . . . . 7

*Deere & Co. v. AGCO Corp.*,
 No. 18-827, 2019 WL 668492 (D. Del. Feb. 19, 2019) . . . . . . . . . . . . . . . . . . . . . . . . . 15

*DSU Med. Corp. v. JMS Co.*,
 471 F.3d 1293 (Fed. Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*,
 909 F.3d 398 (Fed. Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**TABLE OF AUTHORITIES**

*(continued)*

|  | *Cases* | **Pages** |
|---|---|---|

*Erickson v. Pardus,*
   551 U.S. 89 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Fresenius USA, Inc. v. Baxter Int'l, Inc.,*
   721 F.3d 1330 (Fed. Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Gaia Techs., Inc. v. Reconversion Techs., Inc.,*
   93 F.3d 774 (Fed. Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Glob. Tech LED, LLC v. Every Watt Matters, LLC,*
   No. 15-61933, 2016 WL 6682015 (S.D. Fla. May 19, 2016) . . . . . . . . . . . . . . . . . . 10, 14

*Griffin v. Internal Revenue Serv.,*
   No. 22-24023, —F. Supp. 3d —, 2024 WL 1717393 (S.D. Fla. Apr. 22, 2024) . . . . . . . . 8

*Hawk Tech. Sys. v. Brickell Fin. Ctr.,*
   No. 13-24005, 2014 WL 11946879 (S.D. Fla. Feb. 27, 2014) . . . . . . . . . . . . . . . . . . . . . 11

*Hewlett-Packard Co. v. Bausch & Lomb Inc.,*
   909 F.2d 1464 (Fed. Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*In re Bill of Lading Transmission & Processing Sys. Pat. Litig.,*
   681 F.3d 1323 (Fed. Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Intell. Prop. Dev., Inc. v. TCI Cablevision of Cal., Inc.,*
   248 F.3d 1333 (Fed. Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Intell. Ventures I LLC v. Motorola Mobility LLC,*
   870 F.3d 1320 (Fed. Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Israel Bio-Eng'g Project v. Amgen, Inc.,*
   475 F.3d 1256 (Fed. Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Lawrence v. Dunbar,*
   919 F.2 1525 (11th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Lead Creation, Inc. v. P'ships & Unincorporated Ass'ns Identified on Schedule A,*
   No. 23-49, 2023 WL 168779 (M.D. Fla. Jan. 12, 2023) . . . . . . . . . . . . . . . . . . . . . . . . 10

*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.,*
   925 F.3d 1225 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*mCom IP, LLC v. City Nat'l Bank of Fla.,*
   No. 23-23427, 2024 WL 2892007 (S.D. Fla. June 10, 2024) . . . . . . . . . . . . . . . . . . . 3, 11

## TABLE OF AUTHORITIES
*(continued)*

|                                                                                      *Cases*                        | **Pages** |
|--------------------------------------------------------------------------------------------------------------------|-----------|

*Morrow v. Microsoft Corp.*,
  499 F.3d 1332 (Fed. Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Nalco Co. v. Chem-Mod, LLC*,
  883 F.3d 1337 (Fed. Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*nCube Corp. v. Seachange Int'l, Inc.*,
  436 F.3d 1317 (Fed. Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*OSI, Inc. v. U.S.*,
  285 F.3d 947 (11th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Ottah v. Fiat Chrysler*,
  884 F.3d 1135 (Fed. Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Sentry Protection Prod. v. Eagle Mfg.*,
  400 F.3d 910 (Fed. Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*SFM Holdings, Ltd. v. Banc of Am. Sec.*,
  600 F.3d 1334 (11th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Software Brokers of Am. Inc. v. Doticom Corp.*,
  484 F. Supp. 3d 1205 (S.D. Fla. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Textile Prods., Inc. v. Mead Corp.*,
  134 F.3d 1481 (Fed. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Thermolife Int'l, LLC v. Vitamin Shoppe, Inc.*,
  No. 16-60693, 2016 WL 6678525 (S.D. Fla. June 8, 2016) . . . . . . . . . . . . . . . . . . . . 10, 12

*Toxgon Corp. v. BNFL, Inc.*,
  312 F.3d 1379 (Fed. Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Trebor Indus., Inc. v. Regatta AS*,
  No. 10-60371, 2010 WL 11505130 (S.D. Fla. June 15, 2010) . . . . . . . . . . . . . . . . . . . . 14

