# EXHIBIT F



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

| 86012 | 7590 | 10/21/2021 |
|---|---|---|

VLP Law Group LLP
555 Bryant Street
Suite 820
Palo Alto, CA 94301

| EXAMINER |
|---|
| ESCALANTE, OVIDIO |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

DATE MAILED: 10/21/2021

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/289,905 | 10/10/2016 | Jeffrey D. Isaacs | ISA-001-RE US | 2429 |

TITLE OF INVENTION: Post-Page Caller Name Identification System

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | SMALL | $600 | $0.00 | $0.00 | $600 | 01/21/2022 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED.  THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.**

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED.  THIS STATUTORY PERIOD CANNOT BE EXTENDED.  SEE 35 U.S.C. 151.  THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION.  IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.**

**HOW TO REPLY TO THIS NOTICE:**

I. Review the ENTITY STATUS shown above. If the ENTITY STATUS is shown as SMALL or MICRO, verify whether entitlement to that entity status still applies.

If the ENTITY STATUS is the same as shown above, pay the TOTAL FEE(S) DUE shown above.

If the ENTITY STATUS is changed from that shown above, on PART B - FEE(S) TRANSMITTAL, complete section number 5 titled "Change in Entity Status (from status indicated above)".

For purposes of this notice, small entity fees are 1/2 the amount of undiscounted fees, and micro entity fees are 1/2 the amount of small entity fees.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Maintenance fees are due in utility patents issuing on applications filed on or after Dec. 12, 1980. It is patentee's responsibility to ensure timely payment of maintenance fees when due. More information is available at www.uspto.gov/PatentMaintenanceFees.**

Page 1 of 3

PTOL-85 (Rev. 02/11)

# PART B - FEE(S) TRANSMITTAL

Complete and send this form, together with applicable fee(s), by mail or fax, or via EFS-Web.

| By mail, send to: | Mail Stop ISSUE FEE<br>Commissioner for Patents<br>P.O. Box 1450<br>Alexandria, Virginia 22313-1450 | By fax, send to: | (571)-273-2885 |

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

86012         7590        10/21/2021
VLP Law Group LLP
555 Bryant Street
Suite 820
Palo Alto, CA 94301

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being transmitted to the USPTO via EFS-Web or by facsimile to (571) 273-2885, on the date below.

_____ (Typed or printed name)
_____ (Signature)
_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/289,905 | 10/10/2016 | Jeffrey D. Isaacs | ISA-001-RE US | 2429 |

TITLE OF INVENTION: Post-Page Caller Name Identification System

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | SMALL | $600 | $0.00 | $0.00 | $600 | 01/21/2022 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| ESCALANTE, OVIDIO | 3992 | 379-142100 |

| 1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363). <br><br>☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached. <br><br>☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-09 or more recent) attached. **Use of a Customer Number is required.** | 2. For printing on the patent front page, list<br>(1) The names of up to 3 registered patent attorneys or agents OR, alternatively,<br>(2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed. | 1 _____<br><br>2 _____<br><br>3 _____ |

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document must have been previously recorded, or filed for recordation, as set forth in 37 CFR 3.11 and 37 CFR 3.81(a). Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                                   (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) : ☐ Individual  ☐ Corporation or other private group entity  ☐ Government

4a. Fees submitted:    ☐ Issue Fee    ☐ Publication Fee (if required)    ☐ Advance Order - # of Copies _____

4b. Method of Payment: *(Please first reapply any previously paid fee shown above)*

☐ Electronic Payment via EFS-Web    ☐ Enclosed check    ☐ Non-electronic payment by credit card (Attach form PTO-2038)

☐ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment to Deposit Account No. _____

5. **Change in Entity Status**  (from status indicated above)

☐ Applicant certifying micro entity status. See 37 CFR 1.29

☐ Applicant asserting small entity status. See 37 CFR 1.27

☐ Applicant changing to regular undiscounted fee status.

NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.
NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.
NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

Authorized Signature _____    Date _____

Typed or printed name _____    Registration No. _____



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/289,905 | 10/10/2016 | Jeffrey D. Isaacs | ISA-001-RE US | 2429 |

| 86012         7590         10/21/2021 | EXAMINER |
|---|---|
| VLP Law Group LLP<br>555 Bryant Street<br>Suite 820<br>Palo Alto, CA 94301 | ESCALANTE, OVIDIO |

| | ART UNIT | PAPER NUMBER |
|---|---|---|
| | 3992 | |

DATE MAILED: 10/21/2021

## Determination of Patent Term Extension or Adjustment under 35 U.S.C. 154 (b)

A reissue patent is for "the unexpired part of the term of the original patent." See 35 U.S.C. 251. Accordingly, the above-identified reissue application is not eligible for Patent Term Extension or Adjustment under 35 U.S.C. 154(b).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

## OMB Clearance and PRA Burden Statement for PTOL-85 Part B

The Paperwork Reduction Act (PRA) of 1995 requires Federal agencies to obtain Office of Management and Budget approval before requesting most types of information from the public. When OMB approves an agency request to collect information from the public, OMB (i) provides a valid OMB Control Number and expiration date for the agency to display on the instrument that will be used to collect the information and (ii) requires the agency to inform the public about the OMB Control Number's legal significance in accordance with 5 CFR 1320.5(b).

