**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-CV-80395-ROSENBERG**

JEFFREY ISAACS &
GREENFLIGHT
VENTURE CORPORATION,

      Plaintiffs,

v.

GOOGLE, LLC,

      Defendant.

_____/

## ORDER GRANTING THE DEFENDANT'S MOTION TO DISMISS

This cause is before the Court on the Defendant's Motion to Dismiss [DE 16].   The

Court, being fully advised in the premises, hereby finds as follows:

1.     This is a patent infringement suit that Plaintiff Jeffrey Isaacs initiated *pro se*. DE 1.

2.     Only a patentee with all substantial rights of a patent can bring an action for patent infringement. *See* 35 U.S.C. § 281.

3.     At the time the patent in this case was reissued, the patentee was not Mr. Isaacs, it was Greenflight Venture Corporation. DE 1-2, 1-3.

4.     Mr. Isaacs did not allege in his Complaint that Greenflight assigned all substantial rights under the patent to him, and patent records indicate no assignment has ever occurred. DE 1-4.  Instead, Mr. Isaacs alleged that he was merely a partial owner of Greenflight Venture. DE 1 at 11.

5.     Accordingly, due to a lack of standing, Mr. Isaacs's patent infringement claim must be dismissed. *See Boldstar Tech., LLC v. Home Depot U.S.A., Inc.*, 560 F. Supp. 2d 1275, 1276-77 (S.D. Fla. 2008).

6.     In response to the foregoing Mr. Isaacs filed an amended complaint, however, the Amended Complaint does not moot out the legal arguments raised in the Motion

to Dismiss because the Amended Complaint contains the same problems as the original—Mr. Isaacs cannot sue for patent infringement, and his allegations on this point are essentially unchanged. *See Gandy v. VT Mae*, No. 18-00381, 2019 WL 4047614, at *1 n.1 (S.D. Ala. Aug. 7, 2019).  As a result, Mr. Isaacs' claim for patent infringement in the Amended Complaint is dismissed.

7.  Mr. Isaacs, still acting *pro se*, purports to bring class action claims in the Amended Complaint in addition to his patent infringement claim, but a *pro se* plaintiff cannot bring class action claims under the Federal Rules of Civil Procedure. *E.g., Young v. Scott*, No. 16-CV-581, 2016 WL 4441581, at *3 (M.D. Fla. Aug. 23, 2016).

8.  Mr. Isaacs' class action claims are therefore dismissed as unauthorized under the Federal Rules of Civil Procedure.  The Court's ruling does not affect the class actions claims brought by the new Plaintiff in this action, Greenflight Venture Corporation, which is represented by counsel.

9.  Mr. Isaacs has brought one claim in his *pro se* capacity that is not a class action claim and is not a claim for patent infringement—a Sherman Act antitrust claim. Given that (i) the same claim is brought by Greenflight Venture, (ii) Mr. Isaacs alleges he owns and controls Greenflight Venture, and (iii) Mr. Isaacs has retained an attorney to represent Greenflight Venture's Sherman Act claim in this matter, the Court exercises its case management discretion[1] to **SEVER** and **STAY** Mr. Isaacs' *pro se* Sherman Act claim.

10.  Mr. Isaacs may move for his *pro se* Sherman Act claim to be reinstated after a final resolution of Greenflight Venture's case against the Defendant.

11.  Going forward, then, the only active claims in this case are the claims brought by Greenflight Venture, represented by attorney Ayelet Faerman, and future Rule 11 signature/certifications shall be stylized accordingly.

12.  The Defendant shall file its responsive pleading or motion to the Amended Complaint within the deadlines provided for the in Federal and Local Rules.

Accordingly, it is **ORDERED AND ADJUDGED** that the Defendant's Motion to Dismiss [16] is **GRANTED**, and Mr. Isaacs' *pro se* claims in the Amended Complaint are

---

[1] A district court has broad discretion under Rule 21 to sever any claim against any party. *E.g., Anderson v. Moorer*, 372 F.2d 747, 750 n.4 (5th Cir. 1967).  Here, the Court does so to foster judicial economy and to manage its docket, and it enters its decision with consideration towards the fact that Mr. Isaacs shall continue to participate in this action as the owner of Greenflight Corporation which has in turn retained an attorney to prosecute this case.

**DISMISSED** and **STAYED** as more fully set forth in this Order.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 14th day of August, 2024.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE