**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**Case No. 9:24-cv-80395-RLR-BER**

GREENFLIGHT VENTURE CORPORATION

    Plaintiff,

v.

GOOGLE LLC,

    Defendant.

_____

**<u>JOINT SCHEDULING REPORT</u>**

    Pursuant to the Court's Order dated April 11, 2024 (Docket No. 6), Fed. R. Civ. P. 16 and 26, and Local Rule 16.1(b), Plaintiff Greenflight Venture Corporation ("Greenflight") and Defendant Google LLC ("Google") respectfully submit this Joint Scheduling Report.  In accordance with Local Rule 16.1(b)(1), Greenflight and Google conferred by email and telephone starting on August 14, 2024, and ending on August 20, 2024, and report as follows:

    The parties have set forth where they are in agreement; where a difference remains, it is stated herein.

**I.    DIFFERENTIATED CASE MANAGEMENT**

    Greenflight and Google agree that this case should proceed on a Complex Case Management Track.  Trial of this matter will occupy 10-12 trial days.  For the Court's convenience, the Proposed Scheduling Order is attached as Exhibit 1.  While Greenflight and

Google agreed on many dates, they did not agree on all of them.  Exhibit 1 shows where Greenflight and Google agree, and where they disagree.

**Greenflight's Statement**:  **The patent deadlines must reflect the involvement of third parties that have been induced or actively involved by Google to implement the reissue methods and systems. This will likely require at least two rounds of discovery from Google, and third-party subpoenas and expert witnesses to analyze a fairly complex telecommunications protocol. Contentions in October would severely prejudice Plaintiff in the adjudication of this complex and evolving technology,.**

**Google's Statement**:  The parties disagree in two areas.  First, Greenflight wishes to extend the time to modify pleadings or add parties into January 2025.  Google seeks an earlier deadline.  There is already an enormous amount of work necessary to get this case, which purports to be both a patent infringement action and a nationwide antitrust class action, ready for trial by the agreed trial date.  If the pleadings remain in flux into January 2025, which is only a year before the trial, it is unlikely that this schedule will hold.  The Court should order Google's proposed date of November 7, 2024.

Second, the parties disagree over deadlines for pretrial work necessary to patent litigation, including infringement and invalidity contentions and claim construction.  Greenflight wishes to postpone providing its infringement contentions until February 2025, despite having pleaded a claim of infringement in its First Amended Complaint.  This is quite deep into the discovery period.  As with its proposal for time to modify the pleadings, Greenflight's proposed patent-specific dates do not provide enough time for resolution of claim construction before the close of fact discovery, and thus increase the chance that the Court will confront a later motion to extend the schedule.  Google's proposal assists the parties and the Court in resolving the pretrial

patent issues. Google's position is that the documents attached as exhibits are inappropriate to this filing and do not agree to their inclusion.

## II.      CONFERENCE REPORT

### A.      The likelihood of settlement

Greenflight and Google will explore the possibility of settlement as appropriate throughout the pendency of this action, and will keep the Court apprised of the status of any possible settlement.

**Greenflight's Statement**:  Google has thus far been unwilling to mediate despite numerous written requests from counsel Mathews on behalf of Greenflight and its owners, spanning eighteen months.  Greenflight, through Mathews, sought to settle regarding the underlying controversy matter and avoid litigation through mediation.  Google falsely asserts that Mathews' correspondence did not pertain to this matter, when the written record clearly demonstrates otherwise.  Mathews wrote Google about Okcaller's mediation request at least 8 months prior to the KW dispute even existing, the lawsuit being filed, and/or subpoenas being issued.

Mathews' correspondence to Google, and Google's responses, were on November 3, 2023, (Exhibits A-C) evidencing that Google is being untruthful regarding the purported relation to KW, which did not exist as a federal court controversy at that time.  The correspondence clearly pertained to settling the OKCaller dispute on behalf of Greenflight and its owners.  It contained unusual language that Google was subject to "undue influence" by Apple.  This, and other language, may have resulted in Wilson Sonsini's removal as attorneys from this matter, as they became witnesses to key facts. Nonsensically, Google seems to argue that pre-litigation attempts at settlement are not relevant, because the litigation did not exist at the time.  This is contrary to FRCP 26 & 37(e) evidence preservation law, which Google has also never confirmed

it preserved evidence beginning 18 months ago, as requested. **Plaintiff requests confirmation discovery was preserved when requested in Exhibit B, and Google product a diagram itemizing each item preserved (this is responsive as well to below preservation section).**

**Google's Statement**:  While Google is open to mediation when appropriate, this case is not in a posture where mediation now makes sense.  Greenflight's allegations are not well-founded and Google will move to dismiss Greenflight's Amended Complaint on September 10, 2024.  As set out below, Google has agreed to designate a mediator and schedule a time, date, and place for mediation on or before September 24, 2024.

