UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 9:24-cv-80395-RLR-BER

GREENFLIGHT VENTURE CORPORATION,

    Plaintiff,

v.

GOOGLE LLC,

    Defendant.

**DEFENDANT GOOGLE'S MOTION FOR PROTECTIVE
ORDER REGARDING DR. ISAACS' *PRO SE* DISCOVERY**

**INTRODUCTION**

Dr. Isaacs served written discovery on Google before the Court dismissed, or severed and stayed, all of his claims.  When Dr. Isaacs left the case, his discovery went with him—or so Google asked Greenflight to confirm.  But Greenflight refused, claiming instead that Dr. Isaacs' discovery continued even without Dr. Isaacs' claims, and that Greenflight could take over Dr. Isaacs' zombie discovery, prosecute his requests, and even take the deposition he noticed.

Greenflight is wrong.  A party's discovery requests do not survive dismissal of the requesting party's claims.  This Court specifically ordered that only Greenflight's claims could proceed, and only through documents bearing an attorney's Rule 11 signature.  And Greenflight's attempt to take over Dr. Isaacs' discovery would allow it to circumvent the Court's limits on discovery.  Google therefore respectfully requests that the Court enter a protective order confirming that Dr. Isaacs' *pro se* discovery requests are no longer valid, and that Google need not respond to them.

**BACKGROUND**

A.   **Dr. Isaacs Commences This Action As a *Pro Se* Plaintiff**

On April 1, 2024, Dr. Jeffery Isaacs filed this action, asserting against Google LLC a single claim of infringement of U.S. Patent No. RE48,847.  Docket No. 1.  On July 30, 2024, Google timely moved to dismiss Dr. Isaacs' *pro se* complaint under Fed. R. Civ. P. 12(b)(1) for lack of standing and Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  Docket No. 16.

B.   **Dr. Isaacs Serves Discovery *Pro Se***

On August 12, 2024, Dr. Isaacs served written discovery on Google, including his First Request for Production of Documents (Ex. 1); First Set of Interrogatories (Ex. 2); First Set of Requests for Admissions (Ex. 3); and a Notice of Deposition of Google LLC.  (Ex. 4).  The

Notice of Deposition sought to take Google's corporate deposition "on August 28, 2024, at 1PM at Mandarin Brickell Hotel in Miami, Florida," and included ten topics of examination. *See id.*

**C.   Greenflight Venture Corporation and Dr. Isaacs File the First Amended Complaint**

On August 13, 2024, one day after Dr. Isaacs served his written discovery on Google, Dr. Isaacs and plaintiff Greenflight Venture Corporation ("Greenflight") filed the First Amended Complaint.  Docket No. 24.  The First Amended Complaint again asserted infringement of U.S. Patent No. RE48,847, and added claims under Sherman Act Sections 1 and 2, the Florida Deceptive and Unfair Trade Practices Act, and California's Unfair Competition Law, seeking to certify a class regarding most of these new claims.

**D.   The Court Dismisses, or Severs and Stays, All of Dr. Isaacs' Claims**

On August 14, 2024, this Court dismissed, or severed and stayed, all of Dr. Isaacs' claims in the First Amended Complaint.  Docket No. 26.  The Court found that "due to a lack of standing, Mr. Isaacs's patent infringement claim must be dismissed" (*id.* ¶ 5), and that because "a *pro se* plaintiff cannot bring class action claims," Dr. Isaacs' "class action claims are therefore dismissed as unauthorized under the Federal Rules of Civil Procedure." *Id.* ¶¶ 7-8.  Noting that Dr. Isaacs had "brought one claim in his *pro se* capacity that is not a class action claim and is not a claim for patent infringement—a Sherman Act antitrust claim," the Court exercised its "case management discretion" to sever and stay that claim until "after a final resolution of Greenflight Venture's case against the Defendant." *Id.* ¶¶ 9-10.  As the Court noted:

> Going forward, then, the only active claims in this case are the claims brought by Greenflight Venture, represented by attorney Ayelet Faerman, and future Rule 11 signature/certifications shall be stylized accordingly.

*Id.* ¶ 11.

E.     **Greenflight Serves Discovery on Google**

On August 20, 2024, Greenflight served its own discovery on Google, including its First Request for Production of Documents (Nos. 1-19), First Set of Requests for Admission (Nos. 1-42), First Set of Interrogatories (Nos. 1-21), and Notice of Deposition of Google LLC.

