# EXHIBIT 1

Jeffrey D. Isaacs, M.D.
11482 Key Deer Circle
Wellington, FL 33449
212-257-0737
jeffreydi@gmail.com

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| DR JEFF ISAACS<br><br>    Plaintiff,<br><br>vs.<br><br>GOOGLE LLC<br><br>    Defendant. | Case No. **24-cv-80395-RLR**<br><br>**PLAINTIFF'S FIRST REQUEST<br>FOR PRODUCTION OF DOCUMENTS**<br><br>DISCOVERY |

# PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

To: Google LLC Legal Team

Date: August 12, 2024

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff, Dr. Jeff Isaacs, hereby requests that Defendant, Google LLC, produce the following documents within thirty (30) days and convey to Plaintiff via overnight courier or electronic transfer through Google Drive, or another mutually agreed method.

## DEFINITIONS

"Document(s)" refers to the full scope of items contemplated by Federal Rule of Civil Procedure 34, including, but not limited to, writings, drawings, graphs, charts, recordings, photographs, data, electronic or digital information, and any other data or data compilations from which information can be obtained.

"Relevant Time Period" refers to the time frame from June 1, 2014, to the present unless otherwise specified. At a minimum, five years of records are requested.

## REQUESTS FOR PRODUCTION

1. All communications, including emails, memos, and internal notes, related to the substantial changes (hereafter "effective termination") in OkCaller.com's appearance on and rankings in Google Search in November 2022. For background, please see each

and every subpoena served upon Google LLC in January 2024 by Attorney Keith Mathews as part of the "Keller Williams Realty Inc" lawsuit.

2. All documents and communications pertaining to any investigation conducted by Google LLC into the effective termination of its SERP listings of and/or partnership with and/or business dealings with OkCaller.com.

3. Any documents related to the decision-making process behind the changes in Google's search algorithm that affected the ranking and visibility of OkCaller.com.

4. Any documents related to the decision to select OkCaller as a "trusted partner," its ranking amongst reverse search providers beginning in 2014, comparisons with its competitors, its owners and operators, and analysis of all traffic sent organically since 2014.

5. Any documents relating to or explaining any deficiencies in OkCaller that lead to termination, and documents relating to what methods or changes OkCaller could implement to resolve these purported deficiencies and regain substantive listing on Google Search.

6. Any documents related to the decision-making process behind the non-algorithmic (i.e. direct, manual, or human) changes in Google Search that affected the ranking and visibility of OkCaller.com.

7. All documents and communications related to Google's assessment or analysis of the alleged infringement of Dr. Isaacs' patent (RE48847) by the top twenty competitors (as measured by Google Search organic phone search traffic) such as RevealName, USPhoneBook, CallerName, SocialCatfish, Nuwber, WhitePages, and Spokeo.

8. All documents and communications related to Google's (or its attorneys) interactions, agreements, or communications with Apple Inc. (or its attorneys) that could have impacted the operation or ranking of OkCaller.com.

9. All documents detailing Google's policies or practices regarding the preservation, auto-deletion, or retention of electronic evidence relevant to OkCaller.com and the allegations in the lawsuit.

10. Any documents evidencing Google's diligence in assessing infringement of the reissue patent on Play Store Reverse Phone Apps and/or AdSense/AdX monetized phone directory websites.

11. Any additional documents, whether listed or not, that are relevant to the issues outlined in the subpoenas dated January 2024, including but not limited to communications, policies, procedures, and internal investigations relating to the matters in question.

12. All documents, evidence, and communications included in the entire discovery file from the *DOJ v. Google* antitrust lawsuit recently concluded, including any rulings, reports, or findings relevant to search engine market practices, partnerships, or any other matters that may pertain to the current case. Sealed or privileged documents may be identified by description and withheld from production.

You are required to produce these documents within thirty (30) days of the date of service of this request. Should you have any objections to the production of any requested documents, please state the specific grounds for your objection and produce the remaining documents not subject to objection.

Issued on this 12th day of August 2024.

/s/ Jeffrey D. Isaacs
Jeffrey D. Isaacs, M.D.
11482 Key Deer Circle
Wellington, FL 33449
212-257-0737
jeffreydi@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2024, a true and correct copy of the foregoing Plaintiff's First Request for Production of Documents was served via email upon the following:

Google LLC Legal Team

/s/ Jeffrey D. Isaacs
Jeffrey D. Isaacs, M.D.
11482 Key Deer Circle
Wellington, FL 33449
212-257-0737
jeffreydi@gmail.com