# EXHIBIT 3

Jeffrey D. Isaacs, M.D.
11482 Key Deer Circle
Wellington, FL 33449
212-257-0737
jeffreydi@gmail.com

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| DR JEFF ISAACS<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>GOOGLE LLC<br><br>　　　　　　Defendant. | Case No. **24-cv-80395-RLR**<br><br>**PLAINTIFF'S FIRST SET<br>OF REQUESTS FOR ADMISSIONS**<br><br>DISCOVERY |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS TO GOOGLE LLC**

To: Google LLC Legal Team

Date: August 12, 2024

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Jeffrey D. Isaacs, M.D., hereby requests that Defendant Google LLC admit the following matters within thirty (30) days of service of this request.

1. Admit that OkCaller.com was previously ranked among the top reverse phone search websites by Google for the years 2014-2022.

2. Admit that OkCaller.com received substantial organic traffic of approximately 100,000 to 200,000 daily users from Google's search engine prior to its effective termination with Google LLC.

3. Admit that Google LLC's decision and intent to change its manual curation of reverse phone sites negatively affected the ranking of OkCaller.com in Google search results.

4. Admit that other reverse phone search websites continued to receive substantial organic traffic from Google after OkCaller.com's ranking declined, including those that copied OkCaller's key features.

5. Admit that in November 2022 Google LLC was aware of the patent (RE48847) held by Dr. Jeff Isaacs for the reverse phone search web caller name ID technology used on OkCaller.com.

6. Admit that Google LLC did not investigate the potential infringement of Dr. Jeff Isaacs' patent (RE48847) by other reverse phone search websites and android apps monetized with Google products.

7. Admit that other reverse phone search websites and android apps monetized with Google products infringe upon the reissue patent.

8. Admit that other reverse phone search websites and android apps monetized with Google products provide caller name (CNAM) identification functionality.

9. Admit that Google LLC has partnerships with other reverse phone search websites that generate revenue through Google's services.

10. Admit that OkCaller.com was one of the top ten reverse phone search websites on SERPs in terms of user traffic before the algorithm changes by Google LLC.

11. Admit that Google LLC did not provide Dr. Jeff Isaacs with a specific opportunity to address or remedy any alleged issues before terminating the partnership with OkCaller.com.

12. Admit that Google LLC has not provided an explanation to Dr. Jeff Isaacs for the decline in OkCaller.com's ranking in search results.

13. Admit that OkCaller.com's decline in ranking occurred within hours after Dr. Jeff Isaacs tendered a Closing Brief in an Apple antitrust appeal, and almost one year exactly after the district court dismissal – the typical timeframe for reopening a case.

14. Admit that Google LLC did not offer Dr. Jeff Isaacs any assistance or support after the termination of the partnership with OkCaller.com, which was the loss of his second primary career (after medicine).

15. Admit that Google LLC was aware of the significant financial impact that the termination of the partnership would have on Dr. Jeff Isaacs and OkCaller.com.

16. Admit that Google LLC's actions regarding OkCaller.com were not consistent with the treatment of other reverse phone search websites with similar functionality and interface.

17. Admit that FactMed was dropped from rankings several years ago, despite having considerable competitive advantage over the primary SERP result in that field.

18. Admit that Google LLC does not include OkCaller.com in its search engine's top rankings as of today, despite previously being ranked highly for nearly a decade.

19. Admit that OkCaller substantially overhauled its website within the last several months, and Google subsequently lowered the little remaining traffic it sent OkCaller.

20. Admit that Google LLC's effective termination of OkCaller.com could be easily reversed by Google and improve user phone SERP results, or at least, have no negative impact.

21. Admit that Google LLC did not offer Dr. Jeff Isaacs an opportunity to appeal the termination of the partnership with OkCaller.com.

22. Admit that Google LLC did not disclose any internal analysis or reports to Dr. Jeff Isaacs regarding the effects of the search algorithm changes, or manual changes, on OkCaller.com.

23. Admit that Google LLC was aware of Dr. Jeff Isaacs' involvement as a witness and or party in the Apple antitrust litigation before the termination of OkCaller.com's partnership.

24. Admit that Google LLC received information about Dr. Jeff Isaacs' role as a witness in the Apple antitrust litigation from a third party.

25. Admit that Google LLC had direct or indirect via counsel communication with Apple Inc. regarding the Apple antitrust litigation in which Dr. Jeff Isaacs was a witness.

26. Admit that Google was aware of the USC Keck settlements in November 2022.

27. Admit that Google has not taken a position on Isaacs' medical credentials.

28. Admit that Google considers Dr. Isaacs to have a valid medical degree.

29. Admit that Google is aware of a dispute with a presidential political appointee which resulted in the appointee leaving that position.

30. Admit that Google LLC had discussions internally about Dr. Jeff Isaacs' involvement in the Apple antitrust litigation and/or other litigation, before Thanksgiving 2022.

31. Admit that Google LLC considered OkCaller.com's performance competitive and worthy of substantial ranking and referral of organic SERP traffic prior to November 2022.

32. Admit that Google LLC referred at least two hundred million SERP queries for phone numbers to OkCaller.com between June 2014 and November 2022.

33. Admit that suddenly terminating a site with 200 million users is rare and would typically involve communication and opportunities for the site to remediate.

34. Admit that OkCaller.com had key features and functionalities, such as live CNAM data integrated with user-generated reporting, before the launch of competing websites with similar features.

35. Admit that Google LLC was aware of the launch of reverse phone search websites that closely resembled OkCaller.com in terms of interface and user experience.

36. Admit that CallerName copied much of OkCaller's interface and was sent substantial (millions) Google traffic for at least five years.

37. Admit that Google LLC did not take sufficient action to demote or penalize reverse phone search websites that copied OkCaller.com's key features in its search rankings.

38. Admit that Google LLC continues to provide organic traffic to reverse phone search websites that had copied key elements of OkCaller.com.

39. Admit that Google has contemplated but never implemented providing more transparency to developers of vertical niche informatics sites (such as FactMed or OkCaller) as to the subjective quality metrics used to evaluate them.

40. Admit that best practices in transparent, stemming from government bidding procedures, could or would likely result in improved overall search results for consumers.

41. Admit that some sites, perhaps including FactMed, OkCaller, and or Dreamstime, offer superior quality to sites featured in rankings, and that consumers would benefit from their fair ranking and inclusion in results.

42. Admit that there is an overall loss of time and developer resources that results from vertical search sites never being ranked on Search, despite having preferable and or higher quality data and interface.

43. Admit that this case concerns developers who as a whole suffered antitrust injury under the verdict of *DOJ v Google*, including but not limited to exclusion of valid and competitive VSPs from Google Search.

44. Admit that at this time Google is unwilling to simply return OkCaller to its historic search presence, in order to resolve this dispute and litigation.

Issued on this 12th day of August 2024.

/s/ Jeffrey D. Isaacs
Jeffrey D. Isaacs, M.D.
11482 Key Deer Circle
Wellington, FL 33449
212-257-0737
jeffreydi@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2024, a true and correct copy of the foregoing Plaintiff's First Set of Requests for Admissions was served via email upon the following:

Google LLC Legal Team

/s/ Jeffrey D. Isaacs
Jeffrey D. Isaacs, M.D.
11482 Key Deer Circle
Wellington, FL 33449
212-257-0737
jeffreydi@gmail.com