UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 9:24-cv-80395-RLR-BER

GREENFLIGHT VENTURE CORPORATION,

    Plaintiff,

v.

GOOGLE LLC,

    Defendant.

**DEFENDANT GOOGLE'S MOTION FOR STAY OF DISCOVERY**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.     Plaintiff's Owner and Counsel Have Sought Abusive Discovery Before . . . . . . . . . . . . . 1

    B.     Plaintiff Seeks Abusive Discovery in This Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    I.     The Court Should Stay Discovery in This Action Until Resolution of the Pleadings . . . . 5

    II.    The Balance of Interests Favors a Stay of Discovery Until Google Files an Answer . . . . 7

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

LOCAL RULE 7.1 CERTIFICATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# **TABLE OF AUTHORITIES**

*Cases*  **Pages**

*Ali v. 7-Eleven, Inc.*,
  No. 22-20328, 2022 WL 713665 (S.D. Fla. Mar. 10, 2022) . . . . . . . . . . . . . . . . . . . . . . . 9

*Associated Gen. Contractors of Cal., Inc. v. Carpenters*,
  459 U.S. 519 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544, 558 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8

*Car Carriers, Inc. v. Ford Motor Co*,
  745 F. 2d 1101 (7th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Coronavirus Rep. v. Apple, Inc.*,
  85 F.4th 948, 959 (9th Cir. 2023), *cert. denied*, No. 23-1089, 2024 WL 2116338
  (U.S. May 13, 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*DJ Lincoln Enters., Inc. v. Google, LLC*,
  No. 20-14159, 2022 WL 3754182 (S.D. Fla. Aug. 30, 2022) . . . . . . . . . . . . . . . . . . . 6, 7

*Feldman v. Flood*,
  176 F.R.D. 651 (M.D. Fla. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Johnson v. Bd. of Regents of Univ. of Ga.*,
  263 F.3d 1234 (11th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8

*Kaylor v. Fields*,
  661 F.2d 1177 (8th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Koock v. Sugar & Felsenthal, LLP*,
  No. 09-60917, 2009 WL 2579307 (M.D. Fla. Aug. 19, 2009) . . . . . . . . . . . . . . . . . . . . 6

*Nankivil v. Lockheed Martin Corp.*,
  216 F.R.D. 689 (M.D. Fla. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Skuraskis v. NationsBenefits Holdings, LLC*,
  No. 23-60830, 2023 WL 8698324 (S.D. Fla. Dec. 15, 2023) . . . . . . . . . . . . . . . . . . . . . 5

*Squitieri v. Nocco*,
  2020 WL 13597996 (M.D. Fla. May 7, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Taylor v. Serv. Corp, Int'l*,
  No. 20-60709, 2020 WL 6118779 (S.D. Fla. Oct. 16, 2020) . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Med-Care Diabetic & Med. Supplies, Inc.*,
  2014 WL 12284078 (S.D. Fla. Oct. 16, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

# **TABLE OF AUTHORITIES**
*(continued)*

*Cases* **Pages**

*Varga v. Palm Beach Cap. Mgmt., LLC,*
    No. 09-82398, 2010 WL 8510622 (S.D. Fla. Sept. 3, 2010) . . . . . . . . . . . . . . . . . . . . . . . 8

*Zamperla, Inc. v. I.E. Park SrL,*
    No. 13-180737, 2014 WL 11332269 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Other Proceedings*

*Coronavirus Rep. v. Apple Inc.,*
    No. 21-05567, Docket No. 41(N.D. Cal. Sept. 6, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Coronavirus Rep. v. Apple Inc.,*
    No. 21-05567, Docket No. 51(N.D. Cal. Sept. 24, 2021). . . . . . . . . . . . . . . . . . . . . . . . . 2

*Coronavirus Rep. v. Apple Inc.,*
    No. 21-05567, Docket No. 72 (N.D. Cal. Oct. 29, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Coronavirus Rep. v. Apple Inc.,*
    No. 21-05567, Docket No. 85 (N.D. Cal. Nov. 30, 2021) . . . . . . . . . . . . . . . . . . . . . . . . 2

