# EXHIBIT 1

Ayelet Faerman, Esq.
Faerman Law P.A.
3859 NW 124 Ave
Coral Springs, FL 33065
Ph. 954-271-8484
ayelet@faerman.law

Keith Mathews
Attorney for Plaintiff
*Pro Hac Vice*
American Wealth Protection
Manchester, NH 03105
Ph. 603-622-8100
keith@awplegal.com
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| GREENFLIGHT VENTURE CORPORATION *on behalf of themselves and all others similarly situated*<br><br>              Plaintiff,<br><br>vs.<br><br>GOOGLE LLC<br><br>              Defendant. | Case No. **24-cv-80395-RLR**<br><br><br>**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**<br><br><br>DISCOVERY |

## PLAINTIFF GREENFLIGHT VENTURE CORPORATION'S
## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

To: Google LLC Counsel of Record
Date: August 20, 2024

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff GREENFLIGHT VENTURE CORPORATION hereby requests that Defendant, Google LLC, produce the following documents within thirty (30) days and convey to Plaintiff via overnight courier or electronic transfer through Google Drive, or another mutually agreed upon method.

**DEFINITIONS**

"Document(s)" refers to the full scope of items contemplated by Federal Rule of Civil Procedure 34, including, but not limited to, writings, drawings, graphs, charts, recordings, photographs, data, electronic or digital information, and any other data or data compilations from which information can be obtained.

"Relevant Time Period" refers to the time frame from June 1, 2014, to the present unless otherwise specified. At a minimum, five years of records are requested.

**REQUESTS FOR PRODUCTION**

1. Produce all flow charts, diagrams, and structural documents related to the internal communication tools, platforms, and systems used by Google LLC employees, including but not limited to email systems, chat applications, discussion forums, and collaborative platforms. This request specifically includes all tools and systems used for the discussion, review, and annotation of websites, Vertical Search Providers (VSPs), and related content. Additionally, provide documents detailing the protocols, workflows, and hierarchies involved in these internal communication and review processes.

2. Produce all internal presentations, strategic documents, or executive communications discussing Google's strategic shift from prioritizing search engine improvements to focusing on AI, quantum computing, and other emerging technologies, including the rationale and expected outcomes.

3. Provide all user feedback studies, research reports, end-user complaints, and internal assessments that indicate a perceived decline in the quality, relevance, or innovation of Google Search results over the past ten years, including any comparative analyses with competitor search engines.

4. Produce all documents, memos, and internal communications that discuss transparency initiatives within Google Search, including any decisions or discussions that led to the limitation, alteration, or abandonment of such initiatives. Evidence concerning implemented and unimplemented transparency metrics, VSP contract bidding, VSP performance evaluation, and similar related concepts found in the Amended Complaint shall be included.

5. Produce all communications and documents discussing concerns raised by Google employees, partners, or external consultants regarding the company's handling of VSPs, including any recommendations for improving fairness or transparency in VSP rankings. Include all internal and external communications, including emails, reports, and meeting notes, that discuss Google's strategic control over VSPs and the effects of this control on the American market for specialized search services and data.

6. Provide all research, analyses, and internal communications related to Google's role as a gatekeeper of Vertical Search Providers (VSPs) in the United States, including studies on the impact of Google's ranking and visibility decisions on VSPs.

7. Produce all agreements, contracts, or memoranda of understanding between Google and its contractual partners that include provisions affecting the visibility or ranking of independent VSPs in Google's search results.

8. Produce all documents and data analytics sufficient to disclose the number of phone, person, and address searches conducted on Google annually. Indicate for each year the number of queries sent for each category to each of the top twenty VSP / web properties in each of these three sectors. Provide data, if available, on the percent of those annual searches that constituted the entire Google search session, i.e. the end-user navigated to Google.com only to look up a phone or person or address. Include Google ad revenue received for each top twenty competitor for each year.

9. Produce all documents, including internal guidelines or criteria, that were used to determine how ranking of phone/person/address VSP results was implemented, including features and characteristics of each of the top twenty competitors identified in (8) that contributed to its ranking, and how selection of VSP sitemap and other mass data content interacts with better publicized Pagerank (and similar) metrics.

10. Provide all agreements with, correspondence with, and complaints received concerning the top twenty phone, person and address search VSPs identified above.

11. Produce any legal opinions, advisories, internal or external audits, evaluations, reviews or risk assessments provided to Google regarding the antitrust or other legal implications of de-ranking, de-indexing, or otherwise suppressing the visibility of VSPs, including OkCaller.com, Dreamstime, and others. Include any complaints by VSPs themselves of antitrust non-compliance or other unfair business practices.

12. Produce all documents and data analytics reports generated by Google Analytics or similar tools that were used to assess the performance, user traffic, or ranking changes of OkCaller.com from 2015 to the present.

13. Produce any internal or external reports, white papers, or strategy documents that Google used to assess or justify the 2022 removal, de-ranking, or other reduction of OkCaller.com content from its search engine results.

14. Produce all internal emails, messages and annotations from Google's employee communication archives containing the terms "OkCaller" "Jeffrey Isaacs", "Greenflight Venture", "GR-1188", or ["Patent" and ("48,847" or "48847")].

15. Produce all documents and communications related to any internal investigations, assessments, or reviews conducted by Google LLC concerning 2022 modification of its search engine listings, partnerships, or business dealings with OkCaller.com and/or Plaintiff.

16. Provide all documents, reports, and communications identifying any alleged deficiencies or issues with OkCaller.com that contributed to changes in its Google Search rankings, including recommendations or guidelines provided by Google for addressing these deficiencies and potentially restoring its ranking or visibility.

17. Provide all documents, policies, procedures, and communications detailing Google's practices regarding the preservation, auto-deletion, or retention of electronic evidence pertinent to OkCaller.com, including any relevant updates or actions taken in response to the allegations in this lawsuit.

18. Produce all documents and evidence demonstrating Google's efforts to assess potential infringement of Dr. Jeff Isaacs' reissue patent by Play Store reverse phone apps and

websites monetized through AdSense/AdX, including any investigations, reports, or legal assessments conducted by Google. Include all documentation of efforts to ascertain whether a reverse phone service invoked GR-1188 or presented GR-1188 derived data to phone search end users. Include all investigation into infringement by the top twenty competitors, including RevealName, USPhoneBook, CallerName, SocialCatfish, Nuwber, WhitePages, and Spokeo.

19. Produce the complete discovery file from the *United States (DOJ) v. Google* antitrust lawsuit, including all rulings, reports, findings, and evidence relevant to search engine market practices, partnerships, or other matters that may intersect with the current case.

You are required to produce these documents within thirty (30) days of the date of service of this request. Should you have any objections to the production of any requested documents, please state the specific grounds for your objection and produce the remaining documents not subject to objection.

Please govern yourselves accordingly.

Respectfully submitted on this 20th day of August 2024.

/s/ Ayelet Faerman
Ayelet Faerman, Esq.
Faerman Law P.A.
3859 NW 124 Ave
Coral Springs, FL 33065
954-271-8484
ayelet@faerman.law

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing First Request for Production of Documents has been served on this 20th day of August, 2024, to all parties of record, including GOOGLE LLC counsel of record, via electronic mail as per the Federal Rules of Civil Procedure and Local Court Rules.

/s/ Ayelet Faerman
Ayelet Faerman, Esq.
Faerman Law P.A.
3859 NW 124 Ave
Coral Springs, FL 33065
954-271-8484
ayelet@faerman.law