# EXHIBIT 2

Ayelet Faerman, Esq.
Faerman Law P.A.
3859 NW 124 Ave
Coral Springs, FL 33065
954-271-8484
ayelet@faerman.law
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| GREENFLIGHT VENTURE CORPORATION *on behalf of themselves and all others similarly situated* <br><br> Plaintiff, <br><br> vs. <br><br> GOOGLE LLC <br><br> Defendant. | Case No. **24-cv-80395-RLR** <br><br><br> **PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS** <br><br><br><br> DISCOVERY |

## PLAINTIFF GREENFLIGHT VENTURE CORPORATION'S
## FIRST SET OF REQUESTS FOR ADMISSIONS TO GOOGLE LLC

To: Google LLC Counsel of Record

Date: August 20, 2024

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff GREENFLIGHT VENTURE CORPORATION hereby requests that Defendant Google LLC admit the following matters within thirty (30) days of service of this request.

1. Admit that the Google search query input field functions as a CID entry field for users to submit phone numbers, which is a system component described in Plaintiff's reissue patent (RE48847).

2. Admit that Google Search results pages (SERPs) connect a user to a TCP/IP site that provides a CNAM display field that shows information retrieved from external PSTN/SS7 databases, fulfilling the display component as described in the reissue patent (RE48847).

3. Admit that Google Search queries for US NANPA phone numbers, through SERP sites monetized by Google, trigger processes that retrieve caller name identification (CNAM) information from telephone company SS7 PSTN databases, including GR-1188 or CNAM protocols.

4. Admit that GR-1188 and CNAM protocols exhibit distinct data patterns that are observable and identifiable within the Google SERPs when conducting reverse phone number searches.

5. Admit that Google Search results directly displaying CNAM information from GR-1188 or CNAM databases satisfy the "display field" requirement in Dr. Jeff Isaacs' reissue patent (RE48847).

6. Admit that direct caching of CNAM in Google SERPs violates SS7 regulations and risks public safety under Daniel's Law and similar legislation.

7. Admit that the retrieval and display of CNAM information through Google Search SERP channels triggers payment or service receipts under SS7 signaling protocols and implementation contracts.

8. Admit that the inclusion of GR-1188 or CNAM-derived CNAM information on participating sites within Google Search results constitutes the use of a system or method described in Plaintiff's reissue patent (RE48847).

9. Admit that Google LLC's search engine indirectly enables or induces third-party websites and applications, which rely on GR-1188 or CNAM protocols, to infringe upon Plaintiff's reissue patent (RE48847).

10. Admit that Google LLC's search engine operations, when providing reverse phone search results derived from GR-1188 or CNAM data, result in direct or indirect infringement of Plaintiff's reissue patent (RE48847), including potential inducement of third-party infringement.

11. Admit that Google has prioritized its own vertical search services over independent VSPs in its SERPs.

12. Admit that Google has used its control over search traffic to negotiate favorable terms with strategic partners, to the detriment of independent VSPs.

13. Admit that Google has manually adjusted the rankings and indexing of specific websites, including OkCaller.com, to lower their visibility.

14. Admit that Google has not implemented a system for VSP developers to appeal or challenge their website's ranking or indexing in Google's search engine, on the basis of quality comparison to well ranked sites.

15. Admit that Google has failed to communicate with OkCaller.com or its developers regarding the reasons for its demotion or de-indexing.

16. Admit that a developer compensation fund would be a fair redress mechanism for anticompetitive conduct towards developers.

17. Admit that OkCaller.com was previously ranked among the top ten reverse phone search websites by Google, by SERP organic referrals, for at least one year between 2014-2022.

18. Admit that Google is aware of internal and external studies indicating that a significant portion of users believe the quality of Google Search has declined over the past decade.

19. Admit that Google has deprioritized search engine innovation in favor of other technological developments or profit-generating activities in recent years, resulting in less focus on improving the core functionality of Google Search.

