UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

GREENFLIGHT VENTURE CORPORATION

        Plaintiff,

v.

GOOGLE LLC,

        Defendant.

CASE NO. 9:24-cv-80395-RLR-BER

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AN EXTENDED PAGE COUNT RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

    Plaintiff, GREENFLIGHT VENTURE CORPORATION ("Greenflight"), by and through the undersigned counsel, respectfully moves this Honorable Court for an Order granting leave to file a Response to Defendant Google LLC's Motion to Dismiss that exceeds the page limitations set forth in the Local Rules of the United States District Court for the Southern District of Florida. Specifically, Plaintiff requests permission to file a Response not to exceed thirty-five (35) pages, formatted in compliance with Local Rule 5.1's requirement of 1.5 spacing and in support states as follows:

1. This case has been designated under the "complex" litigation track, as acknowledged by both parties. It involves issues of class action antitrust claims and patent infringement matters, which inherently require comprehensive briefing to adequately address the legal and factual details.

2. The litigation pertains to matters of substantial public interest, given the ongoing national discourse surrounding antitrust enforcement against major technology companies, including Defendant. The issues raised in this case are interwoven with recent high-profile antitrust actions and investigations involving "Big Tech" Companies such as Defendant, supporting the necessity for thorough pleadings.

3. The Courts have routinely granted extensions of page limits to accommodate the complexity of the issues and the extensive arguments presented by the parties. Upon information and belief, similar extensions have been granted in cases involving the Defendant, recognizing the need for detailed briefing in cases of this magnitude.

4. Defendant's Motion to Dismiss (DE 41) raises a plethora of arguments for that dispositive motion, some of which are presented in a condensed or abbreviated format.

5. Plaintiff needs an adequate opportunity to address each of these arguments comprehensively to avoid waiver and to provide a complete response of the issues including the follow nuanced issues:

    a. **Vertical Search Provider (VSP) Market Definition**
    Defendant contends that it is implausible for OkCaller to be part of the VSP market, which also includes Google Flights, offering minimal explanation for this assertion. Plaintiff must counter this argument by citing relevant case law, industry definitions, and factual findings from authoritative sources, such as the Department of Justice's recent verdict recognizing Specialized Vertical Providers (SVPs) in its antitrust case against Google, and the Congressional Subcommittee's identification of Specialized Search Providers (SSPs). Providing this context requires substantial exposition, resulting in approximately five pages dedicated to this issue alone, despite Defendant's brief treatment.

    b. **Patent Claims and Reissue Patent Proceedings**

    c. Defendant asserts that Plaintiff has carelessly included canceled Patent Claims 1–6 in its allegations, omitting the fact that the Reissue Patent is currently undergoing a Request for Continued Examination (RCE) with the United States Patent and Trademark Office (USPTO). The RCE has resulted in allowed claims now numbering up to Claim 33. This ongoing patent prosecution process is substantial, spanning years of involvement with the Federal Circuit, and must be thoroughly explained to the Court to correct any misapprehensions and to accurately represent the status of the patent claims. This explanation necessitates additional pages beyond the standard limit.

6. **Change in Defendant's Legal Representation and Related Concerns;** Defendant's counsel in this matter was previously Wilson Sonsini Goodrich & Rosati ("Wilson

Sonsini"). Recent credible reports published in The Wall Street Journal spanning a month of investigative reporting have detailed allegations of improper attempts by Wilson Sonsini to subvert antitrust enforcement, particularly in matters involving Defendant. This development is pertinent to the present case because:

    a. Wilson Sonsini represented Google in this matter for approximately one year before being replaced by current counsel. Plaintiff's communications with Google's new counsel indicate that there was minimal transfer of knowledge regarding the case and little to no compliance with evidence preservation and due diligence obligations by the prior counsel. This is particularly concerning in light of the DOJ's discovery of Google's auto-delete practices.

    b. These circumstances, including a patent proceeding spanning a decade and an equally exhaustive antitrust backdrop, are critical to understanding why dismissal at this stage is inappropriate. Addressing these issues adequately requires additional briefing to ensure the Court is fully informed. Given the complexity and significance of the issues and the need to thoroughly address Defendant's numerous arguments, Plaintiff believes that exceeding the standard page limit is necessary to provide the Court with a complete and cogent response. Plaintiff aims to offer a detailed legal analysis and factual context, which cannot be sufficiently conveyed within the existing page constraints.

7. Pursuant to Local Rule 7.1(a)(3) of the United States District Court for the Southern District of Florida, the undersigned counsel certifies that he has conferred with counsel for Defendant in a good faith effort to resolve the issues raised in this Motion. Defendant's counsel has indicated that Google LLC takes no position on the requested relief.

8. Briefly, this case has been marked by the Clerk of Court as "Closed." Defendant's counsel does concur that this case is not closed as there is active litigation between the parties. The Clerk has maintained a case closed flag on ECF; Plaintiff and Defendant's counsel could not reach an agreement on whether or not the ECF flags should be updated. Plaintiff would additionally request a short order from this Court directing the Clerk to mark this case as "Open."

**WHEREFORE**, Plaintiff respectfully requests that this Court grant leave to file a Response to Defendant's Motion to Dismiss not to exceed thirty-five (35) pages, formatted in compliance with Local Rule 5.1's requirement of 1.5 spacing, and for such other and further relief as the Court deems just and proper.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

Pursuant to Local Rule 7.1(a)(3), I hereby certify that I have conferred with counsel for Defendant Google LLC regarding the relief requested herein. Defendant's counsel stated that Defendant takes no position on this Motion and defers to the court.

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion has been served on this 18th day of September 2024 to all parties of record via electronic filing as per the Federal Rules of Civil Procedure and Local Court Rules.

DATED this 18th day of SEPTEMBER 2024.

**Respectfully submitted,**

| | |
|---|---|
| /s/ Ayelet Faerman, Esq. | /s/ Keith Matthews, Esq. |
| **Ayelet Faerman, Esq.** | **Keith Matthews, Esq.** |
| FAERMAN LAW, P.A. | AMERICAN WEALTH PROTECTION |
| 3859 NW 124th Avenue | 1000 Elm St. #803 |
| Coral Springs, FL  33065 | Manchester NH 03105 |
| Telephone:  (954) 271-8484 | Telephone: (603) 622-8100 |
| Florida bar No. 102605 | Keith@awplegal.com |
| ayelet@faerman.law | *Counsel for Plaintiff (Pro Hac Vice)* |
| *Counsel for Plaintiff* | |