Ayelet Faerman, Esq.
Faerman Law P.A.
3859 NW 124 Ave
Coral Springs, FL 33065
954-271-8484
ayelet@faerman.law
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| GREENFLIGHT VENTURE CORPORATION<br>  *on behalf of themselves*<br>  *and all others similarly situated*<br><br>                Plaintiff,<br><br>vs.<br><br>GOOGLE LLC<br><br>                Defendant. | Case No. **24-cv-80395-RLR**<br><br>**PLAINTIFF'S OBJECTION TO GOOGLE'S MOTION TO STAY** |

## **GREENFLIGHT'S OBJECTION TO GOOGLE LLC'S MOTION TO STAY**

### INTRODUCTION

Plaintiff Greenflight Venture Corporation ("Greenflight") respectfully submits this Opposition to Defendant Google LLC's ("Google") Motion to Stay Discovery pending resolution of its Motion to Dismiss (DE 41 "MTD"). Google's Motion to Stay (DE 42 "MTS") is premised on an improperly filed MTD that contains knowingly false statements of fact, particularly the assertion that there are no anticompetitive agreements pled in the First Amended Complaint ("FAC"). This is demonstrably false. The FAC explicitly describes the Apple-Google Internet Search Agreement ("ISA") (see Exhibit A), which was determined to exist by a United States District Court in *United States v. Google LLC*, No. 1:20-cv-03010-APM (D.D.C. 2023). The FAC comprehensively details the injury caused to Greenflight by that agreement and Google's anticompetitive conduct to maintain its monopoly in general search services.

Moreover, Greenflight has filed an Opposition to the MTD (DE 46), which is incorporated herein by reference, demonstrating that the FAC states plausible claims for relief. Therefore, there is no basis for the MTS, and discovery should proceed. Given the substantial allegations of anticompetitive conduct and witness retaliation concerns, a stay of discovery is inappropriate and would prejudice Greenflight.

### II. BACKGROUND

#### A. Procedural History

On August 13, 2024 Greenflight filed the FAC, alleging that Google has engaged in anticompetitive conduct in violation of Sections 1 and 2 of the Sherman Act, as well as violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), the California Unfair Competition Law ("UCL"), and patent infringement. The FAC details how Google's monopolistic practices in the general search engine ("GSE") market harm Greenflight's business, particularly its reverse phone search service, OkCaller.

Google filed its MTD on September 10, arguing that the FAC fails to state a claim. Concurrently, Google filed the MTS, seeking to stay all discovery pending resolution of the MTD.

#### B. Summary of Relevant Allegations

The FAC alleges that Google maintains its monopoly in the GSE market through anticompetitive agreements, including the multi-billion-dollar ISA with Apple. This agreement ensures that Google remains the default search engine on iOS devices, effectively foreclosing

competition. (*FAC* ¶11, Ex. A). The recent decision in *United States v. Google LLC* supports the existence and anticompetitive nature of this agreement.

Greenflight's OkCaller service directly competes with Google's search functionalities, particularly in reverse phone lookups. Users often "Google phone numbers," and Google's monopolistic practices , including the IDA, harm Greenflight by manipulating search results and limiting visibility of competing services. (*FAC* ¶19, 82-84).

### III. ARGUMENT

**A. The Motion to Stay Is Based on an Improperly Filed Motion to Dismiss Containing Knowingly False Facts**

Google's MTS is predicated on its MTD, which is fundamentally flawed and contains knowingly false statements. A Motion to Stay should not be granted when the pleading clearly violates Rule 11, via a disavowal of serious Sherman Act verdict of felony monopolization conduct. Specifically, Google asserts that there are no anticompetitive agreements alleged in the FAC. (MTD at 11). This is demonstrably false.

The FAC explicitly alleges the existence of the Apple-Google ISA, under which Google pays Apple approximately $20 billion annually to maintain its search monopoly by being the default search engine on iOS devices. (*FAC* ¶11, Ex. A). This agreement was recently recognized and scrutinized in *United States v. Google LLC*, No. 1:20-cv-03010-APM, where the court found that such agreements contribute to Google's unlawful maintenance of its monopoly in the GSE market.

Furthermore, the FAC details how this anticompetitive agreement directly harms Greenflight by limiting competition and consumer choice in the reverse phone search market. (*FAC* ¶¶19, 83-84). Therefore, Google's assertion that no anticompetitive agreements are pled is incorrect, and the MTD is based on a false premise.

The MTS also completely mischaracterizes the amicable nature of Plaintiff's counsel's interaction with FTC. See attached Exhibit B. Considering government's recent guilty verdict against Google, it is strikingly odd that the company seeks to improperly cast a false light over these FTC interactions, which are clearly in the joint interest of antitrust enforcement.

**B. Discovery Should Proceed Because the FAC Adequately States Plausible Claims**

Greenflight has filed an Opposition to the MTD, incorporated herein by reference, which demonstrates that the FAC adequately states claims under the Sherman Act, FDUTPA, UCL, and for patent infringement. Under the standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544

4

(2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the FAC contains sufficient factual matter, accepted as true, to state claims that are plausible on their face.

Since the MTD is unlikely to dispose of the entire action, there is no justification for staying discovery. Courts have held that discovery should not be stayed when the motion to dismiss is not clearly meritorious. See *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997).

