# EXHIBIT B

**From:** Keith Mathews <Keith@awplegal.com>
**Sent:** Thursday, September 12, 2024 4:02:16 PM
**To:** Mullins, Edward M. (MIA) <EMullins@reedsmith.com>; Ayelet Faerman <ayelet@faerman.law>; Matt Warren <matt@warrenkashwarren.com>; Barton, Ana M. <ABarton@reedsmith.com>; Herrera, Sujey S. <SHerrera@reedsmith.com>
**Cc:** Aaron Maurer <amaurer@wc.com>
**Subject:** Re: Greenflight Venture Corporation v. Google LLC, No. 24-80395 (S.D. Florida)

Dear Mr. Warren,

I am writing on behalf of Greenflight Venture Corporation ("Greenflight") in response to Google's recently filed Motion to Stay Discovery. After careful review of the motion, we believe it is replete with factual misrepresentations, improper accusations, and violations of Rule 11 of the Federal Rules of Civil Procedure. As you are aware, the Judge granted to motion in a paperless order, apparently on a case management basis, rather than the merits of the issues you raised, but we do need this matter clarified and documented for the record. In this light, we respectfully request that you retract the motion to stay, and re-file if you believe doing so would be appropriate. Based on your decision, we will either file for reconsideration or object to a new motion. Please let me know Google's response

Unfounded Accusations of "Abusive Discovery"

The motion's repeated and baseless assertions of "abusive discovery" by Plaintiff and its counsel are improper. Neither Plaintiff nor counsel has ever been sanctioned for discovery abuse in this or any prior litigation. To the contrary, it is our belief that powerful entities, including Apple and their counsel, have abused their positions to prolong and complicate litigation involving Dr. Isaacs. By labeling us as "abusive" without any factual or legal basis, you are engaging in an unjustified attempt to discredit both my firm and my client.

These repeated accusations, particularly the implication that Plaintiff is waging a "war" against Google, are not only inflammatory but also appear to be made in bad faith. We have made consistent efforts to de-escalate this matter. In fact, we have proposed mediation on numerous occasions for over a year, and it was Dr. Isaacs himself who credited Google with saving his career - before pulling the carpet from under him for suspicious reasons. There is no basis for your assertion that we have gone to war with Google, and it is both reckless and false to suggest otherwise. My client remains amenable to moving this entire matter out of Court and having a reasonable discussion with Google as to how to again serve others with his development skills.

False Narrative Regarding the FTC

The motion mischaracterizes our interactions with the FTC and Chairwoman Lina Khan. Our engagement with the FTC in the Apple antitrust matter was entirely non-adversarial. I had a brief and productive call with the FTC during which they fully understood our intention of seeking their assistance. They politely explained that they were pursuing their own strategy

regarding Apple, which, as you know, has since taken fruition. They further understood our hopes in this case but asked us to dismiss them from the action, which we did promptly and without hesitation.

To frame this as part of some broader "abusive" litigation tactic is simply inaccurate. I would say the FTC and DOJ have taken note of our diligent work concerning digital markets, and would seemingly refute your claims that we were disruptive - if they didn't already in their complaint references to developers being unfairly subjected to litigation conduct by Apple. We complied fully with the FTC's request, and to imply otherwise misrepresents our conduct.

Improper and Irrelevant References to Resolved Matters

Your motion's reference to the Equestrian case and the settled litigation surrounding the sale of Dr. Isaacs' home is entirely inappropriate. Moreover, the motion falsely implies that Google was somehow the victim of discovery abuse in that matter, when in fact Google seemed to evade a summons only on the basis of "failed litigation against apple" which again was improper. It is clear that this reference serves no legitimate purpose in this case and should not have been included.

18 U.S.C. §1512 Retaliation Concerns

In fact, your repeated reference to "abusive discovery" and the insinuation that Dr. Isaacs' litigation efforts were somehow improper may be more telling than you realize. It appears to reveal an underlying resentment toward Dr. Isaacs' involvement in antitrust litigation, generally, and even evidences the potential retaliatory motive behind the sudden removal of OkCaller from Google's algorithm. We have raised concerns that Google may have violated 18 U.S.C. §1512, and your motion's language—particularly the exaggerated narrative about Dr. Isaacs' supposed "war"—only bolsters our suspicions. It suggests that Google viewed his litigation efforts as an existential threat, and this may well have played a role in the abrupt and unexplained actions against OkCaller.

Twombly and Monopoly Leveraging Issues in the Motion to Dismiss

Your motion to stay discovery is frivolous in light of the equally frivolous motion to dismiss. The Motion to Dismiss fails to address the core issues raised in the FAC. For instance, your assertion that OkCaller and Greenflight are not competitors in the General Search Engine (GSE) market disregards critical allegations. The FAC specifically notes that Google itself is a major player in the reverse phone search market, a vertical directly related to the GSE market. Moreover, the FAC alleges that reverse phone search engines like OkCaller could potentially evolve into GSEs. The failure to acknowledge these points in your Motion to Dismiss undermines any credibility the motion might otherwise have had under Twombly.

Additionally, your argument that OkCaller still maintains 1% of its traffic grossly mischaracterizes the FAC's allegations. The FAC explicitly states that millions of OkCaller pages, which constituted

its digital product, were removed from Google's index. To assert that this constitutes "continued" presence in Google rankings ignores the reality of the situation. The mass removal of pages represents exclusionary conduct in its clearest form, which your motion sidesteps entirely. At its core, your motion suggests that if McDonald's "Over 300 billion served" sign changed to "Over One Thousand Served", nothing happened and no claim is stated, per Twombly. A jury, like they did in Epic v Google, will see through this in five minutes.

Infringement Admissions and Summary Judgment

Finally, your motion disregards that Google's resisted discovery responses would bring this case close to summary judgment on the issue of patent infringement. Google's search engine query field indisputably serves as the CID entry field for Caller Identification under the '847 patent, and the subsequent monetization of GR-1188 outputs by third parties on its platform forms the prima facie basis for either direct or contributory infringement. These admissions, which should be forthcoming, place Google in a precarious legal position, and the motion to stay discovery seems like an effort to avoid confronting this reality.

Conclusion

For the reasons outlined above, we respectfully request that you file to retract the motion to stay. It is clear that the motion is not based on a legitimate desire to streamline the litigation process but rather on a broader strategy to deflect attention from Google's own anticompetitive and felonious conduct-now proven in the DOJ case. The inflammatory language used in your motion, combined with the misstatements about resolved matters and baseless accusations of abuse, represent a clear violation of Rule 11.

We trust that upon reviewing these issues, you will agree that a retraction is in the best interest of all parties involved.

I would request a telephone call to deescalate the situation before close of business tomorrow.

Sincerely,

Keith Mathews, Esq.