Ayelet Faerman, Esq.
Faerman Law P.A.
3859 NW 124 Ave
Coral Springs, FL 33065
954-271-8484
ayelet@faerman.law
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| GREENFLIGHT VENTURE CORPORATION<br>   *on behalf of themselves*<br>   *and all others similarly situated*<br><br>               Plaintiff,<br><br>vs.<br><br>GOOGLE LLC<br><br>               Defendant. | Case No. **24-cv-80395-RLR**<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY** |

<u>**PLAINTIFF GREENFLIGHT VENTURE CORPORATION'S**</u>

<u>**MOTION FOR LEAVE TO FILE SUR-REPLY**</u>

Plaintiff, Greenflight Venture Corporation ("Greenflight"), by and through undersigned counsel, respectfully moves this Court for leave to file a sur-reply in response to Defendant Google LLC's ("Google") Reply in Support of its Motion to Dismiss. Good cause exists to allow a Sur-Reply. On October 1, 2024, Google filed its Reply in Support of its Motion to Dismiss ("Reply"). The Reply introduces new arguments, misstatements of law and fact, and mischaracterizations of Greenflight's claims that were not raised in Google's initial Motion to Dismiss ("MTD"). To ensure a fair and just adjudication of the issues, Greenflight seeks leave to file a sur-reply to address these matters. The Reply also seeks clarification regarding two legal citations that are erroneous, and corrected in the sur-reply (Attached Exhibit A).

While the Local Rules do not expressly permit sur-replies, courts have discretion to allow them when a reply brief raises new arguments or when justice so requires. Granting leave to file a sur-reply is appropriate where the opposing party would otherwise be prejudiced, and is well within the inherent judicial authority of this Court.

Google now argues for the first time that Greenflight failed to allege that Google had a duty to disclose under California's Unfair Competition Law ("UCL"). (Reply at 7). This argument was not presented in the MTD concerning the UCL and represents a new legal theory. Google improperly extends its argument regarding the duty to disclose—originally raised under Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA")—to Greenflight's claim under California's Unfair Competition Law ("UCL"). (Reply at 7). This is a new argument not presented in its Motion to Dismiss and conflates distinct legal standards between Florida and California law. Notably, Google argued the duty to disclose element in the MTD but that was pursuant to FDUTPA, citing a Google case this Court is familiar with. *DJ Lincoln Enters. v. Google, LLC*, 20-CV-14159-Rosenberg/Reinhart (S.D. Fla. Jul. 27, 2022). Using their reply to extend this Court's DJ Lincoln FDUTPA decision to the California UCL is an improper bait-and-switch. This serious matter itself necessitates a sur-reply.

Likewise, Google misrepresents Greenflight as having "switched gears" to assert antitrust claims only after a recent opinion in *United States v. Google*. (Reply at 1). This ignores nearly two years of pre-litigation correspondence in which Greenflight raised antitrust concerns and

allegations under 18 U.S.C. § 1512. By claiming that Greenflight "switched gears" after the DOJ case, Google ignores nearly two years of pre-litigation correspondence that detailed Greenflight's antitrust concerns and allegations under 18 U.S.C. § 1512. This suggests that Google's new counsel either failed to conduct basic due diligence when taking over the case from Wilson Sonsini, or is intentionally misleading the Court. Google's assertion that Greenflight is opportunistically latching onto the DOJ case is either fundamentally dishonest or reflects a disregard for the factual record. No reasonable person could state that Greenflight pivoted to antitrust in the last few weeks, following the DOJ verdict. Given the extensive pre-litigation history, such an accusation is unfounded and undermines the credibility of Google's arguments. Counsel has a duty to accurately represent the facts and not mislead the Court.

Google also introduces a new argument regarding alternative means of accessing Greenflight's services, asserting that Greenflight has not been denied access to Google's search engine because users can navigate directly to its website. (Reply at 6-7). This argument was not raised in the MTD.

Google also now incorrectly claims that Greenflight's assertion that its product "could evolve into" a general search engine is contradicted by the FAC. (Reply at 1). Greenflight's FAC and Opposition explain how Vertical Search Providers have the potential to expand and compete with general search engines, a point misrepresented by Google.

The new arguments and misstatements in Google's Reply necessitate a sur-reply to correct the record and ensure the Court has accurate information. Without an opportunity to address these issues, Greenflight would be prejudiced, and incomplete or incorrect representations may mislead the Court. Allowing Greenflight to file a sur-reply will not prejudice Google. It will provide the Court with a complete understanding of the issues and ensure that all arguments are fully briefed.

For the foregoing reasons, Greenflight respectfully requests that the Court grant leave to file a sur-reply to address the new arguments, misstatements, and mischaracterizations presented in Google's Reply.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), counsel for Greenflight conferred with counsel for Google regarding the relief requested herein. Google's position is as follows:

**"I write in response to your email of earlier today, indicating that you will seek leave to file a sur-reply in opposition to Google's motion to dismiss. Google defers to the Court's judgment of whether a sur-reply is appropriate here, and thus takes no position on your motion. Please note our response in your certificate of conference. Thank you for your continued time and courtesy in this matter."**

Respectfully submitted on this 7th day of October 2024.

/s/Ayelet Faerman
AYELET FAERMAN, ESQ.
FBN: 102605
Faerman Law, P.A.
3859 NW 124th Ave
Coral Springs, FL 33065
Tel: (954) 271-8484
Fax: (954) 271-8474
ayelet@faerman.law

/s/ Keith Mathews
Keith Mathews
Attorney for Plaintiff
*Pro Hac Vice*
NH Bar No. 20997
American Wealth Protection
Manchester, NH 03105
Ph. 603-622-8100
keith@awplegal.com

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing has been served on this 7th day of October 2024, to all parties of record via the CM/ECF filing system as per the Federal Rules of Civil Procedure and Local Court Rules.

| /s/Ayelet Faerman | /s/ Keith Mathews |
|---|---|
| AYELET FAERMAN, ESQ. | Keith Mathews |
| FBN: 102605 | Attorney for Plaintiff |
| Faerman Law, P.A. | *Pro Hac Vice* |
| 3859 NW 124th Ave | NH Bar No. 20997 |
| Coral Springs, FL 33065 | American Wealth Protection |
| Tel: (954) 271-8484 | Manchester, NH 03105 |
| Fax: (954) 271-8474 | Ph. 603-622-8100 |
| ayelet@faerman.law | keith@awplegal.com |