UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 9:24-cv-80395-RLR-BER

GREENFLIGHT VENTURE CORPORATION,

   Plaintiff,

v.

GOOGLE LLC,

   Defendant.

**DEFENDANT GOOGLE'S BRIEF
IN SUPPORT OF CAFA JURISDICTION**

Defendant Google LLC ("Google") submits this brief pursuant to the Court's Order of November 8, 2024 (DE 53). For the reasons stated herein, the Court has jurisdiction over Counts 4 and 5 pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

## BACKGROUND

The First Amended Complaint includes claims under federal antitrust law (Counts 1–3), Florida's Deceptive and Unfair Trade Practices Act (Count 4), California's Unfair Competition Law (Count 5), and patent infringement (Count 6). DE 24 ("FAC"). Google filed a motion to dismiss that argued that all of GFCV's claims were deficient. DE 41. The Court granted the motion in part and dismissed Counts 1–3 and 6. DE 53.

The Court reserved judgment as to Counts 4 and 5 and ordered that "the parties shall confer and file simultaneous briefing on the Court's jurisdiction over the state law claims." DE 53 at 19. The Court in its order stated

> The parties have not briefed whether the jurisdictional requirements of CAFA are met here, just as they have not briefed whether the parties would jointly prefer the state-law claims to be litigated in state court or whether, alternatively, either party believes that these matters should be decided by a federal court in another venue, such as California (given one of the counts is brought under California law).

DE 53 at 17.

Google contends that the jurisdictional requirements of CAFA are met here, and respectfully requests that Counts 4 and 5 continue before this Court. The parties met and conferred on November 12, 2024, and Google understands that Plaintiff agrees with Google on both jurisdiction and venue.

1

**DISCUSSION**

**I.     This Court Has Subject Matter Jurisdiction Pursuant to CAFA.**

CAFA provides that federal district courts "shall have original jurisdiction of any civil action" if three requirements are met: (1) the class must have more than 100 members; (2) the parties must be minimally diverse; and (3) the amount in controversy must exceed $5 million. 28 U.S.C. § 1332(d)(2), (5)(B); *see also Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84–85 (2014) (same).  All three requirements are met here.[1,2]

**A.     The Putative Classes Exceed 100 Members.**

Plaintiff brought this putative class action pursuant to Federal Rule of Civil Procedure 23(b)(1)–(3) on behalf of itself and the following proposed nationwide classes:

> All web developers whose VSPs for United States internet consumers were not indexed, or not effectively indexed, on Google Search, from four years prior to filing of this Complaint through the present.  (VSP non-indexed class)
>
> All web developers whose VSPs for United States consumers were suppressed in Google SERPs, and not ranked according to objective quality metrics, causing developer investment losses, from four years prior to filing of this Complaint through the present.  (VSP SERP metric transparency class)

FAC ¶ 89.

Plaintiff alleges "that approximately ***250,000 small developers*** submitted VSPs to

---

[1] While Google asserts that the Court has subject matter jurisdiction over the remaining state-law claims under CAFA, Google does not concede that certification of the class is proper under Fed. R. Civ. P. 23.  *Cf.* 28 U.S.C. § 1332(d)(8) (class need not be certified before a court may assert federal jurisdiction over the action under CAFA).

[2] Unless specified otherwise, all citations herein to the FAC are applicable to both Count 4 and Count 5.  *See* FAC ¶¶ 125–126 (Count 4), 135–136 (Count 5).

Google . . . over the past five years." FAC ¶ 91 (emphasis added).  Plaintiff also "estimate[s]" that "***at least three hundred SVP [sic] apps*** were suppressed or improperly (de)indexed." FAC at 53, n.3 (emphasis added); *see also* FAC ¶ 76 ("This Amended Complaint invokes the broadest definition of VSPs to form an inclusive putative class.").

Accordingly, the FAC on its face pleads a class of more than 100 members and thereby satisfies the numerosity requirement of 28 U.S.C. § 1332(d)(5)(B).

### B. CAFA's Requirement of Minimal Diversity Is Met.

CAFA only requires minimal diversity between the plaintiff(s) and defendant(s). 28 U.S.C. § 1332(d)(2)(A)–(C).  "Under that requirement, a federal court may exercise jurisdiction over a class action if 'any member of a class of plaintiffs is a citizen of a State different from any defendant.'" *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 165 (2014); *see also Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1193 n.24 (11th Cir. 2007)).

Here, Google is wholly-owned by XXVI Holdings Inc., which is incorporated in Delaware with a principal place of business located in Mountain View, California.  Google is therefore a citizen of Delaware and California for diversity purposes.  (The FAC alleges that Google is a citizen of Delaware.  FAC ¶ 11.)  Both GFVC and Dr. Issacs are citizens of Florida.  FAC ¶¶ 9, 10.  Further, GFVC purports to bring suit on behalf of all web developers in the United States whose VSPs were allegedly suppressed or deindexed in Google's search results. FAC ¶ 89.

