UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

GREENFLIGHT VENTURE CORPORATION

        Plaintiff,

v.

GOOGLE LLC,

        Defendant.

CASE NO. 9:24-cv-80395-RLR-BER

**PLAINTIFF GREENFLIGHT VENTURE CORPORATION'S
BRIEF IN SUPPORT OF CAFA JURISDICTION**

Plaintiff, GREENFLIGHT VENTURE CORPORATION ("Greenflight"), by and through the undersigned counsel, submits this brief in response to the Court's order of November 8, 2024 (DE 53). Plaintiff agrees with Defendant Google LLC's analysis regarding this Court's subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). DE 54. Plaintiff submits this brief to support Defendant's position that the jurisdictional requirements of CAFA are met and that this Court is the appropriate forum to resolve Counts 4 and 5.

## RELEVANT BACKGROUND

Greenflight's First Amended Complaint (FAC) asserts claims under Federal Antitrust law (Counts 1–3), Florida's Deceptive and Unfair Trade Practices Act (Count 4), California's Unfair Competition Law (Count 5), and patent infringement (Count 6). DE 24. Google filed a motion to dismiss, arguing that all claims brought by Greenflight were facially deficient. DE 41. The Court partially granted the motion, dismissing Counts 1–3 and 6, while reserving judgment on Counts 4 and 5. DE 53. The Court instructed the parties to "confer and file simultaneous briefing on the Court's jurisdiction over the state law claims." DE 53 at 19.

In its order, the Court noted that the jurisdictional requirements under the Class Action Fairness Act (CAFA) had not been addressed and raised questions about whether the state-law claims should proceed in state court or be decided by a federal court in another venue, such as California, given that one of the counts arises under California law. DE 53 at 17. Google maintains that the CAFA jurisdictional requirements are satisfied and requests that Counts 4 and 5 remain before this Court. The parties met on November 12, 2024, and Greenflight understands that the Defendant agrees with its position regarding both jurisdiction and venue.

## DISCUSSION

I. <u>Subject Matter Jurisdiction Is Proper Under CAFA</u>

CAFA provides federal courts with jurisdiction over class actions where: (1) the class has more than 100 members; (2) minimal diversity exists between the parties; and (3) the amount in controversy exceeds $5 million. See Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 84–85 (2014). Plaintiff concurs that all three requirements are satisfied here.

    A. *The Putative Classes Exceed 100 Members*

As noted by Defendant, Greenflight's First Amended Complaint (FAC) defines putative classes that include thousands of web developers whose virtual software

2

    platforms (VSPs) were allegedly suppressed or improperly indexed. See FAC ¶¶ 89–91. Plaintiff explicitly alleges that the proposed classes encompass "approximately 250,000 small developers" who submitted VSPs to Google. FAC ¶ 91. These allegations satisfy the numerosity requirement of 28 U.S.C. § 1332(d)(5)(B).

B. *Minimal Diversity Exists Between the Parties*

    CAFA's requirement of minimal diversity is met when "any member of a class of plaintiffs is a citizen of a State different from any defendant." Mississippi ex rel. Hood v. AU Optronics Corp., 571 U.S. 161, 165 (2014). Plaintiff GFVC and its owner, Dr. Isaacs, are citizens of Florida, while Defendant Google LLC is a citizen of Delaware and California. FAC ¶¶ 9–11. Accordingly, minimal diversity is satisfied under 28 U.S.C. § 1332(d)(2)(A).

C. *The Amount in Controversy Exceeds $5 Million.*

    Plaintiff's FAC alleges that its losses, combined with those of the putative class, far exceed CAFA's $5 million threshold. Plaintiff claims direct losses of at least $80 million and estimates significant additional damages from the suppression of hundreds of VSPs, which could each be valued in the millions. FAC ¶¶ 4, 20, 53, 127, 135, 142. These allegations are sufficient to establish the amount in controversy required under 28 U.S.C. § 1332(d)(2).

II. No Statutory Exceptions to CAFA Jurisdiction Apply

    As Defendant correctly observes, the burden of demonstrating a CAFA exception lies with the party opposing federal jurisdiction. See *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1165 (11th Cir. 2006). Plaintiff agrees with Defendant that no exceptions to CAFA apply in this case.

III. Retaining Jurisdiction Promotes Judicial Efficiency

    This Court has already devoted significant time and resources to this matter, including dismissing Counts 1–3 and 6. Judicial efficiency supports retaining jurisdiction over Counts 4 and 5, as these claims are closely related to the federal claims previously analyzed by the Court. See Lowery v. Ala. Power Co., 483 F.3d 1184, 1193 n.24 (11th Cir. 2007) (noting the efficiency benefits of federal court jurisdiction under CAFA).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully agrees with Defendant Google LLC that the requirements of CAFA are satisfied and that this Court has subject matter jurisdiction over Counts 4 and 5 of the First Amended Complaint.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Brief has been served on this 15th day of November 2024 to all parties of record via electronic filing as per the Federal Rules of Civil Procedure and Local Court Rules.

DATED this 15th day of NOVEMBER 2024.

**Respectfully submitted,**

| | |
|---|---|
| **/s/ Ayelet Faerman, Esq.** | **/s/ Keith Matthews, Esq.** |
| **Ayelet Faerman, Esq.** | **Keith Matthews, Esq.** |
| FAERMAN LAW, P.A. | AMERICAN WEALTH PROTECTION |
| 3859 NW 124th Avenue | 1000 Elm St. #803 |
| Coral Springs, FL  33065 | Manchester NH 03105 |
| Telephone:  (954) 271-8484 | Telephone: (603) 622-8100 |
| Florida bar No. 102605 | Keith@awplegal.com |
| ayelet@faerman.law | *Counsel for Plaintiff (Pro Hac Vice)* |
| *Counsel for Plaintiff* | |