UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 9:24-cv-80395-KMM

GREENFLIGHT VENTURE
CORPORATION & JEFFREY
D. ISAACS, MD,

    Plaintiffs,

v.

GOOGLE LLC,

    Defendant.

_____

**DEFENDANT GOOGLE'S OPPOSITION TO
JEFFREY ISAACS'S MOTION TO AMEND OR ALTER JUDGMENT**

In two separate orders entered in February, Judge Rosenberg dismissed all claims in this case without leave to amend: those of Plaintiff Greenflight Venture Corporation ("Greenflight") on behalf of itself and a putative class (DE 65) and those of Greenflight's owner, Plaintiff Jeffrey Isaacs (DE 69). The latter order "dismisses pro se Plaintiff Jeffrey Isaacs's claims for the same reasons the Court previously dismissed the (identical) claims brought by Plaintiff Greenflight." DE 69.

Those orders came after the filing of three complaints (DE 1, DE 24, DE 61) and six merits briefs by Plaintiffs (DE 46, DE 49, DE 56, DE 63, DE 66, DE 66-1). Docket Entry 65 recounts in detail the procedural history, *id.* at 1–6, including Mr. Isaacs's "litigious past," *id.* at 6. Reflecting that history and the many chances Judge Rosenberg had given Plaintiffs to articulate a claim, the dismissal ruling warned that "[t]he Court may exercise its case

1

management discretion to summarily deny future motion practice (such as a motion for reconsideration) without explanation." *Id.* at 21.  Greenflight moved to reconsider its dismissal in February, DE 66, which Judge Rosenberg denied.  DE 67.

Mr. Isaacs has now moved under Fed. R. Civ. P. 59(e) to alter or amend the judgment.  DE 71.  The text of Mr. Isaacs's motion zigzags between seeking reconsideration of DE 65 and DE 69, as well as advocating on behalf of plaintiff(s) in the singular and the plural.  Three things are nonetheless clear: (1) the motion is filed in Mr. Isaacs's name only; (2) as a *pro se* litigant, Mr. Isaacs cannot seek reconsideration of DE 65 on behalf of Greenflight or a putative class, *see* DE 26 at 2; and (3) a motion as to DE 65 pursuant to Fed. R. Civ. P. 58(c)(2)(B) would be untimely in any event as DE 65 was entered on February 4, 2025.  Therefore, the only judgment potentially susceptible to alteration or amendment under Rule 59(e) is DE 69.

Rule 59 provides an exacting standard: "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (alteration marks omitted) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)).  These grounds are at times articulated in sub-parts, yielding three grounds that can justify reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002).

## ARGUMENT

Mr. Isaacs raises three grounds for Rule 59 relief: (1) a subsequent trial court order in the Northern District of California in a case involving Google and Yelp; (2) Judge Rosenberg's supposed "overlooking" of an argument Mr. Isaacs made in the original briefing; and (3) a

2

decision sanctioning Greenflight and others in a case not involving Google. None satisfies the Rule 59 legal standard. *Arthur*, 500 F.3d at 1343.

**I.     The Recent Decision in *Yelp* Does Not Warrant Altering or Amending the Judgment Against Mr. Isaacs.**

Mr. Isaacs first relies on an out-of-circuit district court order, *Yelp Inc. v. Google LLC*, No. 24-CV-06101-SVK, 2025 WL 1168900 (N.D. Cal. Apr. 22, 2025), to argue that this Court's dismissal of Mr. Isaacs's federal antitrust claims was incorrect. *See* DE 71 at 2 (asserting the order as "undermin[ing] the rationale of this Court's dismissal"); *id.* at 3–9. The *Yelp* decision cannot justify altering the judgment for multiple, independent reasons.

As a threshold matter, the *Yelp* decision is not *controlling* authority, as Mr. Isaacs concedes. DE 71 at 8. Thus, regardless of what that decision holds, it is not "an intervening change in controlling law" sufficient to justify altering or amending the judgment in this case. *Burger King*, 181 F. Supp. 2d at 1369. The correctness of this Court's ruling on Mr. Isaacs's claims is therefore unaffected by the issuance of the *Yelp* decision, and Mr. Isaacs's reliance on the decision is an improper attempt to relitigate what this Court has already decided. *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005) (a party may not "relitigate old matters" to support its Rule 59(e) motion); *PG Creative, Inc. v. Affirm Agency, LLC*, No. 18-CV-24299, 2020 WL 837182, at *1 (S.D. Fla. Feb. 20, 2020) ("[A] [Rule 59(e) motion] is not an appeal, and thus it is improper on a [Rule 59(e) motion] to ask the Court to rethink what the Court has already thought through—rightly or wrongly.").

And, even if out-of-circuit trial court decisions were sufficient to satisfy Rule 59 (and they are not), Mr. Isaacs ignores that the primary focus of the *Yelp* decision is whether Yelp's claims are barred by the statute of limitations. *See* 2025 WL 1168900, at *5–*12. The statute of limitations was not an issue in this case. As to the portions of the *Yelp* decision that address the

3

legal issues that Mr. Isaacs identifies, the court's reasoning supports Google, not Mr. Isaacs. For example, while Mr. Isaacs argues that "[t]he *Yelp* court treated such self-preferencing as a form of exclusionary conduct – potentially a tying arrangement or a form of refusal to deal or leveraging – that can violate Section 2 of the Sherman Act," DE 71 at 5, the *Yelp* decision in fact dismissed Yelp's tying, leveraging, and refusal to deal claims, 2025 WL 1168900, at *15–*18.

