IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| GREENFLIGHT VENTURE CORPORATION<br>*on behalf of themselves*<br>*and all others similarly situated*<br><br>                  Plaintiff,<br><br>vs.<br><br>GOOGLE LLC<br><br>                  Defendant. | Case No. **24-cv-80395-KMM**<br><br>**PLAINTIFF'S MOTION TO CONFORM RULE 59 RELIEF FROM JUDGMENT** |

## PLAINTIFF GREENFLIGHT VENTURE CORPORATION'S
## MOTION TO JOIN AND SUPPORT CONFORMED RULE 59 JUDGMENT

Plaintiff Greenflight Venture Corporation ("Greenflight"), through counsel, respectfully moves this Honorable Court to join Plaintiff Isaacs' timely Rule 59(e) motion and respectfully urges the Court to VACATE the dismissal in light of the persuasive, post-DOJ ruling in *Yelp Inc. v. Google LLC*, No. 5:24-cv-06101-SVK (N.D. Cal. Apr. 22, 2025). Nothing in Rule 59(e) or related case law prevents the Court, while acting on a timely post-judgment motion already before it, from altering or amending the judgment in a way that conforms relief to all parties whose rights are governed by the same dismissal. Nor is there any barrier to a co-plaintiff joining a timely Rule 59(e) to request that conformity. The alternative Google proposes (splintering the controversy into a corporate-only Rule 60 track) serves no purpose but to thwart any potential de novo appellate review and force piecemeal litigation.

### I. *Yelp v. Google*: What was dismissed, what survived, and why it matters here

Google has portrayed *Yelp* as a broad defense victory. It was not. Quite to the contrary, and as Plaintiffs surmised earlier in the proceeding, *Yelp* represents an anticipated new jurisprudence approach to Search transparency following the broad DOJ antitrust victory against the monopolist. Judge Van Keulen dismissed certain peripheral theories at the pleading stage (e.g., tying for limitations/coercion pleading issues; leveraging/refusal-to-deal on specific elements), but Google conveniently omitted that those dismissals were *with leave to amend* and largely concerned statute of limitations issues not applicable to this class action case. More importantly, Judge Van Keulen sustained the core of *Yelp's* case: claims that Google's self-preferencing on the SERP and its suppression of a rival directory's content plausibly state monopolization and a UCL violation "tethered" to antitrust policy. The *Yelp* claims (which even Google doesn't dispute share considerable overlap with both Greenflight and the putative class claims in our FAC) are now slated to proceed beyond Rule 12 to discovery. That is a groundbreaking post-DOJ decision: it confirms that search engine design self-preferencing is not categorically lawful; it is a fact-intensive competition question that belongs on a developed record, not foreclosed at the pleadings.

Two points make *Yelp* especially instructive here. First, it protects competition over publisher discretion, which directly conflicts with Judge Rosenberg's view of publisher

immunity. The court framed the issue the way antitrust law does: whether SERP self-preferencing forecloses competing directories and maintains monopoly power. The second point is UCL tethering. The same SERP-suppression allegations that plausibly describe an antitrust injury also support a UCL claim tied to competition policy. The court did not bless the conduct; it said the law requires discovery before the merits can be fairly decided.

Those holdings map precisely onto Plaintiff Isaacs' Rule 59(e) showing and the allegations in this action. This Court dismissed at Rule 12; *Yelp* teaches why such directory-suppression pleadings should not be dismissed with prejudice and why vacatur is warranted so the case can proceed on the merits.

## II.  Isaacs correctly tethered Yelp to his UCL retaliation claim; Greenflight concurs

Isaacs does not ask this Court to treat *Yelp* as controlling; he invokes it as "about as persuasive as it gets" authority showing that the SERP-suppression story alleged here is plausible and belongs in discovery. Google's conveniently ignored that fact, which is hard to dispute. That matters in two reinforcing ways. First is UCL "unfair" tethering. *Yelp* confirms that SERP self-preferencing/suppression is the kind of competition distorting conduct the UCL can reach when tethered to antitrust policy, exactly what Isaacs pleads. Second is the UCL "unlawful" predicate. Isaacs also alleged retaliatory suppression as an "unlawful" predicate (18 U.S.C. § 1512). Any pleading particularity the Court desires is readily curable; Rule 12 is not the end of that claim when *Yelp* says the broader SERP-suppression theory *should be tested on facts*.

Greenflight concurs that *Yelp* demonstrates why vacatur is the correct outcome on a Rule 59(e) reconsideration focused on plausibility and discovery, and it has filed concurrently a Notice of Supplemental Authority attaching *Yelp*.

