IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| GREENFLIGHT VENTURE CORPORATION<br>  *on behalf of themselves*<br>  *and all others similarly situated*<br><br>                          Plaintiff,<br><br>vs.<br><br>GOOGLE LLC<br><br>                          Defendant. | Case No. **24-cv-80395-KMM**<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY** |

# PLAINTIFF GREENFLIGHT VENTURE CORPORATION'S
# NOTICE OF SUPPLEMENTAL AUTHORITY

Greenflight Venture Corporation ("Greenflight"), by counsel, respectfully submits this Notice of Supplemental Authority to alert the Court to the Northern District of California's order in *Yelp Inc. v. Google LLC*, No. 5:24-cv-06101-SVK (Apr. 22, 2025) (attached as Exhibit A). While Google has attempted to minimize the relevance of *Yelp* to claims like those at issue here, the decision is significant and persuasive post-DOJ authority that, in substance, permits core directory suppression claims to proceed beyond Rule 12 and recognizes that such allegations are properly tested on a factual record.

Judge Van Keulen **granted in part and denied in part (with leave to amend)** Google's motion to dismiss. Crucially, the court sustained the heart of *Yelp's* case: that Google's self-preferencing on the search-results page (SERP) and related suppression of a rival directory's content can plausibly constitute monopolization in a defined search sub-market and can support a UCL claim tethered to antitrust policy, and therefore should proceed beyond Rule 12 to discovery. The court's analysis also expressly situates the case against the backdrop of *United States v. Google*, taking judicial notice of the DOJ litigation and the market-power findings relevant to general search services (GSE). In short, *Yelp* is one of the first post-DOJ decisions to "open up" SERP design self-preferencing to factual testing, rather than foreclosing such claims at the pleadings.

At the same time, the court granted leave to amend certain peripheral theories (including tying and monopoly leveraging) because of, in the tying count, statute-of-limitations and coercion pleading issues not present in this case. The court did not treat these as merits absolutions of Google's SERP conduct; to the contrary, the core plausibility of SERP suppression as a competition and UCL problem was preserved. Therefore, Google's depiction of Yelp seems at odds with reality (at best).

This case presents the same factual genus that *Yelp* allowed to proceed: Plaintiffs allege that a dominant general GSE search provider designed and positioned its own surfaces to divert user traffic from a specialized directory competitor, suppressing the rival's visibility and thereby

distorting competition. *Yelp* holds that such allegations are plausible and not appropriately resolved at Rule 12, especially where, as here, they are coupled with a UCL claim that is properly "tethered" to antitrust policy. That is precisely the posture of Plaintiff Isaacs's Rule 59(e) request: the Court should reinstate the UCL claim (at minimum) so the parties can build a record and the Court can test the facts instead of resolving them on the pleadings.

To the extent Google cites *Yelp*'s dismissal of the tying count and Aspen refusal to deal as argument against amending the dismissal, *Yelp*'s own analysis shows otherwise. Both the tying and Aspen claims were permitted leave to amend technical pleading issues. Those pleading issues are not determinative of Isaacs's reconsideration request, which turns on the UCL and the plausibility of SERP-based directory suppression (exactly what *Yelp* allowed to proceed), and they do not control any corporate amendment Greenflight seeks leave to file through counsel. Our FAC has a monopolization claim that is nearly verbatim to the DOJ cause of action, with nearly identical facts and elements to Yelp's monopolization claim. The DOJ case won, Yelp is proceeding, fairness dictates that Greenflight be given its day in Court.

**Exhibit A:** *Yelp Inc. v. Google LLC*, No. 5:24-cv-06101-SVK (N.D. Cal. Apr. 22, 2025) (Order on Motion to Dismiss)

Respectfully submitted on this 31st day of August 2025.

/s/Ayelet Faerman
AYELET FAERMAN, ESQ.
FBN: 102605
Faerman Law, P.A.
3859 NW 124th Ave
Coral Springs, FL 33065
Tel: (954) 271-8484
Fax: (954) 271-8474
ayelet@faerman.law

/s/ Keith Mathews
Keith Mathews
Attorney for Plaintiff
*Pro Hac Vice*
NH Bar No. 20997
American Wealth Protection
Manchester, NH 03105
Ph. 603-622-8100
keith@awplegal.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Supplemental Authority has been served on this 31st day of August, 2025, to all parties of record, including GOOGLE LLC counsel of record, via electronic mail as per the Federal Rules of Civil Procedure and Local Court Rules.

| | |
|---|---|
| /s/Ayelet Faerman | /s/ Keith Mathews |
| AYELET FAERMAN, ESQ. | Keith Mathews |
| FBN: 102605 | Attorney for Plaintiff |
| Faerman Law, P.A. | *Pro Hac Vice* |
| 3859 NW 124th Ave | NH Bar No. 20997 |
| Coral Springs, FL 33065 | American Wealth Protection |
| Tel: (954) 271-8484 | Manchester, NH 03105 |
| Fax: (954) 271-8474 | Ph. 603-622-8100 |
| ayelet@faerman.law | keith@awplegal.com |