*Universal City Studios v. Nissim Corp.*,
  No. 14-81344, 2015 WL 1124704 (S.D. Fla. Mar. 12, 2015) . . . . . . . . . . . . . . . . . . . . . 15

*Viskase Corp v. Am. Nat. Can Co.*,
  261 F.3d 1316 (Fed. Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## TABLE OF AUTHORITIES
*(continued)*

| *Other Authorities* | **Pages** |
|---|---|
| Fed. R. Civ. Pro. 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 15 |
| Fed. R. Civ. Pro. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 10, 12, 15 |
| Fed. R. Civ. Pro. 12(b)(7) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9 |
| Fed. R. Civ. Pro. 12(h)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7 |

*Other Proceedings*

*Whitepages, Inc. v. Greenflight Ventures Corp.,*
    No. 16-175, (N.D. Cal.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2, 3

*Whitepages, Inc. v. Greenflight Venture Corp.,*
    698 F. App'x 613 (Fed. Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## INTRODUCTION

*Pro se* plaintiff Jeffrey Isaacs filed this action on April 1, 2024, asserting U.S. Patent No. RE48,847 against Google LLC.  Docket No. 1.  The complaint admits that the plaintiff does not own the patent outright, but claims only "a substantial percentage of ownership in the reissue patent" and "majority ownership of the US Reissue Patent #48,847 directly and/or indirectly through corporate entities that he controls."  *Id.* ¶¶ 27, 53.  In fact, Greenflight Venture Corporation, not Isaacs, is the applicant and owner of the RE'847, as confirmed by the patent itself, Isaacs' sworn statements to the U.S. Patent and Trademark Office, and the complaint, which alleges some "percentage" ownership "indirectly through corporate entities that [Isaacs] controls."  Isaacs accordingly lacks standing to bring this action, and Google respectfully requests that the Court dismiss it under Fed. R. Civ. P. 12(b)(1).

Should the Court find that Isaacs has constitutional standing to assert the RE'847 even though he does not own the patent in suit, the Court should nevertheless dismiss this action under Fed. R. Civ. P. 12(b)(6), because the complaint fails under the most generous application of the *Twombly* pleading standard.  The complaint alleges that Google infringes claims "1-10" of reissued U.S. Patent No. RE48,847 by "directly selling infringing apps to consumers" or providing a "system" that is "implemented, used, and operated at and under Defendant's direction and control."  Compl. ¶¶ 71, 75.  But the complaint fails to identify any allegedly infringing app or system by name or otherwise, and accordingly lacks any description of how any such app or system operates, or how Google practices any claim of the asserted patent.  The complaint attaches no claim charts and provides no mapping of claim elements against any device, product, or feature.  Instead, the complaint merely repeats some—but not all—language

from various claim elements and concludes without explanation that Google, or else its users, performs them.  The complaint further asserts infringement of non-existent claims, alleges indirect infringement without sufficient factual allegations, and fails to provide facts sufficient to support a claim for willful infringement.

To this day, Google has no idea what products or functionalities Isaacs believes to infringe, because the complaint does not say what they are.  Google is thus left entirely in the dark concerning Isaacs' allegations of infringement:  the complaint lacks not only a cognizable theory as to *how* Google allegedly infringes, but further lacks a mere *identification* of any product Isaacs intends to put at issue in this action.  Plaintiff's allegations fail at every turn. Google thus respectfully requests that, should the Court find it has jurisdiction to proceed, the Court dismiss this action under Fed. R. Civ. P. 12(b)(6).

## BACKGROUND

**A.       Greenflight Sues Whitepages.com, Asserting U.S. Patent No. 8,861,698**

The asserted RE48,847 patent (the "RE'847") is a reissue of U.S. Patent No. 8,861,698 (the "'698").  Like the RE'847, the '698 lists Jeffrey Isaacs ("Isaacs") as the sole inventor, and is titled "Post-Page Caller Name Identification System."  In January 2016, Isaacs' company, Greenflight Venture Corporation ("Greenflight") attempted to license the '698 patent to Whitepages, Inc. ("Whitepages"), which responded by filing a declaratory judgment action for non-infringement.  *Whitepage, Inc. v. Isaacs*, No. 16-175, Docket No. 1 (N.D. Cal. Jan. 11, 2016).  On January 14, 2016, Isaacs recorded his assignment to Greenflight of the '698 patent and the invention:

> described in an application for letters patent of the United States, executed by me on the 13th day of January, 2016, and all the rights and privileges under any and all Letters Patent that may be granted therefore.