The information collected by PTOL-85 Part B is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 30 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450. Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## Privacy Act Statement

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:
1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

| *Notice of Allowability* | Application No. 15/289,905 | Applicant(s) Isaacs, Jeffrey D. | |
|---|---|---|---|
| | Examiner OVIDIO ESCALANTE | Art Unit 3992 | AIA (FITF) Status Yes |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☑ This communication is responsive to 10/8/2021.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2. ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

3. ☑ The allowed claim(s) is/are 31-32 and 34-35 . As a result of the allowed claim(s), you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information , please see **http://www.uspto.gov/patents/init_events/pph/index.jsp** or send an inquiry to **PPHfeedback@uspto.gov.**

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   **Certified copies:**
   a) ☐All   b) ☐ Some*   c) ☐ None of the:
      1. ☐ Certified copies of the priority documents have been received.
      2. ☐ Certified copies of the priority documents have been received in Application No. _____ .
      3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).
   * Certified copies not received: _____ .

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application.
**THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ CORRECTED DRAWINGS (as "replacement sheets") must be submitted.
   ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____ .
   **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**
1. ☐ Notice of References Cited (PTO-892)
2. ☐ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date _____ .
3. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material _____ .
4. ☐ Interview Summary (PTO-413), Paper No./Mail Date. _____ .

5. ☑ Examiner's Amendment/Comment
6. ☑ Examiner's Statement of Reasons for Allowance
7. ☐ Other _____ .

/OVIDIO ESCALANTE/
Primary Examiner, Art Unit 3992

Application/Control Number: 15/289,905 Page 2
Art Unit: 3992

## DETAILED ACTION

1. This office action addresses U.S. reissue application No. 15/289,905 (**"905 Reissue Application" or "instant application"**) and is responsive to the Applicant's After Final Response filed on October 8, 2021.

### *Other Proceedings*

2. For U.S. Patent **8,681,698** a decision was rendered by the U.S. District Court and an Appeal to the federal circuit was filed as, #12-2672.

*Whitepages, Inc. v. Isaacs*
United States District Court for the Northern District of California
July 25, 2016, Decided; July 25, 2016, Filed
Case No. 16-cv-00175-RS

On October 11, 2017, the CAFC affirmed the District Court decision and which found the **original** claims of the '698 patent to be invalid under 35 U.S.C. §101.

No other ongoing or previous proceeding before the Office (*ex parte* or *inter partes* reexaminations, supplemental examinations, or trials before the USPTO's Patent Trial and Appeal Board) were located based upon Applicants' statements as set forth in the instant application and a review of the '698 Patent and prosecution history. No Certificates of Correction have been filed.

### *Amendments*

3. In response to the Advisory Action of October 8, 2021, the Applicant canceled claims 7-8, 10-20, 22-30, 33, and 36-42.

### *Status of Claims*

4. Claims 7-8, 10-20, 22-30, 33, 36-42 are canceled.
   Claims 31, 32, 34 and 35 are allowed.

*Response to Arguments*

5.      In response to the Advisory Action of October 8, 2021, the Applicant canceled claims 7-8, 10-20, 22-30, 33, and 36-42.  In view of the cancellation of these claims, the Examiner notes that claims 31, 32, 34 and 35 remain pending.

The Examiner notes that in the Applicant's amendment, the cancellation of the claims did not remove the subject matter of those claims. See 37 CFR 1.173(b)(2) which states that a claim should be canceled by a statement cancelling the claim "without presentation of the text of the claim".  Although the Applicant's statement is considered sufficient, for clarity or the record as the status of the claims, the Examiner will also formally cancel those claim via examiner's amendment as set forth immediately below.

## EXAMINER'S AMENDMENT

An examiner's amendment to the record appears below. Should the changes and/or additions be unacceptable to applicant, an amendment may be filed as provided by 37 CFR 1.312. To ensure consideration of such an amendment, it MUST be submitted no later than the payment of the issue fee.

--Cancel Claims 7-8, 10-20, 22-30, 33, and 36-42--

## CLAIM INTERPRETATION

6.      During examination, claims are given the broadest reasonable interpretation consistent with the specification and limitations in the specification are not read into the claims. See MPEP § 2111 et seq.