Greenflight's statement about Google's purported "unwilling[ness]" to mediate in the past is both irrelevant and incorrect.  It appears to refer to previous discussions with former *pro se* plaintiff Dr. Isaacs in the context of purported third-party subpoenas to Google served in other litigation involving Dr. Isaacs' personal home, and potentially to other allegations that Dr. Isaacs has made against Google.  *See generally Isaacs v. Keller Williams Realty Inc.*, No. 9:23-cv-81393, Docket No. 85 (S.D. Fla. Feb. 9, 2024).  Whatever those allegations were, they are not relevant to mediation or settlement of this matter, as they occurred before Greenflight appeared here by filing the First Amended Complaint.  The Court has dismissed or severed and stayed Dr. Isaacs' pro se claims. *See* D.E 26, Order Granting Motion to Dismiss for Failure to State a Claim (Aug. 14, 2024). Google's position is that the documents attached as exhibits are inappropriate to this filing and do not agree to their inclusion. Google's position is that the documents attached as exhibits are inappropriate to this filing and do not agree to their inclusion.

**B.     The likelihood of appearance in the action of additional parties**

Greenflight and Google agree that the appearance of new parties is unlikely.

### C.      Proposed limits on time

Greenflight and Google submit the Proposed Scheduling Order attached as Exhibit 1, which includes the parties' agreed dates and sets forth their areas of disagreement.  Proposed hearing dates may require reconciliation by the Court to its own schedule.

### D.      Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment

Greenflight and Google will continue to work on simplification as necessary.  Absent further agreement between Greenflight and Google, the Federal Rules, Local Rules, and this Court's standing orders will govern.

**Greenflight's Statement**:  Greenflight has not been told the basis of any planned Motion to Dismiss. In light of the plain issues at dispute, and the DOJ's guilty verdict on verbatim, identical conduct allegations, Greenflight asserts an MTD appears to be frivolous and a dilatory tactic._

**Google's Statement**:  Google intends to file a motion to dismiss on September 10, 2024. Google contends that adoption of its schedule, including deadlines specific for patent issues, will simplify issues before trial.

### E.      The necessity and desirability of amendments to the pleadings

**Greenflight's Statement**:  Greenflight anticipates additional amendment may be necessary once discovery uncovers certain necessary facts not presently known, such as Google's internal communications and decision-making process for halting OkCaller's decade long success story. Additionally, source code and SS7 contracts and receipts are likely to augment certain infringement elements.

**Google's Statement**:  Google will respond appropriately to any amended pleadings, including without limitation any appropriate amendment to its own pleadings.

**F.     The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence**

Greenflight and Google will endeavor, in good faith, to obtain admissions of fact, make appropriate stipulations, exchange documents, and do such other things as will avoid unnecessary proof.  Greenflight and Google will endeavor to stipulate regarding authenticity of relevant documents and reserve arguments to interpretation of such documents.  At this time, Greenflight and Google do not see any need for advance rulings on admissibility of evidence.

**G.     Suggestions for the avoidance of unnecessary proof and cumulative evidence**

At this time, Greenflight and Google do not have specific suggestions for the avoidance of unnecessary proof and cumulative evidence, but they will endeavor to eliminate such issues through stipulated facts, stipulated authentication of certain documents, and joint exhibits at trial, where appropriate.

**H.     Suggestions on the advisability of referring matters to a Magistrate Judge or master**

**<u>Greenflight's Statement</u>:**  Plaintiff asserts it is advisable to refer discovery-related matters to the Magistrate Judge, which was contrary to Google's position, apparently until this evening.  Absent clarification by Google, Greenflight consents to jurisdiction of the Magistrate.

**<u>Google's Statement</u>**:  Google notes that the Court already has entered an order of referral to the magistrate, D.E. 6, and does not seek additional referrals from the Court at this time.  Google does not consent to the jurisdiction of the Magistrate at this time.

**I.     Preliminary estimate of the time required for trial**

Greenflight and Google agree that this case will require 10-12 days of trial time.

> **J.**      **Requested date or dates for conferences before trial, a final pretrial conference, and trial**

Please see the Proposed Scheduling Order attached as Exhibit 1.