F.     **Greenflight Claims Google Must Answer Dr. Isaacs' *Pro Se* Discovery**

With Dr. Isaacs' *pro se* claims dismissed, or severed and stayed, Google asked Greenflight to confirm that Dr. Isaacs' *pro se* discovery served on August 12 was no longer operative, leaving only Greenflight's discovery served on August 20.  But Greenflight would not agree:  in the parties' Joint Scheduling Report, Greenflight stated:

> Discovery in this case began last week, per 26(f) conference between former Plaintiff Dr. Isaacs and Google.  Isaacs served discovery on Google last week which Greenflight would like to see the responses to.  Greenflight denies that it waived such right to see any responses to prior issued discovery.  In fact, Greenflight counsel is unable to retract a pro se parties' independent discovery, as this would be improper, but it appears Google wishes it to do so.

Docket No. 34 at 9.  Greenflight later stated that it had "provided its first round of discovery to Google, which complements' discovery served upon Google last week by Isaacs." *Id.* at 10.

On August 26, 2024, Greenflight contacted Google to press its assertion that the deposition noticed by Dr. Isaacs should proceed on August 28.  *See* Ex. 5.  Greenflight's counsel, Keith Mathews, stated:

> My understanding of the Courts' order is that Isaacs pro se claims will be covered by my representation of Greenflight, hence I plan to take over the lead of this deposition.  I do not represent Isaacs, to be clear, but my advocacy for Greenflight permits my attendance at the deposition, which would now be lead, given the Court's order.
>
> As Isaacs originally noticed, we are amenable to video deposition.  Please provide your availability and suggested video deposition vendors, otherwise, I have some I can arrange.  Given the imminent timing, your prompt response is appreciated.
>
> While I note that you indicated in the Joint Report that you will not comply with Isaacs' discovery requests, our position is that you have not obtained any leave for relief from the

> discovery, and therefore I expect you to comply with all outstanding discovery requests, especially as you had 18 months to prepare for this with Wilson Sonsoni.

*Id.*  Greenflight thus confirmed its view that Dr. Isaacs' *pro se* discovery remains operative in this action, and that Greenflight may step into Dr. Isaacs' shoes to prosecute his discovery in addition to its own.

## ARGUMENT

**I.     When Isaacs' Claims Left This Case, His Discovery Left With Them**

The "purpose of discovery is to enable parties to an action to obtain material 'which is relevant to the subject matter in the pending action,' a purpose that obviously can no longer be served once a case has been dismissed." *Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 781 (1st Cir. 1988). "The proceeding is no more, so the requests are no more." *Usher v. U.S.*, 698 F. Supp. 3d 174, 177 (D.D.C. 2023); *see, e.g.*, *Montez v. U.S.*, No. 23-1483, 2024 WL 3242290, at *2 (W.D. Tex. June 27, 2024) (finding discovery motions moot based on dismissal of action); *Giroux v. Schwehr*, No. 13-62, 2016 WL 1089231, at *1 (D.N.D. Mar. 18, 2016) (same); *Parkinson v. United States*, 175 F. Supp. 2d 1233, 1247 (D. Idaho 2001) (same).  Isaacs' proceeding is no more:  the Court dismissed, or severed and stayed, his claims. *See supra* § D.  Thus Isaacs' discovery requests are no more.  *See, e.g., Twin Disc, Inc. v. Big Bud Tractor, Inc.*, 582 F. Supp. 208, 216 (E.D. Wis. 1984) (finding moot motion to compel discovery brought by a dismissed party).

Greenflight offers no way around this bedrock rule.  Instead, Greenflight claims that Dr. Isaacs' *pro se* discovery is simultaneously autonomous ("unable to retract [Dr. Isaacs'] independent discovery") and yet somehow within Greenflight's control ("tak[ing] over the lead of this deposition.") *Supra* § F.  Greenflight provides no support for this view, and none exists.

It is not a matter of Greenflight "retract[ing]" the discovery. When Dr. Isaacs' claims exited the case, his discovery exited with them as a matter of law.