*Coronavirus Rep. v. Apple Inc.,*
    No. 21-05567, Docket No. 96 (N.D. Cal. Jan. 21, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . 2

*DJ Lincoln Enters., Inc. v. Google, LLC,*
    No. 20-14159, Docket No. 41 (S.D. Fla. Nov. 21, 2020) . . . . . . . . . . . . . . . . . . . . 5, 6, 7, 9

*Dulcio v. Environmental Protection Agency,*
    No. 22-81908, Docket No. 66 (S.D. Fla. Dec. 9, 2022) . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Isaacs v. Keller Williams Realty Inc.,*
    No. 23-81393, Docket No. 25 (S.D. Fla. Nov. 15, 2023). . . . . . . . . . . . . . . . . . . . . . . . . 3

*Isaacs v. Keller Williams Realty Inc.,*
    No. 23-81393, Docket No. 29 (S.D. Fla. Nov. 29, 2023). . . . . . . . . . . . . . . . . . . . . . . . . 3

*Isaacs v. Keller Williams Realty Inc.,*
    No. 23-81393, Docket No. 85 (S.D. Fla. Jan. 9, 2024). . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Isaacs v. Keller Williams Realty Inc.,*
    No. 23-81393, Docket No. 91 (S.D. Fla. Feb. 21, 2024). . . . . . . . . . . . . . . . . . . . . . . . . 3

*Isaacs v. Keller Williams Realty Inc.,*
    No. 23-81393, Docket No. 93 (S.D. Fla. Feb. 25, 2024). . . . . . . . . . . . . . . . . . . . . . . . . 3

*Isaacs v. Keller Williams Realty Inc.,*
    No. 23-81393, Docket No. 107 (S.D. Fla. Mar. 12, 2024). . . . . . . . . . . . . . . . . . . . . . . . 3

# INTRODUCTION

Google respectfully requests that the Court stay discovery in this action until resolution of the pleadings. Google today filed its motion under Fed. R. Civ. P. 12(b)(6) to dismiss all counts of the First Amended Complaint ("FAC"). That motion shows that the FAC has fundamental, incurable defects.

This is an unusual case. Plaintiff Greenflight Venture Capital and its owner Dr. Jeffrey D. Isaacs, represented by the same counsel, have already sought abusive discovery against Google, both previously and in this action, where they demanded that Google respond to Dr. Isaacs' *pro se* discovery even after dismissal or stay of his *pro se* claims. This past is prologue: the FAC confirms that plaintiff plans to keep abusing discovery in this action. Rather than identifying any actionable claim, the FAC repeatedly concedes that plaintiff filed it as a tool to delve into as many of Google's actions as possible to attempt to find a legal claim, referring, for example, to "concerns that may be ascertained during discovery" (FAC ¶ 56) and admitting that "discovery is necessary to identify the infringing products." *Id.* ¶ 160. As Google explains in its motion to dismiss, the FAC fails to state a claim for relief. Until and unless plaintiff files a complaint that can state a claim, Google respectfully requests that the Court stay discovery in this matter.

# BACKGROUND

### A. Plaintiff's Owner and Counsel Have Sought Abusive Discovery Before

Plaintiff's owner Jeffrey D. Isaacs and plaintiff's counsel in this action have previously sought abusive discovery, including from Google. Their war against Google began during other litigation, a putative antitrust class action against Apple and the Federal Trade Commission filed by Mr. Mathews on behalf of Dr. Isaacs and affiliated companies. *Coronavirus Rep. v. Apple Inc.*, No. 21-05567, Docket No. 41 (N.D. Cal. Sept. 6, 2021). Dr. Isaacs and Mr. Mathews used

abusive tactics in that action as well: they moved to strike Apple's motion to dismiss, *see id.*, Docket No. 51; sought to compel top Apple executives and the Chair of the Federal Trade Commission to testify at a motions hearing, *see id.*, Docket No. 72; and sought sanctions against Apple and its counsel for, among other things, allegedly "laugh[ing] at Dr. Isaacs when he asked they refrain from calling him 'Mr. Isaacs.'" *Id.*, Docket No. 96.