20. Admit that search is an essential public utility, but Google treats it as a cash cow not worthy of investment.

21. Admit that Google has received complaints from users, partners, or regulatory bodies regarding the lack of transparency in its search algorithms and ranking processes, particularly in relation to small developers and niche VSPs.

22. Admit that since 2014, OkCaller.com received substantial organic traffic of approximately 100,000 to 200,000 daily users from Google's search engine prior to its effective termination with Google LLC.

23. Admit that other reverse phone search websites continue to receive substantial organic traffic from Google after OkCaller.com's ranking decline, including those that copied OkCaller's key features.

24. Admit that other reverse phone search websites and android apps monetized with Google products infringe upon the reissue patent.

25. Admit that other reverse phone search websites and android apps monetized with Google products provide caller name (CNAM) identification functionality.

26. Admit that Google LLC did not provide Plaintiff with a specific opportunity to address or remedy any alleged issues before terminating the partnership with OkCaller.com.

27. Admit that FactMed was dropped from rankings several years ago, removing millions of pages of FDA AERS content.

28. Admit FactMED received praise from users in academia, and had more accurate data descriptors than eHealthMe, which improperly referred to each AERS report as a "Phase IV Study" conducted by eHealthme.

29. Admit that OkCaller substantially overhauled its website within the last several months, but Google subsequently lowered the remaining traffic, about 2% of historic levels, it sends OkCaller.

30. Admit that Google LLC's effective termination of OkCaller.com could be easily reversed by Google and improve user phone SERP results, or at least, have no negative impact.

31. Admit that Google LLC did not offer Plaintiff any formal opportunity to appeal the termination of the partnership with OkCaller.com.

32. Admit that Google considers Plaintiff's CEO, Dr. Isaacs, to have a valid medical degree.

33. Admit that Google considers Plaintiff's CEO, Dr. Isaacs, to have been acquitted of any allegations regarding controversies at USC Keck School of Medicine.

34. Admit that Google LLC referred at least two hundred million SERP queries for phone numbers to OkCaller.com between June 2014 and November 2022.

35. Admit that suddenly terminating a site with 200 million users is rare and would typically involve communication and opportunities for the site to remediate.

36. Admit that CallerName copied much of OkCaller's interface and "trade dress" and was sent substantial (millions) Google traffic for at least five years.

37. Admit that Google has contemplated but never implemented providing more transparency to developers of vertical niche informatics sites (such as FactMed or OkCaller) as to the subjective quality metrics used to evaluate them.

38. Admit that best practices in subcontractor evaluation transparency, such as government bidding procedures, could or would likely result in improved overall search results for consumers and reduced harm to developers.

39. Admit that Google's rankings are imperfect, and a novel site may offer superior quality to sites featured in rankings, but never get ranked or indexed ahead of the historic SERP leader.

40. Admit that there is an overall loss of time and developer resources that results from vertical search sites never being ranked on Search, despite having preferable and or higher quality data and interface.

41. Admit that this case concerns developers who as a whole suffered antitrust injury under the verdict of *DOJ v Google*, including but not limited to exclusion of valid and competitive VSPs from Google Search.

42. Admit that at this time Google is unwilling to simply return OkCaller to its historic search presence, in order to resolve this dispute.

Please govern yourselves accordingly.

Respectfully submitted on this 20th day of August 2024.

/s/ Ayelet Faerman
Ayelet Faerman, Esq.
Faerman Law P.A.
3859 NW 124 Ave
Coral Springs, FL 33065
954-271-8484
ayelet@faerman.law

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing First Set of Requests for Admissions has been served on this 20th day of August, 2024, to all parties of record, including GOOGLE LLC counsel of record, via electronic mail as per the Federal Rules of Civil Procedure and Local Court Rules.

/s/ Ayelet Faerman
Ayelet Faerman, Esq.
Faerman Law P.A.
3859 NW 124 Ave
Coral Springs, FL 33065
954-271-8484
ayelet@faerman.law