### C. The Balance of Interests Favors Proceeding with Discovery

In determining whether to stay discovery, courts balance the harm of delaying discovery against the possibility that the motion will be granted and the need for discovery eliminated. See *Feldman*, 176 F.R.D. at 652.

#### 1. Harm to Plaintiff from Delaying Discovery

Greenflight would suffer significant harm from a stay of discovery. The alleged anticompetitive conduct is ongoing, causing continuous damage to Greenflight's business operations and competitive standing. Delaying discovery impedes Greenflight's ability to gather evidence necessary to substantiate its claims and seek timely relief.

#### 2. Likelihood of Motion to Dismiss Being Granted

As discussed above and in Greenflight's Opposition to the MTD, the FAC states plausible claims for relief. The MTD relies on incorrect assertions and mischaracterizations of the FAC's allegations. Therefore, the likelihood that the MTD will be granted in its entirety is low, and the potential benefits of a stay are minimal.

#### 3. Minimal Prejudice to Google

Google will not suffer undue prejudice by proceeding with discovery. The Federal Rules of Civil Procedure provide mechanisms to address any concerns regarding the scope or burdensomeness of discovery requests. Google can object to specific requests or seek protective orders if necessary.

Moreover, Google's allegations of prior abusive discovery practices are irrelevant to this case and also false. Each case must be considered on its own merits, and speculative concerns about potential discovery abuse do not justify a blanket stay. Google improperly attempts to interject into the merits of a private real estate contract with *Equestrian*, which concluded *by contractual agreement* stating the homeowner's medical disability impaired his ability to vacate his home. Furthermore, the Russia-Ukraine war created risk, particularly for the homeowner's partner, who would lose her familiar home and be left with an apartment near a warzone. It is not proper for Google to seek to litigate this closed and final agreement between unrelated parties to this lawsuit.

### D. Google's Allegations of Abusive Discovery Are Unfounded and Irrelevant

Google also improperly attempts to justify a stay by alleging that Greenflight, its owner, and its counsel have engaged in abusive discovery tactics in prior litigation. These allegations are unfounded and irrelevant to the present case. None of these entities have ever been sanctioned for discovery abuse, and Google again seeks to re-litigate past conflicts, placing them entirely out of context

1. **No Evidence of Abusive Discovery in This Case**

To date, Greenflight has conducted discovery in accordance with the Federal Rules. The discovery requests served are pertinent to the allegations in the FAC and are necessary to gather evidence supporting Greenflight's claims. There is no indication of abusive or improper discovery practices in this case. Google's cursory description of the discovery does not even begin to address the legal framework necessary to characterize it as abusive. In fact, it is targeted, routine, and highly necessary discovery.

### E. Staying Discovery Would Contravene the Interests of Justice

Staying discovery pending resolution of the MTD would delay the progression of this case and hinder Greenflight's ability to obtain timely relief. The allegations involve ongoing anticompetitive conduct that continues to harm Greenflight and the competitive landscape. Proceeding with discovery promotes judicial efficiency and the interests of justice.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Stay Discovery and allow the parties to proceed with discovery in accordance with the Federal Rules of Civil Procedure. It is recognized the Court granted the Stay upon filing. In light of these objections, the Court has discretion and inherent authority to amend its ruling. Furthermore, Greenflight respectfully requests the Court remove the "Case Terminated" annotation on ECF should it concur that Google has not filed any proper MTD the allegations of anticompetitive contracts, amongst other claims.

Respectfully submitted on this 24th day of September 2024.

/s/Ayelet Faerman  
AYELET FAERMAN, ESQ.  
FBN: 102605  
Faerman Law, P.A.  
3859 NW 124th Ave  
Coral Springs, FL 33065  
Tel: (954) 271-8484  
F ax: (954) 271-8474  
ayelet@faerman.law

/s/ Keith Mathews  
Keith Mathews  
Attorney for Plaintiff  
*Pro Hac Vice*  
NH Bar No. 20997  
American Wealth Protection  
Manchester, NH 03105  
Ph. 603-622-8100  
keith@awplegal.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on this 24th day of September 2024, to all parties of record via the CM/ECF filing system as per the Federal Rules of Civil Procedure and Local Court Rules.

/s/Ayelet Faerman  
AYELET FAERMAN, ESQ.  
FBN: 102605  
Faerman Law, P.A.  
3859 NW 124th Ave  
Coral Springs, FL 33065  
Tel: (954) 271-8484  
F ax: (954) 271-8474  
ayelet@faerman.law

/s/ Keith Mathews  
Keith Mathews  
Attorney for Plaintiff  
*Pro Hac Vice*  
NH Bar No. 20997  
American Wealth Protection  
Manchester, NH 03105  
Ph. 603-622-8100  
keith@awplegal.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Objection to Motion to Stay Discovery has been served on this 24th day of September, 2024, to all parties of record, including GOOGLE LLC counsel of record, via electronic mail as per the Federal Rules of Civil Procedure and Local Court Rules.

        /s/ Ayelet Faerman
        Ayelet Faerman, Esq.
        Faerman Law P.A.
        3859 NW 124 Ave
        Coral Springs, FL 33065
        954-271-8484
        ayelet@faerman.law