Thus, § 1332(d)(2)(A)'s requirement of minimal diversity is met.

### C. The Amount in Controversy Exceeds $5 Million.

Plaintiff alleges that it and its owners, "suffered actual losses of no less than ***$80 million*** in goodwill, revenue, and loss of investment opportunity for its software app portfolio including

3

OkCaller, FactMed, and other VSPs" FAC at 54 (emphasis added). Plaintiff also alleges that losses to VSPs due to "lost value creation" could be substantial:

> If Google blocked just one single web SVP [sic] app from succeeding at the $1 billion valuation, it would be liable for ***$3 billion*** (3x) under Sherman act. Our estimate assumes ***at least three hundred SVP [sic] apps*** were suppressed or improperly (de)indexed, which would have been competitive in a transparent GSE service, ***each with an average valuation of $10 million.***

FAC at 53, n.3 (emphasis added); *see also* FAC ¶¶ 4, 20, 74, 84–87, 92 (describing alleged losses of GFVC and purported class members generally); FAC ¶¶ 127, 133, 134 (same in context of Count 4); FAC ¶¶ 142, 143 (same in context of Count 5).

The amount in controversy therefore exceeds CAFA's $5 million amount-in-controversy requirement. 28 U.S.C. § 1332(d)(2).

      **D.**      **No Statutory Exceptions Apply.**

CAFA contains several exceptions to its broad conveyance of federal diversity jurisdiction over class actions. In all circumstances, the party opposing federal jurisdiction bears the burden of proving that an exception applies. *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1165 (11th Cir. 2006); *Gavron v. Weather Shield Mfg., Inc.*, No. 10-22088-CIV-HUCK, 2010 WL 3835115, at *2 (S.D. Fla. Sept. 29, 2010). No such exception is applicable here, and Google does not understand Plaintiff to contend that any exception applies.

**II.**      **This Court Is Best Suited to Resolve All Claims in This Action.**

Google believes that it would be most efficient for the case to remain before this Court. The Court, having already dismissed Counts 1–3, is familiar with the issues relevant to the state-law claims. As Google noted in its motion to dismiss, Plaintiff's state-law claims simply recast

4

its failed federal antitrust claims. *See* DE 41 at 10–13.[3]  There are thus judicial efficiencies inherent with the Court deciding the remainder of the motion to dismiss.[4]

## CONCLUSION

For the foregoing reasons and those stated in its motion to dismiss, Google respectfully requests that the Court find that it has subject matter jurisdiction over, and then dismiss, Counts 4 and 5 of the FAC.

---

[3] The motion to dismiss also argues that Counts 4 and 5 fail to plead fraud with particularity as required by Fed. R. Civ. P. 9(b).  *See* DE 41 at 11 (Count 4), 12–13 (Count 5).

[4] Although not pleaded, Google notes that diversity jurisdiction provides an alternative basis for the Court's jurisdiction over the state-law claims.  In the context of a putative class action lawsuit, only the citizenship of the named plaintiffs are relevant to determining the existence of jurisdiction under the ordinary diversity standards set forth in 28 U.S.C. § 1332(a).  *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1288 (11th Cir. 1998).  As discussed above, there is complete diversity of citizenship of the named parties and the amount in controversy exceeds $75,000.

| | |
|---|---|
| Date:  November 15, 2024 | Respectfully submitted, |
| | /s/ *Edward M Mullins* |
| Kenneth C. Smurzynski (*pro hac vice*) | Edward M. Mullins (Florida Bar No. 863920) |
| Aaron P. Maurer (*pro hac vice*) | Ana M. Barton (Florida Bar No. 85721) |
| WILLIAMS & CONNOLLY LLP | Sujey S. Herrera (Florida Bar No. 92445) |
| 680 Maine Avenue, SW | REED SMITH LLP |
| Washington, DC 20024 | 200 South Biscayne Boulevard, Suite 2600 |
| +1 (202) 434-5000 | Miami, Florida, 33131 |
| ksmurzynski@wc.com | +1 (786) 747-0200 |
| amaurer@wc.com | +1 (786) 747-0299 facsimile |
| | emullins@reedsmith.com |
| Matthew S. Warren (*pro hac vice*) | abarton@reedsmith.com |
| Erika H. Warren (*pro hac vice*) | sherrera@reedsmith.com |
| Madeline A. Woodall (*pro hac vice*) | |
| WARREN KASH WARREN LLP | *Attorneys for Defendant Google LLC* |
| 2261 Market Street, No. 606 | |
| San Francisco, California, 94114 | |
| +1 (415) 895-2940 | |
| +1 (415) 895-2964 facsimile | |
| 24-80395@cases.warrenlex.com | |