Lastly, even if the *Yelp* decision had been controlling and supportive of the claims of a purported competitor of Google, Mr. Isaacs is not alleged to be a competitor of Google. It is Greenflight—an entity whose claims have been dismissed and that is not a party to this motion for reconsideration—that is alleged to compete with Google, not Mr. Isaacs. DE 61 at ¶¶ 4–5.

**II.     The Court Did Not Overlook Mr. Isaacs's Ill-Pleaded "Unlawful Retaliation" Claim.**

Mr. Isaacs next argues that the Court supposedly overlooked his allegations that Google violated 18 U.S.C. § 1512 by unlawfully retaliating against Mr. Isaacs for his participation in unrelated litigation with Apple. DE 71 at 9–11. That the Court was aware of Mr. Isaacs's retaliation allegations is obvious from its Order: "Mr. Isaacs attributes this precipitous drop in views to Google learning about . . . *his litigation with Apple*. Once Google obtained that knowledge, Mr. Isaacs alleges, Google felt threatened and used its monopolistic power to *retaliate against Mr. Isaacs* . . . ." DE 65 at 5 (emphasis added, citations omitted).

The Court explicitly dispensed with the allegations of unlawful conduct other than purported federal antitrust violations, which included the ill-pleaded 18 U.S.C. § 1512 allegations. *See* DE 65 at 15.[1]  The Court explained its reasoning, specifically that the operative complaint did not identify the particular statutory provision violated or describe with reasonable particularity the facts supporting that a statute was violated. *Id.* (quoting *Sonoma Foods, Inc. v.*

---

[1] Mr. Isaacs incorrectly asserts that the Court rejected his § 1512 allegations only in a footnote. *See* DE 71 at 10. His motion fails to address the cited portion of the Court's Order.

4

*Sonoma Cheese Factory, LLC*, 634 F. Supp. 2d 1009, 1022 (N.D. Cal. 2007)).  The Court also adopted and incorporated by reference the additional reasons set forth in Google's motion and reply as further explanation for its dismissal of Mr. Isaacs's claims.  *Id.*; *see also* DE 62 at 13 (explaining that the operative complaint "fail[ed] to plausibly plead which of [§ 1512's] multiple witness tampering offenses in that section (each with distinct elements and *mens rea* requirements) Google allegedly violated"); DE 64 at 6 (explaining that the allegation rests entirely on speculation).

### III. The Remainder of Mr. Isaacs's Motion Does Not Justify Altering or Amending Judgment.

The remainder of the motion (pp. 11–14) does not even identify a purported basis for reconsideration.  The discussion, instead, is about another court's imposition of sanctions after finding Mr. Isaacs (through various corporate entities, including Greenflight) filed a "patently frivolous" complaint that forced defendants to incur needless expenditures.  *See Coronavirus Rep. Corp. v. Apple Inc.*, No. 24-CV-08660-EMC, 2025 WL 2162947, at *4–*6 (N.D. Cal. July 30, 2025).  It is unclear why Mr. Isaacs views that as relevant to the relief he seeks here; it is certainly not a reason to grant the present motion.

### CONCLUSION

Google respectfully requests that the Court deny Mr. Isaacs's motion to alter or amend judgment.

| | |
|---|---|
| Date:  August 25, 2025 | Respectfully submitted, |
| | /s/ *Sujey Herrera* |
| WILLIAMS & CONNOLLY LLP | Edward M. Mullins (Florida Bar No. 863920) |
| Kenneth C. Smurzynski (*pro hac vice*) | Ana M. Barton (Florida Bar No. 85721) |
| Aaron P. Maurer (*pro hac vice*) | Sujey S. Herrera (Florida Bar No. 92445) |
| 680 Maine Avenue, SW | REED SMITH LLP |
| Washington, DC 20024 | 200 South Biscayne Boulevard, Suite 2600 |
| +1 (202) 434-5000 | Miami, Florida, 33131 |
| ksmurzynski@wc.com | +1 (786) 747-0200 |
| amaurer@wc.com | +1 (786) 747-0299 facsimile |
| | emullins@reedsmith.com |
| Matthew S. Warren (*pro hac vice*) | abarton@reedsmith.com |
| Erika H. Warren (*pro hac vice*) | sherrera@reedsmith.com |
| Madeline A. Woodall (*pro hac vice*) | |
| WARREN KASH WARREN LLP | *Attorneys for Defendant Google LLC* |
| 2261 Market Street, No. 606 | |
| San Francisco, California, 94114 | |
| +1 (415) 895-2940 | |
| +1 (415) 895-2964 facsimile | |
| 24-80395@cases.warrenlex.com | |

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on August 25, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record. Also, by email to Jeffreydi@gmail.com.

*Edward M Mullins*

Edward M Mullins