## III.  Rule 59(e) permits conforming relief to all parties; joinder is proper

Google suggests that because Greenflight did not file its own Rule 59(e), the Court must herd corporate relief into Rule 60. That is not the law. Rule 59(e) is a vehicle; its timeliness is satisfied here by Isaacs' motion. Once the Court properly reopens the judgment for reconsideration on that timely vehicle, it has full authority to alter or amend the judgment in a way that conforms relief to all parties bound by the same dismissal - especially where the operative legal issue

(plausibility of SERP-suppression claims in light of *Yelp*) is identical as to both plaintiffs. This is within the inherent authority of the Court to manage its docket in a judicially efficient manner. Courts routinely resolve a single timely Rule 59(e) in a manner that adjusts the judgment's operative effect for the case, not just for the nominal movant. Nothing in Rule 59 forbids a co-plaintiff from joining a timely 59(e) to request that conformity while the Court exercises that authority.

By contrast, pushing Greenflight into a separate Rule 60 lane does not serve the interests of justice or judicial economy. It splinters the dispute, delays merits review, and risks distorting the appellate posture—all to the strategic advantage of the party resisting review. The Court should decline that invitation.

### IV. Relief

Because *Yelp* is a post-DOJ, reasoned decision that sustains the core directory (i.e. vertical search portals and/or directories as defined in the respective complaints) suppression theories and sends them to discovery, and because Isaacs has properly tethered that authority to his UCL retaliation claims[1], the Court should:

1. **VACATE** the dismissal and **reinstate** the UCL claim (and any other claim the Court deems fit in light of *Yelp* and the curable "unlawful" predicate particulars); and

2. **Conform** the Rule 59(e) alteration **to Greenflight** by **VACATING** the corporate dismissal as well, and the DOJ-derived Sherman monopolization claim which is so intricately tethered to the UCL claim, so the case proceeds efficiently on the merits for **both** plaintiffs without needless Rule 60 detours.

---

[1] Greenflight alleges similar retaliation to that described by Isaacs. Its product, OkCaller.com, dropped 97% from 300 million users, prompting the filing of this lawsuit. After Judge Rosenberg's dismissal, Google chopped off the last three percent, seemingly armed with immunity under the Rule 12 dismissal. Greenflight (and Dr. Isaacs) deserve their day in Court, or at the very least, focused discovery, before serious retaliation claims are never adjudicated. Plaintiffs are certainly not the first to allege Big Tech retaliated against them for their antitrust advocacy. Factual (and legal) errors exist in the Rule 12 dismissal, and while those are beyond the subject of this motion, the *Yelp* alone should allow this case to proceed to discovery and for the factual record to better develop itself. In short, the de novo appeal process should be averted because of *Yelp* and the parties should resume their agreed-upon joint scheduling report.

## CONCLUSION

Vacatur of the dismissal as to all Plaintiffs is the straightforward, efficient course: it respects Rule 59(e)'s timeliness (invoked by a pro se Plaintiff without direct Sherman act standing), applies the persuasive force of *Yelp* to the identical plausibility question presented here, avoids piecemeal motion practice, and preserves the parties' rights to de novo appellate review on a developed record—rather than a Rule 60 sideshow that Google invites.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), counsel for Greenflight emailed counsel for Google regarding the relief requested herein. Google opposes affording Plaintiffs the same due process underway in *Yelp*.

Respectfully submitted on this 31st day of August 2025.

/s/Ayelet Faerman
AYELET FAERMAN, ESQ.
FBN: 102605
Faerman Law, P.A.
3859 NW 124th Ave
Coral Springs, FL 33065
Tel: (954) 271-8484
Fax: (954) 271-8474
ayelet@faerman.law

/s/ Keith Mathews
Keith Mathews
Attorney for Plaintiff
*Pro Hac Vice*
NH Bar No. 20997
American Wealth Protection
Manchester, NH 03105
Ph. 603-622-8100
keith@awplegal.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion has been served on this 31st day of August, 2025, to all parties of record, including GOOGLE LLC counsel of record, via electronic mail as per the Federal Rules of Civil Procedure and Local Court Rules.

| | |
|---|---|
| /s/Ayelet Faerman | /s/ Keith Mathews |
| AYELET FAERMAN, ESQ. | Keith Mathews |
| FBN: 102605 | Attorney for Plaintiff |
| Faerman Law, P.A. | *Pro Hac Vice* |
| 3859 NW 124th Ave | NH Bar No. 20997 |
| Coral Springs, FL 33065 | American Wealth Protection |
| Tel: (954) 271-8484 | Manchester, NH 03105 |
| Fax: (954) 271-8474 | Ph. 603-622-8100 |
| ayelet@faerman.law | keith@awplegal.com |