Ex. A (U.S.P.T.O. Assignment Reel/Frame No. 037489/0124).[1]

 Greenflight responded to the *Whitepages* action with claims of infringement, and Whitepages counterclaimed for a judgment of invalidity.  In July 2016, the *Whitepages* court granted Whitepages' motion for judgment on the pleadings that the '698 patent was unenforceable under 35 U.S.C. § 101.  *Whitepages, Inc.*, Docket No. 48 (N.D. Cal. July 25, 2016).  Greenflight appealed, and the Federal Circuit affirmed.  *Whitepages, Inc. v. Greenflight Venture Corp.*, 698 F. App'x 613, 614 (Fed. Cir. 2017).

**B.      Greenflight Applies for a Reissue**

Following the *Whitepages* district court's order rendering the '698 unenforceable, on October 10, 2016, Isaacs applied for a reissue of the '698 patent in the U.S. Patent and Trademark Office.  Ex. B (RE'847 Prosecution History, Reissue Patent Application Transmittal, Docket No. 26 (Oct. 10, 2016)).  Also on October 10, 2016, Isaacs submitted a statement under 37 CFR 3.73(c), confirming Greenflight as "[t]he assignee of the entire right, title, and interest" in the reissue application.  Ex. C (RE'847 Prosecution History, Assignee Showing of Ownership, Docket No. 17 (Oct. 10, 2016)).  On December 7, 2021, the U.S.P.T.O. issued the RE'847 patent to Greenflight, listing Isaacs as sole inventor and Greenflight as sole applicant.  Docket No. 1-2, Ex. A (the "RE'847").

---

[1] "The Court can take judicial notice of PTAB documents" without converting a motion to dismiss into a motion for summary judgment.  *mCom IP, LLC v. City Nat'l Bank of Fla.*, No. 23-23427, 2024 WL 2892007, at *1 n.1 (S.D. Fla. June 10, 2024) (citing *Viskase Corp. v. Am. Nat. Can Co.*, 261 F.3d 1316, 1328 n.2 (Fed. Cir. 2001)); *see also Barrday, Inc. v. Lincoln Fabrics Inc.*, No. 22-1903, 2023 WL 7871688, at *2 (Fed. Cir. Nov. 16, 2023) (taking judicial notice of the "publicly-accessible '369 patent file history" not in the record).

Isaacs' complaint in this action does not allege that Greenflight ever assigned the RE'847 to him, and according to the U.S.P.T.O., Greenflight has recorded no further assignments of the RE'847. *See generally* Complaint; Ex. D (RE'847 Assignment History). Instead, the complaint admits that Isaacs owns only a "percentage" of the patent, either directly or "indirectly through corporate entities that [Isaacs] controls." Compl. ¶¶ 27, 53, 55.

## C.   The RE'847 Claims a Specific User-Initiated Reverse Call Lookup System

The RE'847 concerns a "post-page caller name identification system" for reverse lookup of caller information by the recipient of an incoming call or text message. RE'847. Although the complaint alleges infringement of "Claims 1-10 of the '847 patent," the sole claims allowed on reissue are claims 7-10. Compl. ¶¶ 75, 78; RE'847; Ex. E (RE'847 Prosecution History, Index of Claims, Docket No. 89 (Oct. 21, 2021)); Ex. F (RE'847 Prosecution History, Notice of Allowance, Docket No. 92 (Oct. 21, 2021)).

The RE'847 does not claim to invent the concept of caller ID or reverse lookup, which the specification acknowledges existed since at least the 1980s. Instead, the patent claims a detailed process for processing user queries for lookup of an incoming call phone number requiring an "SS7 interfacing node connected to both a TCP/IP network and an SS7 communication network," connection to a user terminal, and an "SS7 communication network interface" which is specifically configured to:

- receive from the user "a query of a caller name identification (CNAM) database for a CNAM based on a telephone number obtained from a paging signal of an SS7 call";
- transmit the received telephone number "in a carrier identity request over the SS7 communication network interface to one or more line information databases (LIDBs)";
- receive a carrier identity "from the LIDBs over the SS7 communication network interface";
- "based on the carrier identity, to forward the query using GR-1188" to one or more CNAM databases; and
- receive and provide the CNAM to the user terminal.