**Lexicographic Definitions**

A first exception, albeit optional, to the broadest reasonable interpretation standard occurs when there is lexicographic definition in the specification.  After a review of the original specification, the

prosecution history, and unless expressly noted otherwise below, the Examiner is unable to locate any lexicographic definitions (either express or implied) with reasonable clarity, deliberateness, and precision, therefore it is concluded that Applicant is not their own lexicographer. See MPEP § 2111.01 IV A.

*Allowable Subject Matter*

7. Claim 31, 32, 34 and 35 are allowed.

8. The following is an examiner's statement of reasons for allowance:

With respect to claims 31 and 34, the Examiner notes that in claim 31, the claim recites, *inter alia*, a SS7 interfacing node comprising a TCP/IP network interface and a SS7 communication network interface. The claim further recites wherein the node receives a carrier identity from the LIDBs over the SS7 communication network interface and based on the carrier identity, forwards the query using GR-1188 to one or more CNAM databases over the SS7 communication network. As shown in Fig. 1 of Denenberg, the Directory Assistance Call Center includes a SS7 communication network interface and it directly connects to the PSTN as depicted.

In reviewing col. 4, lines 51-col. Lines 10, Denenberg discloses a service switching point (SSP) functions to tandem a call from the directory assistance call center an open/close a voice and/or data circuit to establish a link to the line information database (LIDB) or calling name (CNAM) database provider 112. Denenberg further discloses the LIDB/CNAM database provider 112 can include a service transfer point (STP), a service control point (SCP) and LIDB/CNAM database. In col. 5, lines 1-10, Denenberg discloses the service transfer point can accept a query from the SSP 110 and can perform a global title translation (GTT) to determine which database is to be queried for number information.

Thus, the Examiner notes that in Denenberg, it is the STP that accepts a query and performs the GTT function.

The Examiner previously relied upon Silver for its disclosure of using GR-1188. As set forth in paragraph [0328] of Silver, the terminating switch issues the GR-1188 which is then redirected to the

gateway server (GS). Thus, although GR-1188 queries were known in the prior art, the entity issuing the query is a different entity than the service center of Denenberg. The Examiner agrees with the Applicant that in this claim, the directory service of Denenberg cannot be used to perform the functions of the claim since it relies upon different SS7 network components (e.g. the SSP, STP) and not the service center itself. Likewise, claim 34 similarly recites wherein the SS7 interfacing node receives a carrier identity from the LIDBs over the SS7 communication network interface and based on the carrier identity, forwards the query using GR-1188 to one or more CNAM databases over the SS7 communication network interface.

Any comments considered necessary by applicant must be submitted no later than the payment of the issue fee and, to avoid processing delays, should preferably accompany the issue fee. Such submissions should be clearly labeled "Comments on Statement of Reasons for Allowance."

## Conclusion

**Reissue Reminders**

Applicant is reminded of the continuing obligation under 37 CFR 1.178(b), to timely apprise the Office of any prior or concurrent proceeding in which the instant patent is or was involved. These proceedings would include interferences, reissues, reexaminations, and litigation.

Applicant is further reminded of the continuing obligation under 37 CFR 1.56, to timely appraise the Office of any information which is material to patentability of the claims under consideration in this reissue application.

These obligations rest with each individual associated with the filing and prosecution of this application for reissue. See also MPEP §§ 1404, 1442.01 and 1442.04.

Applicant is notified that any subsequent amendment to the specification and/or claims must comply with 37 CFR 1.173(b).

In the event the determination of applicant the status of the application as subject to AIA 35 U.S.C. 102 and 103 (or as subject to pre-AIA 35 U.S.C. 102 and 103) is incorrect, any correction of the statutory basis for the rejection will not be considered a new ground of rejection if the prior art relied upon, and the rationale supporting the rejection, would be the same under either status.

For reissue applications filed before September 16, 2012, all references to 35 U.S.C. 251 and 37 CFR 1.172, 1.175, and 3.73 are to the law and rules in effect on September 15, 2012. Where specifically designated, these are "pre-AIA" provisions.

Application/Control Number: 15/289,905 Page 6
Art Unit: 3992

*For reissue applications filed on or after September 16, 2012, all references to 35 U.S.C. 251 and 37 CFR 1.172, 1.175, and 3.73* are to the current provisions.

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Ovidio Escalante whose telephone number is (571)272-7537. The examiner can normally be reached on Monday to Friday - 6:00 AM to 2:30 PM.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Michael Fuelling can be reached on (571) 270-3778. The fax phone number for the organization where this application or proceeding is assigned is 571-273-9000. Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/Ovidio Escalante/
Ovidio Escalante
Reexamination Specialist
Central Reexamination Unit - Art Unit 3992
(571) 272-7537


Conferee:
/MINH DIEU NGUYEN/
Primary Examiner, Art Unit 3992

/M.F/
Supervisory Patent Examiner, Art Unit 3992