> **K.**      **Any Issues About:**

>> **1.**      **Disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced**

Google and Greenflight will work toward agreement on a protocol to govern the general exchange of such material and may adapt the form and timing of such production based on specific production issues.  Google and Greenflight also may submit a proposed order addressing such issues for the Court's consideration.

**Greenflight's Statement**: Greenflight seeks Google's prompt and early disclosure of any impact in light of Department of Justice proceedings concerning auto-delete, in which substantial amounts of important ESI was proven to be spoliated by Google's unlawful policies. **Absent agreement on protocols above, discovery should use reasonable forms of transmission and storage form.**

**Google's Statement**:  Google disputes that characterization and any contention that any "auto-delete" issue, which Google assumes refers to the preservation of Google Chats, impacts any issue in this case.  Google maintains that discovery should follow the ordinary course in this purported hybrid patent and antitrust matter.

>> **2.**      **Claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert those claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502**

At this time, Google and Greenflight do not foresee issues with claims of privilege or protection of trial-preparation materials.  Google and Greenflight agree that the inadvertent disclosure of information protected by the attorney-client privilege, the work-product privilege,

or any other privilege shall not constitute a waiver of an otherwise valid claim of privilege.  A party that receives privileged information shall return it to the producing party immediately upon demand by the producing party or upon discovery of the privileged information by the receiving party, and the receiving party shall not retain a copy of the privileged information.

Google and Greenflight will comply with the Court's rules governing redaction of account and social security numbers.

> **3.     When the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), or matters enumerated on the ESI Checklist**

Google and Greenflight have not agreed to use the Court's ESI Checklist, but expect that any agreed protocol to govern the disclosure and production of electronically stored information will incorporate appropriate provisions in the Court's ESI Checklist.

> **L.     Other information that might be helpful**

**<u>Greenflight's Statement</u>**:  *U.S. v. Google* is presently in the penalty stage following a felony verdict against Google.  The GSE market anticompetitive conduct in that case is verbatim alleged in this case, and also affects "downstream" reverse search and VSP markets alleged in this case.

A USDJ has commented that a "decade" of "bad conduct" will require meaningful redress, which presumably includes developers/VSP stakeholders, and which overlap with the class redress sought in this case. Coordination of remedies in this case, amicus filings, witness statements, and discovery may be in the interest of judicial economy.

**<u>Google's Statement</u>**:  Greenflight's statement is both incorrect and irrelevant.  Google understands Greenlight to be referring to the *U.S. v. Google* case relating to Google Search.  That case is a civil monopoly maintenance case in which no final judgment has issued.  It concerns

general search engines and search advertising, unlike the claims brought here on behalf of a

company that owns a reverse phone lookup application.

## III.   RULE 26(f) DISCOVERY PLAN

In accordance with Federal Rule 26(f), the Parties provide the following views and

proposals on a discovery plan.

**Greenflight's Statement**:  Discovery in this case began last week, per 26(f) conference

between former Plaintiff Dr. Isaacs and Google.  Isaacs served discovery on Google last week

which Greenflight would like to see the responses to.  Greenflight denies that it waived such

right to see any responses to prior issued discovery.  In fact, Greenflight counsel is unable to

retract a pro se parties' independent discovery, as this would be improper, but it appears Google

wishes it to do so.  Greenflight is serving related discovery this evening.

**Google's Statement**:  Dr. Isaacs served discovery on Google before the Court dismissed,

and severed and stayed, his claims.  Greenflight also propounded its own discovery.  Greenflight

subsequently has confirmed its view that Google should respond to Dr. Isaacs' discovery.

Discovery served by Dr. Isaacs as a *pro se* plaintiff, signed by Dr. Isaacs and not by

counsel, is no longer operative after the Court granted Google's motion to dismiss and severed

and stayed of Dr. Isaacs' claims.  Google therefore does not intend to respond to Dr. Isaacs' *pro*

*se* discovery and requests that the Court so order.  As noted below, Google maintains that

Greenflight's discovery is premature.

### A.   Changes in timing, form, or requirement for disclosures under Rule 26(a)

**Greenflight's Statement**:  Greenflight requests initial disclosures proceed **in late**

**October**.  Greenflight, through written correspondence issued by Counsel Mathews regarding

the underlying dispute, has patiently waited over eighteen months to ascertain why a successful,

patent-based phone book which helped 300 million Americans was suddenly terminated by

Google, and whether or not Google violated 18 USC § 1512 and retaliated against its officers for antitrust witness participation.