## II. Greenflight's Effort to Arrogate Dr. Isaacs' Discovery Violates This Court's Order

Greenflight's attempt to proceed on Dr. Isaacs' *pro se* discovery violates this Court's order of August 14, 2024. Docket No. 26. That order stated that "the only active claims in this case are the claims brought by Greenflight Venture, represented by attorney Ayelet Faerman, and future Rule 11 signature/certifications shall be stylized accordingly." Docket No. 26 ¶ 11. Dr. Isaacs' *pro se* discovery was exactly that: *pro se*, without a Rule 11 signature from counsel. *See supra* § B. Greenflight's attempt to arrogate Dr. Isaacs' *pro se* discovery thus violates the Court's order. It also undermines a key purpose of staying Dr. Isaacs' sole remaining claim, to "promote judicial economy and efficiency by avoiding the litigation of issues that may become irrelevant or moot." *Morrissey v. Subaru of Am., Inc.*, Case No. 15-21106, 2015 WL 4512641, at *2 (S.D. Fla. July 24, 2015). If Greenflight could proceed on Dr. Isaacs' *pro se* discovery, it would undermine the Court's severance and stay of that claim. Greenflight cannot avoid the Court's Order by continuing to prosecute Dr. Isaacs' discovery.

## III. Greenflight's Takeover of Dr. Isaacs' Discovery Exceeds Discovery Limits

Absent a court order, "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33. In his *pro se* discovery, Dr. Isaacs served 22 interrogatories, while Greenflight served 21 additional non-duplicative interrogatories. Greenflight's attempt to take over Dr. Isaacs' discovery would allow it to propound 43 interrogatories, well over the limit. Greenflight's attempt to circumvent the rules "limiting the number of interrogatories is an abuse of the discovery process" that the Court

should neither reward nor allow. *In re Olympia Holding Corp.*, 189 B.R. 846, 853 (Bankr. M.D. Fla. 1995).

**IV.    The Court Should Enter a Protective Order**

"Under Federal Rule of Civil Procedure 26(c)(1) a court may 'issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense' upon a showing of 'good cause.'  The good cause standard 'calls for a sound basis or legitimate need to limit discovery of the subject information.'" *Doe v. Lynn Univ., Inc.*, No. 16-80850, 2017 WL 275448, at *1 (S.D. Fla. Jan. 19, 2017) (quoting *Sierra Equity Group v. White Oak Equity Partners, LLC*, 672 F. Supp. 2d 1369, 1370 (S.D. Fla. 2009))  "In addition to requiring good cause, [the Eleventh Circuit] has also required the district court to balance the interests of those requesting the order." *Doe*, 2017 WL 275448, at *1 (quoting *McCarthy v. Bennett Bank of Polk County*, 876 F.2d 89, 91 (11th Cir. 1989)) (alteration in original).

Google's motion easily clears this bar.  Google has a "sound basis or legitimate need to limit discovery" based on the Court's removal of Dr. Isaacs' claims from this case (*supra* § I), its order requiring Rule 11 signatures from counsel (*supra* § II), and Greenflight's improper attempt to evade this Court's discovery limits (*supra* § III).  Google has a strong interest in avoiding improper and harassing discovery; Greenflight can, and has, promulgated its own discovery and thus has no legitimate interest in prosecuting Dr. Isaacs' *pro se* discovery.  The Court should enter a protective order barring Greenflight's improper attempt to proceed with Dr. Isaacs' discovery.

**CONCLUSION**

For the foregoing reasons, Google respectfully requests that the Court enter a protective order confirming that Dr. Isaacs' *pro se* discovery requests are no longer valid, and that Google need not take any action in response to them.

**LOCAL RULE 7.1 CERTIFICATION**

Under Local Rule 7.1(a), counsel for Google has conferred with Greenflight in a good faith effort to resolve the issues raised in this motion. Greenflight opposes. *See* L. R. 7.1(a)(3).

Date:  August 27, 2024

Respectfully submitted,

/s/ *Edward M. Mullins*
Edward M. Mullins (Florida Bar No. 863920)
Ana M. Barton (Florida Bar No. 85721)
Sujey S. Herrera (Florida Bar No. 92445)
REED SMITH LLP
200 South Biscayne Boulevard, Suite 2600
Miami, Florida, 33131
+1 (786) 747-0200
+1 (786) 747-0299 facsimile
emullins@reedsmith.com
abarton@reedsmith.com
sherrera@reedsmith.com

Matthew S. Warren (*pro hac vice*)
Erika H. Warren (*pro hac vice*)
Madeline A. Woodall (*pro hac vice*)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
24-80395@cases.warrenlex.com

*Attorneys for Defendant Google LLC*

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on August 27, 2024, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

By:   */s/ Edward M. Mullins*
      Edward M. Mullins