On November 30, 2021, the Northern District of California dismissed all claims, finding that the complaint failed to plead a relevant market and failed to "sufficiently plead antitrust injury in the FAC even if the Court were to assume a relevant market had been defined." *Id.*, Docket No. 85 at 26:27-28. Plaintiffs appealed, but the Ninth Circuit affirmed the dismissal and the Supreme Court denied a petition for *certiorari*. *Coronavirus Rep. v. Apple, Inc.*, 85 F.4th 948, 959 (9th Cir. 2023), *cert. denied*, No. 23-1089, 2024 WL 2116338 (U.S. May 13, 2024).

While those appeals were pending, Dr. Isaacs and his counsel accused Google of retaliating against them on Apple's behalf. On August 24, 2023, Mr. Mathews wrote to Google stating that "[t]he primary source of funds for Coronavirus Reporter is OkCaller.com, a web property featured in Google search results for nine years" and demanding "an immediate investigation into our substantiated concern that this removal of a nine-year old strategic advertising partner constituted witness tampering pursuant to 18 U.S.C. §1512." D.E. 34-3. On October 17, 2023, Mr. Mathews again wrote to Google to demand an investigation into "Google's removal of OkCaller from Google's reverse phone search algorithm, rather than a straightforward domain removal." D.E. 34-4.

Meanwhile, on October 16, 2023, Dr. Isaacs filed *Isaacs v. Keller Williams Realty Inc.*, No. 23-81393 (S.D. Fla. October 16, 2023). In *Keller Williams*, Dr. Isaacs, represented by counsel for plaintiff here, brought various claims regarding the sale of his personal residence in

Florida, which he claimed was nullified because the "sale agreement included a '*Force Majeure*' clause allowing either party to exit the contract if 'disrupted' by 'an act of war.' Plaintiff, and his partner, have been disrupted by the Ukranian-Russian war, and do not feel safe having their only apartment within 80 miles of an active international war zone." *Id.*, Docket No. 25 ¶ 79. Dr. Isaacs alleged that after selling his Florida house for $2.35 million he had nowhere to live but an unspecified "apartment in the former USSR" that was too close to the war in Ukraine. *Id.*, Docket No. 25 ¶ 77; *see id.*, Docket No. 29-1 ¶ 9.

These claims had nothing to do with Google. Still, Dr. Isaacs and his counsel used the *Keller Williams* action as a vehicle to seek abusive discovery from Google, serving six subpoenas on Google and its parent Alphabet, seeking information about topics including OkCaller.com's performance in Google Search, the same issue that animated Mr. Mathews' letters of 2023, and the same issue behind plaintiff's claims in this action. *See, e.g., Isaacs v. Keller Williams Realty Inc.*, No. 23-81393, Docket No. 85. When Google filed a motion to quash, Dr. Isaacs and his counsel did not withdraw these subpoenas, but claimed they were relevant because they addressed "substantial and relevant concerns of felony witness retaliation directly influencing Isaacs' duress in the underlying sale of his home." *Id.*, Docket No. 93 at 2. By then, this Court had already stayed all discovery in the *Keller Williams* matter, *see id.*, Docket No. 91; on March 12, 2024, the Court confirmed that this stay of all discovery prevented Dr. Isaacs and his counsel from obtaining discovery from Google. *Id.*, Docket No. 107. Three weeks later, Dr. Isaacs filed his *pro se* complaint in this action. D.E. 1.