RE'847 at Claim 7.  The benefit of the claimed invention, according to the specification, is that the "standalone system" operates "independent of the end-user's carrier implementation (or lack thereof) of CNAM Caller ID" and instead "interfaces the user directly with the calling party's SS7 SCP-connected CNAM database."  *Id.* at 2:40-44, 56-57.[2]

### D.      Isaacs, Greenflight's CEO, Initiates This Action *Pro Se*

Isaacs is the founder and CEO of Greenflight.  Compl. ¶ 3.  Isaacs initiated this action, proceeding *pro se*, on April 1, 2024.  Docket No. 1.  The complaint alleges that Isaacs "matriculated at the Vanderbilt Law JD program for almost two years," (Compl. ¶ 27) and that "his 'entire adult life' has been immersed in litigation."  Compl. ¶ 16.  The complaint devotes substantial pages to Isaacs' years-long dispute with Google concerning Greenflight's OkCaller application.  Compl. ¶ 9, 12-15, 36-41, 47-51, 67-70.  Isaacs served Google with the complaint on June 25, 2024.  Docket No. 13.

### E.      The Complaint Alleges Only One Application That Practices the Invention of RE'847:  Greenflight's Own "OkCaller" Application

Isaacs' company, Greenflight, owns and operates the OkCaller.com ("OkCaller") website and related applications.  Compl. ¶¶ 3, 6.  According to the complaint, the website "permits 'called parties' who received a text or phone call from an unknown 'calling party' to look up the name of the person."  Compl. ¶ 6.  OkCaller thus "enable[s] users to see the name associated with the phone number from which they received a call or text."  Docket No. 1-2, Ex. B

---

[2] The specification also identifies a benefit in the form of "significant cost savings" to the end user because, "at the time of filing, a commercial implementation of the present invention was offered free of charge to the user via smartphone applications or direct web access," appearing to refer to the Greenflight OkCaller application.  *Id.* at 3:3-7; 16-18 ("the calling party may opt-out using a form implemented on the privacy policy page of the present invention."); *see also* Compl. ¶¶ 5, 35, 66.

("OkCaller Terms and Conditions").  According to the complaint, Isaacs "founded Okcaller.com in 2013," after which he received the RE'847 patent "for the groundbreaking reverse phone search technology the website utilized."  The complaint asserts that "OkCaller only permits 'called parties' who received a text or phone call from an unknown 'calling party' to look up the name of the person."  Compl. ¶¶ 1, 6.  Isaacs claims he "gave away his patent for free" by offering OkCaller as a free service.  Compl. ¶¶ 5, 7; OkCaller Terms and Conditions.

**F.      The Complaint Does Not Identify Any Google Device, Application, or Systems—or**
         ***Any* Party Device, Application, or System—Alleged to Infringe the RE'847**

Isaacs' complaint contains 79 paragraphs, only 11 of which reference the asserted RE'847.  The majority of these 79 paragraphs concern Isaacs' or his company's products. Compl. ¶¶ 2-8, 11-14, 21, 33-42, 45-51, 61-62, 65-66, 69.  The rest contain only conclusory allegations of infringement, without identifying what device, application, or system Isaacs accuses, or how it allegedly practices any element of the claims.  Instead, the complaint vaguely claims that Google provides an unnamed "system for reverse phone lookups," that allegedly "includes a third-party CNAM query to return the calling party name requested by the user." Compl. ¶¶ 71-73.  The complaint also claims that Google "allowed multiple competing apps on the Play Store to infringe the patent" (Compl. ¶ 67), "directly sell[s] infringing apps to consumers" (Compl. ¶ 71), "accepts payments for search texts ads of infringing apps and websites" (Compl. ¶ 76), and "publishes infringing apps" (Compl. ¶ 77), but does not identify a single app on the Google Play Store accused of infringement.  The complaint claims that these unnamed "apps" or "system" infringe, but fails to say how or where to find any of the claim elements.  To the contrary, the complaint entirely omits reference to many claim elements.  In one glaring example, the only independent claims 7 and 9 require "forward[ing] the query using

GR-1188 to one or more CNAM databases" and thus all asserted claims include this limitation, but the term "GR-1188" does not appear in the complaint.  RE'847 at Claims 7, 9.