**Google's Statement**:  Google proposes that Google and Greenflight file their initial disclosures within 35 days from the submission of this Joint Scheduling Report in light of the multiple new issues potentially in dispute and need for coordination.  Greenflight's statement regarding a period of "eighteen months" is both incorrect and irrelevant for the reasons explained above; Greenflight was not a party to this action until the First Amended Complaint.

      **B.    Subject, timing, and phases of discovery**

**Greenflight's Statement**:  Greenflight asserts that the scope of discovery is reasonably ascertainable at this moment for Patent, Sherman Act claims and State Competition Claims. Greenflight has provided its first round of discovery to Google, which complements' discovery served upon Google last week by Isaacs.  The parties had agreed to begin discovery during last week's 26(f) conference with Isaacs.

Greenflight contends that discovery will include both liability and damages for alleged patent infringement.  Additionally, Greenflight has brought claims under Sherman Act based on last week's DOJ verdict against Google.  Similarly, State Competition Laws (FL) have been invoked.

Greenflight asserts discovery will include communications and internal documents to be sought in an initial discovery requests, including the transfer of the DOJ discovery file.

Greenflight was informed Google plans to file a 12(b)(6) motion on this case, but Plaintiff believes that in light of the DOJ guilty verdict and verbatim claims in this case, such a filing would be frivolous and possibly violate Rule 11.  In no circumstances should discovery of the underlying antitrust matter, of which Google is guilty, be stayed, as this would predudice Plaintiff and be contrary to the interests of justice.

**Google's Statement**:  Google believes that discovery should await resolution of the pleadings.  Google intends to file a motion to dismiss all claims on September 10, 2024, and a motion to stay discovery pending same.  Until resolution of the motion to dismiss, it will not be possible to determine the appropriate scope of discovery.

      **C.**    **Any issues about disclosure, discovery, or preservation of electronically stored information**

Google and Greenflight will meet and confer to agree on an appropriate ESI protocol and confidentiality agreement.

      **D.**    **Any issues about claims of privilege or of protection as trial-preparation materials**

**Greenflight's Statement**:  Discovery shall proceed without delay as per FRCP until, and if, the parties finalize such a motion.  If not agreed upon by the first discovery deadlines, the failure to reach a protective order shall not delay discovery. Greenflight will endeavor to agree to a reasonable protective order.

**Google's Statement**:  **Google and Greenflight will submit a joint motion for a Protective Order to protect information that is within the scope of Fed. R. Civ. P. 26(c).**

As Google stated above, Google believes that discovery should await resolution of the scope of the case in accordance with its motion on the pleadings.

      **E.**    **Changes in the limitations on discovery imposed under the Federal or Local Rules, and other limitations to be imposed**

At this time, Google and Greenflight do not suggest any changes in the limitations on discovery imposed under the Federal and Local Rules.  As noted above, Google and Greenflight anticipate submitting a protocol on electronically stored information to the Court for approval. Should any other need arise, Google and Greenflight will confer and submit any issues to the Court.

**F.      Any other orders that should be entered by the Court under Rule 26(c) or under Local Rule 16(b) and (c).**

Google and Greenflight anticipate agreement on a joint protective order to address

confidentiality concerns and will submit a motion to the Court for such an appropriate order.

Date:  August 22, 2024

Respectfully submitted,                      Respectfully submitted,

__/s/Ayelet Faerman_____        _____
Ayelet Faerman (Fl. Bar 102605)            Edward M. Mullins (Florida Bar No. 863920)
FAERMAN LAW, P.A.                          Ana M. Barton (Florida Bar No. 85721)
3859 NW 124th AVE                          REED SMITH LLP
CORAL SPRINGS, FL 33065                    200 South Biscayne Boulevard, Suite 2600
ayelet@faerman.law                         Miami, Florida, 33131
                                                   +1 (786) 747-0200
*Attorney for Plaintiff*                     +1 (786) 747-0299 facsimile
                                           emullins@reedsmith.com
                                           abarton@reedsmith.com

                                           Matthew S. Warren (*pro hac vice*)
                                           Erika H. Warren (*pro hac vice*)
                                           Madeline A. Woodall (*pro hac vice*)
                                           WARREN KASH WARREN LLP
                                                   2261 Market Street, No. 606
                                                   San Francisco, California, 94114
                                                   +1 (415) 895-2940
                                                   +1 (415) 895-2964 facsimile
                                                   24-80395@cases.warrenlex.com

                                           *Attorneys for Defendant Google*

*LLC*