**B.     Plaintiff Seeks Abusive Discovery in This Action**

Current plaintiff Greenflight Venture Corporation ("GFVC"), controlled by Dr. Isaacs and represented by Dr. Isaacs' longstanding counsel, seeks to reprise the *Keller Williams* case by

– 3 –

mounting a broad and amorphous fishing expedition into Google's documents. Indeed, they have already tried. After this Court dismissed or stayed Dr. Isaacs' *pro se* claims, GFVC and its counsel pressed Google to respond to Dr. Isaacs' *pro se* discovery, claiming that "Greenflight counsel is unable to retract a pro se parties' independent discovery, as this would be improper" (D.E. 34 at 9), while simultaneously claiming that "[Isaacs'] pro se claims will be covered by my representation of Greenflight, hence I plan to take over the lead of this deposition." D.E. 35-5. GFVC's insistence on pursuing this discovery forced Google to seek a protective order, and only the Court's order addressing that motion, D.E. 36, stopped plaintiff from proceeding.

But that did not stop GFVC from propounding its own discovery, which continues the unfortunate pattern of abuse. On August 20, 2024, GFVC served nineteen Requests for Production (Ex. 1), forty-two Requests for Admission (Ex. 2), twenty-one Interrogatories (Ex. 3), and a notice of deposition under Fed. R. Civ. P. 30(b)(6) that identifies no specific topics but rather seeks testimony "relevant to the Amended Complaint, and any responsive documents to outstanding discovery requests issued to Google LLC." Ex. 4. Among many other things, GFVC currently seeks "all internal presentations, strategic documents, or executive communications discussing Google's strategic shift from prioritizing search engine improvements to focusing on AI, quantum computing, and other emerging technologies" (Request for Production No. 2, Ex. 1); asks Google to "[e]xplain the rationale and decision-making process behind Google LLC's refusal to engage in mediation with Greenflight or its owners regarding a resolution of this matter" and "[i]nclude any internal communications or legal advice that influenced this decision" (Interrogatory No. 12, Ex. 3); and "[a]dmit that Google considers Plaintiff's CEO, Dr. Isaacs, to have a valid medical degree." Request For

– 4 –

Admission No. 32, Ex. 2.  In these and other requests, GFVC's discovery wanders far afield even from the amorphous allegations in the FAC.

GFVC's allegations provide the final confirmation of GFVC's intent to evade *Twombly* to seek abusive discovery from Google.  The FAC repeatedly admits that its claims depend on the hope that discovery will fill the many gaps in its allegations.  *See, e.g.*, D.E. 24 ¶ 56 ("there are antitrust concerns that may be ascertained during discovery"); *id.* ¶ 160 ("discovery is necessary to identify the infringing products"); *id.* ("Source code serves as the final evidentiary link to GR-1188 operations, and is unavailable to Plaintiffs prior to discovery"); *id.* ¶ 168 ("Google appears to have further retaliated against the inventor for asserting patent rights, which will be elucidated in discovery and may necessitate amendment of this Complaint").  GFVC's FAC seeks, instead of redress for causes of action, to find something on which it can attempt to state a claim, and in the meantime to impose pain on Google through costs and distraction.

**ARGUMENT**

**I.     The Court Should Stay Discovery in This Action Until Resolution of the Pleadings**

Google respectfully requests the Court issue a stay of discovery until the pleadings are resolved.  "District courts enjoy broad discretion in deciding how to best manage the cases before them."  *Skuraskis v. NationsBenefits Holdings, LLC*, No. 23-60830, 2023 WL 8698324 (S.D. Fla. Dec. 15, 2023) (quoting *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001)).  "In deciding whether to grant a stay pending the resolution of a dispositive motion, the Court must balance the harm of delaying discovery against the possibility that the motion will be granted and the need for discovery will be eliminated."  *DJ Lincoln Enters., Inc. v. Google, LLC*, No. 20-14159, Docket No. 41 (S.D. Fla. Nov. 21, 2020) (citing *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)) (granting stay of discovery).  "As part