### G.    The Complaint Alleges Infringement of Canceled Claims

Finally, the complaint alleges infringement of "Claims 1-10 of the '847 patent."  Compl. ¶¶ 75, 78.  But claims 1-6 were not allowed on reissue; the U.S.P.T.O. allowed only claims 7, 8, 9, and 10.  RE'847 at 4:56 to 5:33; Exs. E, F; *see also* M.P.E.P. § 1455(II) ("All the claims of the original patent should appear in the reissue patent, with canceled patent claims being enclosed in brackets").

<u>**ARGUMENT**</u>

### I.    The Court Lacks Subject Matter Jurisdiction Where, As Here, The Plaintiff Lacks Standing to Assert the Patent in Suit

If the Court determines that it lacks jurisdiction, it must dismiss the complaint.  Fed. R. Civ. P. 12(h)(3).  A "plaintiff bears the burden of proving by a preponderance of the evidence that the district court has subject matter jurisdiction." *Toxgon Corp. v. BNFL, Inc.*, 312 F.3d 1379, 1383 (Fed. Cir. 2002).  "A motion to dismiss for lack of subject matter jurisdiction comes in two forms:  facial attacks and factual attacks." *DeCurtis LLC v. Carnival Corp.*, No. 20-22945, 2021 WL 7539904, at *2 (S.D. Fla. Feb. 9, 2021).  In reviewing a facial attack, a court "may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *Id.* at *7 (citing *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010)).  "Factual attacks, on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings," and a court will consider 'matters outside the pleadings, such as testimony and affidavits.'" *Griffin v. Internal Revenue Serv.*, No. 22-24023, —F. Supp. 3d. —, —, 2024 WL 1717393, at *2 (S.D. Fla. Apr. 22,

2024) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)).  "Moreover, '[i]n the face of a factual challenge to subject matter jurisdiction, the burden is on the plaintiff to prove that jurisdiction exists.'"  *Software Brokers of Am., Inc. v. Doticom Corp.*, 484 F. Supp. 3d 1205, 1209 (S.D. Fla. 2020) (quoting *OSI, Inc. v. U.S.*, 285 F.3d 947, 951 (11th Cir. 2002)).  Here, the complaint admits Isaacs lacks standing, and the extrinsic record confirms this to be the case (*see supra* §§ B, G); the complaint thus fails on both facial and factual grounds.

Only a patentee may bring an action for patent infringement.  35 U.S.C. § 281; *Textile Prods., Inc. v. Mead Corp.*, 134 F.3d 1481, 1483 (Fed. Cir. 1998) (citing 35 U.S.C. § 281).  The "term patentee includes the original patentee (whether the inventor or original assignee) and 'successors in title.'"  *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1229 (Fed. Cir. 2019).  The identity of the "patentee" is determined by who retains "all substantial rights under the patent."  *Azure Networks, LLC v. CSR PLC*, 771 F.3d 1336, 1342 (Fed. Cir. 2014), *vacated on other grounds*, 575 U.S. 959 (2015).

Isaacs' complaint confirms that he cannot demonstrate that he owns "all substantial rights" to the RE'847 patent at the time of the filing of this action.  Instead, the complaint admits he holds only a "percentage" of rights.  Compl. ¶ 27.  Worse still, the complaint implies that this percentage relates not to an assignment of patent rights, but instead Isaacs' share of ownership in *Greenflight itself*:  "indirectly through corporate entities that [Isaacs] controls."  Compl. ¶ 53. Without an assignment of all substantial rights—"that is, a transfer of title in the patent"—Isaacs lacks constitutional standing to sue Google for patent infringement in his own name.  *Intell. Prop. Dev., Inc. v. TCI Cablevision of Cal., Inc.*, 248 F.3d 1333, 1345 (Fed. Cir. 2001).

Isaacs' complaint does not address the assignment history of the RE'847, nor his declarations to the U.S.P.T.O. that Greenflight is "[t]he assignee of the entire right, title, and interest" in the reissue.[3]  *See supra* § B.  The complaint likewise does not address that Greenflight is listed as the sole applicant on the face of RE'847.  Without an assignment of Greenflight's ownership prior to filing suit, Isaacs lacks standing to bring suit.  *See Gaia Techs., Inc. v. Reconversion Techs., Inc.*, 93 F.3d 774, 777 (Fed. Cir. 1996) (noting that a plaintiff has standing only if it can establish that "it was the assignee of the [patent] at the time the suit was filed"); *see also Baggage Airline Guest Servs., Inc. v. Roadie, Inc.*, No. 17-1253, 2017 WL 10084146, at *2 (M.D. Fla. Sept. 1, 2017) (citing *Abraxis Biosciences, Inc. v. Navinta LLC*, 625 F.3d 1359, 1364 (Fed. Cir. 2010)).  Because Isaacs does not own the RE'847, he lacks constitutional standing to maintain this action, and the Court must accordingly dismiss it.  *See Boldstar Tech., LLC v. Home Depot U.S.A., Inc.*, 560 F. Supp. 2d 1275, 1276-77 (S.D. Fla. 2008) (citing *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1338-1341 (Fed. Cir. 2007)).