of this balance, the Court must take a 'preliminary peek' at the merits of the dispositive motion to see if it is clearly meritorious and case dispositive." *DJ Lincoln*, *supra,* Docket No. 41 (quoting *Feldman*, 176 F.R.D. at 652 & *United States v. Med-Care Diabetic & Med. Supplies, Inc.*, 2014 WL 12284078, at *1 (S.D. Fla. June 17, 2014)); *see also, e.g.*, *Taylor v. Serv. Corp. Int'l*, No. 20-60709, 2020 WL 6118779 at *2 (S.D. Fla. Oct. 16, 2020) (quoting *Koock v. Sugar & Felsenthal, LLP*, No. 09-60917, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009)). A pending motion to dismiss meets this standard if "on the motion's face, 'there appears to be an immediate and clear possibility' that the Court will grant the motion." *Squitieri v. Nocco*, No. 19-906, 2020 WL 13597996, at *2 (M.D. Fla. May 7, 2020) (quoting *Feldman*, 176 F.R.D. 651).

Google's concurrently filed motion to dismiss clears this bar. As Google's motion shows, plaintiff's Sherman Act claims fail for a variety of reasons. Count I does not allege that GFVC is a participant in the proffered market (*id.* § I), Count II fails to plead non-conclusory facts as to any agreement between two or more persons to restrain trade (*id.* § II), and Count III fails to allege an unlawful refusal to deal (*id.* § III). Similarly, GFVC's claim under the Florida Deceptive and Unfair Trade Practices Act largely borrows from the deficient Sherman Act claims and otherwise fails to plead with particularity as required under Rule 9(b) (*id.* § IV), and its claim under California's Unfair Competition Law fails for similar reasons. *Id.* § V. Finally, GFVC's claim of patent infringement fails to identify an allegedly infringing product, and admits instead that GFVC cannot identify an allegedly infringing product without discovery. *Id.* § VI. These failings create a high probability that "that the motion will be granted and the need for discovery will be eliminated." *DJ Lincoln*, *supra,* Docket No. 41. "Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim." *DJ Lincoln Enterprises, Inc. v. Google, LLC*, No.

– 6 –

20-14159, 2022 WL 3754182, at *2 (S.D. Fla. Aug. 30, 2022) (quoting *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981)).

**II.     The Balance of Interests Favors a Stay of Discovery Until Google Files an Answer**

Although the Court also must "balance the harm of delaying discovery," *DJ Lincoln, supra,* Docket No. 41, in this action, the balance tilts toward granting Google's motion.  As an initial matter, this Court previously found "no harm in delaying discovery" when "Plaintiff waited four months before seeking any discovery at all."  *DJ Lincoln*, *supra,* Docket No. 41. Here, Dr. Isaacs waited three months even to effect service, doing so only after the Court warned of dismissal for failure to follow Fed. R. Civ. P. 4.  *See* D.E. 9, 11, 12, 13.  GFVC waited another six weeks to appear and to serve discovery, although its owner Dr. Isaacs could have amended the complaint at any time to assert claims on behalf of the true patent owner, an obvious defect. GFVC thus waited longer than the "four months" in *DJ Lincoln* "before seeking any discovery at all."  *DJ Lincoln*, *supra,* Docket No. 41.

Regardless of its timing, GFVC's FAC and its discovery requests confirm that there will be no "harm of delaying discovery" here.  *DJ Lincoln*, *supra,* Docket No. 41.  The FAC repeatedly concedes that it cannot state a claim without obtaining discovery.  *See supra* § B. And GFVC's requests seek voluminous and burdensome discovery far afield of its allegations, even if generously construed.  *See id.*  "Discovery is not a fishing expedition in which a party is allowed to probe all of the conduct of an opposing party to try to learn all the ways the opposing party has arguably infringed its rights.  Rather, discovery is limited to information relevant to the claims actually made." *Zamperla, Inc. v. I.E. Park SrL*, No. 13-180737, 2014 WL 11332269, at *5 (M.D. Fla. Oct. 23, 2014).  This is all the more true here, given the nature of the claims: "[T]he costs of modern federal antitrust litigation and the increasing caseload of the federal

– 7 –

courts counsel against sending the parties into discovery when there is no reasonable likelihood that the plaintiffs can construct a claim from the events related in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co*, 745 F. 2d 1101, 1106 (7th Cir. 1984)).  In situations such as this one, "a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Id.* (quoting *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 528 n.17 (1983)).