## II.     The Complaint Also Fails to State a Claim for Relief Under 12(b)(6)

Should the Court find Constitutional standing and proceed to evaluate the allegations in the complaint, it should dismiss those allegations for failure to state a claim.  To proceed beyond

---

[3] Isaacs' declaration cites to the January 2016 assignment agreement, recorded as Assignment Reel/Frame No. 037489/0124.  Ex. A.  The agreement states that it assigns "the entire right, title and interest" in the original '698 patent, but includes a faint marking of the number "25%" over the word "entire."  Isaacs later attested under 37 CFR 3.73(c) that Greenflight owns "the entire right, title, and interest" in the reissue application.  Ex. C.  In any event, to the extent the "25%" marking has any effect on ownership of the RE'847, Isaacs would still lack standing to bring suit because "a co-owner acting alone will lack standing."  *Cobra Int'l, Inc. v. BCNY Int'l, Inc.*, No. 05-61225, 2015 WL 10793137, at *2 (S.D. Fla. Nov. 9, 2015) (quoting *Israel Bio-Eng'g Project v. Amgen, Inc.*, 475 F.3d 1256, 1265 (Fed. Cir. 2007)).  Should the Court find that Isaacs possesses a percentage interest in the RE'847, as a direct co-owner of the patent and not simply as an owner of Greenflight, Google respectfully requests the Court order joinder of Greenflight under Fed. R. Civ. P. 12(b)(7).

a motion to dismiss, a plaintiff must plead sufficient facts that show something "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "It is factual content that gives a claim facial plausibility." *Bedwell v. Braztech Intl., L.C.*, No. 17-22335, 2017 WL 4810599, at *2 (S.D. Fla. Oct. 25, 2017). While *pro se* complaints are "held to less stringent standards than formal pleadings drafted by attorneys," even "a *pro se* plaintiff must still meet minimal standards to avoid dismissal under Rule 12(b)(6)." *Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1141 (Fed. Cir. 2018) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); *see also Askan v. Faro Techs., Inc.*, No. 23-920, 2023 WL 8868494, at *1 (M.D. Fla. Dec. 22, 2023). To survive a motion to dismiss, "the complaint's allegations must include 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Thermolife Int'l, LLC v. Vitamin Shoppe, Inc.*, No. 16-60693, 2016 WL 6678525, at *2 (S.D. Fla. June 8, 2016) (quoting *Ashcroft*, 556 U.S. at 678).

"[A]n allegation of direct patent infringement is insufficient under *Twombly* and *Iqbal* if it simply recit[es] some of the elements of a representative claim and then describ[es] generally how an accused product operates, without specifically tying the operation to any asserted claim or addressing all of the claim requirements." *Glob. Tech LED, LLC v. Every Watt Matters, LLC*, No. 15-61933, 2016 WL 6682015, at *2 (S.D. Fla. May 19, 2016) (internal quotation marks omitted); *see also Lead Creation, Inc. v. P'ships & Unincorporated Ass'ns Identified on Schedule A,* No. 23-49, 2023 WL 168779, at *2-3 (M.D. Fla. Jan. 12, 2023). Thus, even if the complaint identified an accused product—which it does not—and even if the complaint "describe[d] generally how an accused product operates"—which it does not—it would nevertheless fail without tying that alleged operation to the requirements of the asserted claims.

### A.      Plaintiff's Direct Infringement Claims Should be Dismissed

The complaint fails to identify what products or services are accused of infringing any

claim, and thus cannot survive.  *See supra* § F.  A claim of patent infringement requires at the

very least the identification of what instrumentality is accused.  *See mCom IP, LLC v. City Nat'l*

*Bank of Fla.*, No. 23-23427, 2024 WL 2892007, at *5 (S.D. Fla. June 10, 2024).  Courts in this

District have dismissed complaints where, as here, "Plaintiff does not allege any facts concerning

the accused devices" and failed to describe "even in general terms, how the accused devices

function."  *Hawk Tech. Sys. v. Brickell Fin. Ctr.*, No. 13-24005, 2014 WL 11946879, at *1 (S.D.