Finally, the actions of GFVC's owner and its counsel in this action further favor a stay. Dr. Isaacs filed this action shortly after this Court confirmed that he could not obtain burdensome and irrelevant discovery from Google in *Keller Williams*.  *See supra* § A.  In deciding this motion, the Court should consider counsel's discovery attempts in that action, as well as counsel's improper insistence in this action on maintaining Dr. Isaac's *pro se* discovery after the demise of his claims.  *See supra* § A, B.

For all of these reasons, the balance of interests favors a stay in this action.  "The Court has broad discretion over management of discovery, and a stay of discovery is appropriate where the movant shows good cause and reasonableness." *Dulcio v. Environmental Protection Agency*, No. 22-81908, Docket No. 66 (S.D. Fla. December 9, 2022) (citing *Johnson*, 263 F.3d 1234 at 1269; *Varga v. Palm Beach Cap. Mgmt., LLC*, No. 09-82398, 2010 WL 8510622, at *1 (S.D. Fla. Sept. 3, 2010)).  "A court may find good cause and reasonableness to stay discovery when the resolution of a preliminary motion may dispose of the entire action, and a short stay will not prejudice any party." *Dulcio*, *supra*, Docket No. 66 (citing *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003)).  That is the case here.  GFVC's "case is in its infancy—the complaint was filed just over a month ago—and this minimizes any potential

prejudice to the Plaintiff from a stay." *Ali v. 7-Eleven, Inc.*, No. 22-20328, 2022 WL 713665 at *2 (S.D. Fla. Mar. 10, 2022).  Conversely, Google will suffer prejudice if discovery proceeds, as many of plaintiff's requests are irrelevant to this action, *see supra* § B, and many of "the discovery requests Plaintiff has recently made seek highly confidential proprietary information about Google's search protocol and algorithms to which Google strenuously objects." *DJ Lincoln*, *supra*, Docket No. 41.

## CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court stay discovery in this action until resolution of the pleadings before it.

## LOCAL RULE 7.1 CERTIFICATION

Under Local Rule 7.1(a), counsel for Google attempted to confer with plaintiffs in a good-faith effort to resolve the issues in this motion.  Plaintiffs did not respond to that effort.  However, based upon prior communications with counsel regarding discovery, Google understands that plaintiffs oppose a stay.  If Plaintiffs do indicate that they will agree to a stay, Google will update the Court.  *See* L.R. 7.1(a)(3).

Date:  September 10, 2024

Respectfully submitted,

/s/ *Sujey S. Herrera*

| | |
|---|---|
| Kenneth C. Smurzynski (*pro hac vice*) | Edward M. Mullins (Florida Bar No. 863920) |
| Aaron P. Maurer (*pro hac vice*) | Ana M. Barton (Florida Bar No. 85721) |
| WILLIAMS & CONNOLLY LLP | Sujey S. Herrera (Florida Bar No. 92445) |
| 680 Maine Avenue, SW | REED SMITH LLP |
| Washington, DC 20024 | 200 South Biscayne Boulevard, Suite 2600 |
| +1 (202) 434-5000 | Miami, Florida, 33131 |
| ksmurzynski@wc.com | +1 (786) 747-0200 |
| amaurer@wc.com | +1 (786) 747-0299 facsimile |
| | emullins@reedsmith.com |
| Matthew S. Warren (*pro hac vice*) | abarton@reedsmith.com |
| Erika H. Warren (*pro hac vice*) | sherrera@reedsmith.com |
| Madeline A. Woodall (*pro hac vice*) | |
| WARREN KASH WARREN LLP | *Attorneys for Defendant Google LLC* |

– 9 –

2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
24-80395@cases.warrenlex.com

– 10 –