Fla. Feb. 27, 2014).  "Rule 11 requires that Plaintiff have at least some knowledge about how the

accused device infringes on the patent such that recovery under a cause of patent infringement is

justified."  *Id.*; *see also, e.g.*, *Askan v. Faro Techs., Inc.*, No. 23-920, 2023 WL 8868494, at *2

(M.D. Fla. Dec. 22, 2023).  The complaint provides Google with no notice of what products or

features Isaacs intends to put at issue (*see supra* § F); rendering any investigation of the

allegations impossible.[4]

The complaint further fails to identify the asserted claim elements, omits substantial

claim language entirely, and does not tie the claim language to the operation of any accused

functionality.  *See supra* § F.  Courts in this District have dismissed complaints where a plaintiff

failed to map each of the claim elements against the accused instrumentality, even where the

plaintiffs charted other claims.  *Thermolife Int'l, LLC v. Vitamin Shoppe, Inc.*, No. 16-60693,

---

[4] Assuming this matter survives dismissal, Google may seek transfer of this action from this District to a more convenient venue under 35 U.S.C. § 1404.  Without knowing which products are accused, Google cannot determine what evidence will likely be relevant, and whether some or all of that evidence is located in this or another District, and is thus unable to bring a transfer motion at this time.

2016 WL 6678525, at *2 (S.D. Fla. June 8, 2016) (finding the complaint did "not give

Defendants fair notice—or any notice at all—as to patent infringement claims based on claims 2

or 3 of the Patent, and this is woefully insufficient to raise a right to relief above the speculative

level."). The complaint in this action makes no attempt to connect the patent claims to any

theory of infringement, plausible or otherwise, and should accordingly be dismissed.

### B. The Court Should Dismiss Plaintiff's Claims Regarding Canceled Claims 1-6 With Prejudice

Plaintiff cannot assert patent claims that have been canceled, *see supra* § G, and thus the

complaint's allegations concerning infringement of claims 1-6 should be dismissed with

prejudice. *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) ("when

a claim is canceled, the patentee loses any cause of action based on that claim").

### C. The Court Should Dismiss Plaintiff's Indirect Infringement Claims

Plaintiff's claims for contributory infringement are defective and cannot survive Rule

12(b)(6). First, the complaint fails to sufficiently allege direct infringement, *see supra* § II.A,

which is fatal to any claim for indirect infringement. *Intell. Ventures I LLC v. Motorola Mobility

LLC*, 870 F.3d 1320, 1322 (Fed. Cir. 2017) ("[A] finding of direct infringement is predicate to

any finding of indirect infringement"); *Enplas Display Device Corp. v. Seoul Semiconductor Co.,

Ltd.*, 909 F.3d 398, 407 (Fed. Cir. 2018); *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1354-55

(Fed. Cir. 2018). The Court can and should dismiss Isaacs' indirect infringement claims for this

reason alone.

Even had the plaintiff adequately pled direct infringement, the complaint lacks sufficient

facts to support a claim for induced or contributory infringement. In particular, for these claims,

the complaint provides that Google "contributorily infringed and induced others to infringe at

Claims 1-10 of the patent" by

> making, having made, importing, using, offering for sale, and/or selling apps on the
> Google Play Store that are performing, implementing, and carrying out processes and
> methods specified in the patent

Or

> by providing to users a system for reverse phone lookups, described above, that has no
> non-infringing uses.

Compl. ¶¶ 73, 75. These bare legal conclusions cannot support claims for indirect infringement.

*Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1469 (Fed. Cir. 1990); *see also*

*DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (allegations of specific intent

require factual "evidence of culpable conduct, directed to encouraging another's infringement,

not merely that the inducer had knowledge of the direct infringer's activities.").

> The complaint also provides that Google indirectly infringes by

> accept[ing] payments for search texts [sic] ads of infringing apps and websites and then
> preferenc[ing] those infringing products above Plaintiff's own apps and websites.

And

> induces infringement through a variety of anticompetitive behaviors, including
> pay-for-play ranking and encouraging Adwords/Ads expenditure in exchange for organic
> search referrals.

Compl. ¶¶ 72, 76. Setting aside the complaint's failure to name allegedly "infringing apps and

websites," these facts, even if plausible, do not support claims of indirect infringement. *See CR*

*Bard, Inc. v. Advanced Cardiovascular Sys.*, 911 F. 2d 670, 675 (Fed. Cir. 1990) (contributory

infringement requires "actively and knowingly aiding and abetting another's direct

infringement."); *nCube Corp. v. Seachange Int'l, Inc.*, 436 F.3d 1317, 1324 (Fed. Cir. 2006)

("[P]roof of actual intent to cause the acts which constitute the infringement is a necessary prerequisite to finding active inducement."); *Addiction & Detoxification Inst. LLC v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015) ("[S]imply recit[ing] the legal conclusion that Defendants acted with specific intent" is insufficient to plead "facts that would allow a court to reasonably infer that Defendants had the specific intent to induce infringement.").

### D.   Plaintiff Does Not Allege Facts to Support Claims of Willful Infringement

The complaint alleges that Google willfully infringes because it is "aware of the reissue patent issuance, and the underlying infringement claims, but still publishes infringing apps." Compl. ¶ 77.  The complaint does not identify the "infringing apps" in question, or explain how any apps infringe any valid claim, stating only that Isaacs "informed Google LLC that such infringement takes place."  Compl. ¶ 68.

To plead willful infringement, the complaint must "assert that the defendant had knowledge of the patent and of his infringement."  *Trebor Indus., Inc. v. Regatta AS*, No. 10-60371, 2010 WL 11505130, at *1 (S.D. Fla. June 15, 2010) (citing *Sentry Prot. Prod. v. Eagle Mfg.*, 400 F.3d 910, 918 (Fed. Cir. 2005)).  First, the complaint lacks any facts to support direct infringement (*see supra* §§ F, II.A), and the Court can and should dismiss the willfulness claims on this ground alone.  *See Glob. Tech Led, LLC v. Every Watt Matters, LLC*, No. 15-61933, 2016 WL 6682015, at *4 (S.D. Fla. May 19, 2016) (citing *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323 (Fed. Cir. 2012)).

The complaint alleges pre-suit knowledge of the RE'847 because "Defendant has been made aware of the reissue patent issuance, and the underlying infringement claims, but still publishes infringing apps."  Compl. ¶ 77.  Nowhere does the complaint identify the "infringing

– 14 –

apps" or "underlying infringement claims" of which Google was allegedly made aware. *See supra* § F. These barebones allegations "do not provide the Court with an adequate basis to draw an inference of plausible culpability." *Universal City Studios v. Nissim Corp.*, No. 14-81344, 2015 WL 1124704, at *5 (S.D. Fla. Mar. 12, 2015); *see also Deere & Co. v. AGCO Corp.*, No. 18-827, 2019 WL 668492, at *6-7 (D. Del. Feb. 19, 2019) (dismissing willfulness allegations where "the amended complaints do not allege that the letter identified the [accused products]; nor do the amended complaints allege that the letter stated that (let alone explained how) the combination of [the accused products] infringe the four patents asserted").

## **CONCLUSION**

For the foregoing reasons, Google respectfully requests that this Court dismiss this action under Federal Rule of Civil Procedure 12(b)(1). Should the Court find it has subject matter jurisdiction, Google respectfully requests an Order dismissing Plaintiff's complaint for failing to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), with prejudice at least as to claims 1-6 of the RE'847.

Date: July 30, 2024                    Respectfully submitted,

                                       /s/ Edward M. Mullins
                                       _____
                                       Edward M. Mullins (Florida Bar No. 863920)
                                       Ana M. Barton (Florida Bar No. 85721)
                                       REED SMITH LLP
                                       200 South Biscayne Boulevard, Suite 2600
                                       Miami, Florida, 33131
                                       +1 (786) 747-0200
                                       +1 (786) 747-0299 facsimile
                                       emullins@reedsmith.com
                                       abarton@reedsmith.com

                                       Matthew S. Warren*
                                       (*pro hac vice motion to be filed*)
                                       Erika H. Warren*
                                       (*pro hac vice motion to be filed*)

– 15 –

Madeline A. Woodall*
(*pro hac vice motion to be filed*)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
24-90395@cases.warrenlex.com

*Attorneys for Defendant Google LLC*