IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| GREENFLIGHT VENTURE CORPORATION<br>*on behalf of themselves*<br>*and all others similarly situated*<br><br>                    Plaintiff,<br><br>vs.<br><br>GOOGLE LLC<br><br>                    Defendant. | Case No. **24-cv-80395-KMM**<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF RULE 59 RELIEF FROM JUDGMENT** |

<u>**PLAINTIFF GREENFLIGHT VENTURE CORPORATION'S**</u>
<u>**REPLY IN SUPPORT OF CONFORMED RULE 59 JUDGMENT**</u>

Plaintiff Greenflight Venture Corporation ("Greenflight"), by counsel, files this short reply to correct Google's procedural mischaracterizations and to focus the briefing on what matters: the co-Plaintiff's Rule 59(e) motion is timely, Rule 59(e) puts the judgment (not one party's slice of it) back before the Court, and *Yelp v. Google* is persuasive, *post-DOJ* authority confirming that Search SERP self-preferencing/suppression claims are plausible and belong in discovery. This warrants vacatur of the Rule 12 dismissal and reinstatement so this case can proceed on the merits.

Google's opposition to Greenflight's joinder (DE 76) asks the Court to treat Greenflight's filing as an untimely, separate Rule 59(e) motion. That framing is incorrect, unnecessary, and designed to avoid a clean, de novo merits path.

**I. Timeline and rules: why the Rule 59(e) motion is timely and why the case is properly back before the Court**

The Court dismissed Greenflight on Feb. 4, 2025 and, after resolving the show-cause proceedings, dismissed Dr. Isaacs claims and closed the case on Feb. 14, 2025. No separate judgment was entered. Under Rule 58(c)(2)(B) and FRAP 4(a)(7)(A)(ii), entry of judgment is deemed 150 days after the final order that resolves the last remaining claims (here, Feb. 14) so deemed entry fell on July 14, 2025. Isaacs filed Rule 59(e) within 28 days of July 14 (DE 71). Google's own opposition to Isaacs does not contend otherwise; it argues instead about which order is susceptible to 59(e) (DE 69), and about the Rule 59 standard.  Under FRAP 4(a)(4)(A), a timely Rule 59(e) motion tolls the time to appeal for all parties until the last such motion is decided. The Rules are drafted this way because a timely 59(e) reopens the judgment for the Court to correct -- for the entire case -- before any appeal proceeds.

Google's contrary "deadline" narrative ties the 150-day clock to the Feb. 4 order (DE 65), not the Feb. 14 final order (DE 69), and then declares Greenflight's joinder "untimely." That is not how Rule 58 works. Finality runs from the order that disposes of the last claim; here that is Feb. 14.  And even on Google's own premise, Greenflight is not filing a separate 59(e) at all; it is joining a timely one and asking the Court to exercise the authority it already has while deciding that motion.

**II. Google's Erroneous Portrayal of Greenflight's Motion**

Google's invocation of *Banister* is a red herring because no extension is sought. Not requested in our motion is any extension of Rule 59(e)'s 28-day limit; acceptance of a separate out-of-time 59(e); or any Rule 6(b)(2) enlargement. See *Banister v. Davis* (holding Rule 59(e) cannot be extended).

What Greenflight does respectfully request is that while this Honorable Court is actively reconsidering the judgment on a timely 59(e), it vacate the Rule 12 dismissal and reinstate the claims to a co-plaintiff facing the same legal error. Greenflight has standing, analogous to *Yelp*, for Search SERP suppression issues. Nothing in Rule 59(e)'s text limits relief to one party; it authorizes the Court to "alter or amend the judgment." Once a timely Rule 59(e) reopens the judgment, the Court can correct the error for the case.

That is exactly why FRAP 4(a)(4)(A) tolls time "for all parties" upon a single timely Rule 59(e): the Rules anticipate that the district court will fix the judgment before any party appeals. Treating Greenflight's filing as "untimely" misses the point: there is no separate 59(e) to time-bar. Greenflight's paper is a joinder/statement of position explaining why, in acting on the timely motion already before it, the Court should enter vacatur and reinstatement for both plaintiffs.

### III. Google's merits fallback collapses once Greenflight joins

Google's opposition to the pending Rule 59(e) motion responds on two tracks: 1) *Yelp* is not controlling law and it's mostly about limitations; and 2) even if a competitor could proceed, the party who brought it isn't the competitor; Greenflight is (See DE 73, page 4).  Both tracks fail.

First, *Yelp* is cited as persuasive authority under the "clear error / manifest injustice" prong, not as "intervening controlling law." Google itself acknowledges the Rule 59(e) standard includes the need "to correct clear error or prevent manifest injustice."  Here, dismissing with prejudice at Rule 12 where a *post-DOJ* decision has just sustained the core Search suppression/UCL theories on materially similar facts is precisely the kind of pleading-stage error that warrants correction, or, at minimum, the kind of manifest injustice Rule 59(e) exists to prevent.

Second, Google's 'Greenflight is the actual competitor with standing' argument folds on itself. Greenflight has joined to request the same Rule 59(e) relief the Court may grant on the timely vehicle already before it. Google's fallback was to say: even if *Yelp* helped "a competitor," Dr. Isaacs isn't that party.  That fallback disappears the moment the competitor (Greenflight) is asking the Court to conform relief while it decides the timely 59(e). Google thus retreats to a pure procedural gambit: insist Greenflight be shunted into Rule 60. But there is no rule-based need to

splinter the case. Acting on the timely Rule 59(e), this Court can and should vacate the dismissal and reinstate the claims for both plaintiffs so the overlapping Search suppression issues are resolved on a record. The Court should see Google's defense for what it is: yet another in a long line of attempts by Big Tech to evade scrutiny.

Google's presentation of *Yelp* is at best selective. In its opposition, Google tells this Court that *Yelp* "supports Google" because the court dismissed tying/leveraging/refusal-to-deal (and implies the result was a defense win). What Google omits is the part that matters: Judge van Keulen denied the motion to dismiss in part, granted leave to amend, and sustained the core monopolization and UCL theories on SERP self-preferencing/suppression, sending those issues to discovery. And the very same Williams & Connolly team is still trying to knock out those tying claims in *Yelp* today: after the April 22, 2025 order "Granting in part and Denying in part" the motion to dismiss (Dkt. 47), Google filed a second Motion to Dismiss the Amended Complaint on June 11, 2025 (Dkt. 53) and a reply on July 2, 2025 (Dkt. 55). Presenting *Yelp* to this Court as if it were a clean defense victory, without disclosing that the case's core claims survived and *that Google's Williams & Connolly is still litigating to dismiss them,* misleads by omission. The Court should weigh that lack of forthrightness accordingly and follow *Yelp's* actual holding: these SERP Search suppression allegations are plausible and should proceed on a factual record, warranting vacatur and reinstatement here.

**IV. The narrow Rule 59(e) request to reinstate fits the Eleventh Circuit standard**

Rule 59(e) permits altering or amending a judgment to correct clear error or prevent manifest injustice. Google quotes that standard and waives any actual defense on the merits (other than incorrect timeliness defenses). Both prongs are satisfied: clear error at Rule 12 and/or manifest injustice. In light of *Yelp*'s post-DOJ analysis of materially similar allegations, it was error to dismiss with prejudice at the pleadings and foreclose discovery on the Search SERP suppression theory. That is a Rule 12 plausibility issue; *Yelp* expressly sends it to discovery. Similarly, Plaintiffs plausibly allege that a dominant search provider's SERP design and placement choices diverted traffic from a rival directory. Shutting the courthouse door with prejudice, before discovery, where a sister court has just said the same theory is triable is the very definition of manifest injustice. Google does not address that prong at all.

Rule 59(e) provides the timely vehicle; FRAP 4 confirms the court's case-wide remit; and the Court's inherent case management authority warrants one corrected judgment rather than fragmented Rule 60 skirmishing.

## CONCLUSION

This is not the moment for the federal courts to step back from meaningful scrutiny of Big Tech. It is the moment to do what competition law was designed to do: permit plausible, carefully pleaded antitrust and UCL claims to move past the pleadings and be tested on a factual record.

The context is unmistakable. Last week's widely covered remedy ruling in the *DOJ–Google* search case prompted a plainspoken assessment in the national press: *"the larger push in the US to break up, or simply rein in, Big Tech is basically over,"* and that Google's *"punishment ... amounts to ... not too much, all things considered."* (Exhibit A). The duopoly's staggering market valuations responded accordingly, showing public perception agrees: antitrust enforcement won't hinder Apple or Google's relentless usurpation of wealth and power (which comes at a steep socioeconomic price).

When public enforcement yields a 'remedy' the press fairly characterizes as "not too much," private Rule 23 class actions become the principal, congressionally contemplated path for real, practical evidence-driven adjudication. That is what Plaintiffs seek here, and -- so far as we can tell -- we are the only case in the country pleading a duopoly theory against Apple and Google in a Sherman Act class action. Recent Supreme Court authority (*Trump v. CASA*) has signaled a preference for class actions over universal injunctions as instruments of nationwide relief; Plaintiffs' case fits that framework by seeking streamlined, meaningful redress.

The stakes are not merely economic; they are societal. Google is often credited with catalyzing the current AI 'revolution' in 2017 with the infamous research paper, "Attention Is All You Need." Its co-author, Geoffrey Hinton, resigned from Google so that he could publicly warn about AI's systemic risks.  Judge Mehta's himself disclaimed that his remedy was premised in part on AI's potential to discipline Search market power. Others—including Plaintiffs and Hinton—believe that "Big Tech + AI" can concentrate power even further and present unprecedented risks. The Court need not resolve that debate today, nor do we try to predict the future. But it should recognize that the trajectory of our digital infrastructure, and the law's ability to check it, is being set now. In that setting, it would be a serious error to foreclose, at Rule 12, the first-of-its-kind

duopoly class action that squarely pleads how two dominant platforms jointly control the US Internet content access layer and how SERP self-preferencing suppresses rival directories and even free exchange of information and/or speech.

The legal signal from another district court is clear enough for Rule 59(e). In *Yelp v. Google*, the Northern District of California did not treat SERP self-preferencing as categorically lawful. Quite the opposite: after parsing the allegations *post-DOJ*, the court sustained the core monopolization and UCL claims premised on directory suppression and sent them to discovery. This is precisely the "clear error/manifest injustice" situation Rule 59(e) exists to correct: a sister federal court, on materially similar allegations, just held that this theory is plausible and belongs in discovery. To keep our case closed with prejudice at Rule 12, without testing facts, would be a manifest injustice the Rule empowers this Court to cure.

This case began out of concerns that the Google-Apple duopoly retaliated against a group of physicians led by Dr. Robert Roberts, an eminent cardiologist whose research helped save millions of lives, and who served as cardiologist for NASA's John Glenn & a late, great US President. Rather than engage with the allegations on merit, the duopoly engaged in un-American retaliation and disrespect of the Plaintiffs, seeking to punish them (through stonewalling, litigation gamesmanship, intimidation practices, power inequities and retaliation) for advocating Sherman act compliance[1]. Google's Motion Opposition obviously chose such disrespectful rhetoric over engagement, labelling Plaintiffs as having a "litigious past." Plaintiffs assert they have been ones oppressed for years through improper litigation practices by Big Tech, and by definition are not "litigious" for bringing an innovative duopoly class action and a SERP-suppression claim that another federal court has just allowed to proceed. We are doing difficult, tireless legal advocacy— developing theories under Sherman and the UCL precisely when broader oversight, across society and across all political groups, is sought. It has come at a significant cost (Plaintiffs and their representatives hardly enjoy the litigation gamesmanship brought on by Apple & Google), which should be properly adjudicated via the Retaliation Cause of Action.

The equities weigh decisively in favor of letting the case go forward. In an era when AI's growth curve is exponential and its control concentrated, shutting the courthouse door at the

---

[1] Greenflight provided litigation funds to Dr. Roberts' team at *Coronavirus Reporter*. Greenflight concurs that the retaliation claim went effectively unadjudicated, and seeks focused discovery as to whether or not Google participated in an effort to defund Roberts/CR's Sherman Act claims. Google's declaration of Plaintiffs as "litigious" – which they are not and wish to testify to the contrary – further evidences Defendant's retaliatory motive.

starting gate would be a grave mistake. Plaintiff's request this Honorable Court recognize Greenflight's joinder/statement of support of a timely Rule 59(e) motion and Grant the underlying motion and reinstate the UCL and competition claims (with leave, if the Court wishes, to specify the § 1512 subdivision for the "unlawful" predicate), and allow this case to proceed to discovery. That course honors the Rules, respects the sister-court determination in *Yelp*, and, most importantly, ensures that serious allegations about duopoly control and Search exclusion are resolved on evidence, not epithets.

Respectfully submitted on this 15th day of September, 2025.

/s/Ayelet Faerman
AYELET FAERMAN, ESQ.
FBN: 102605
Faerman Law, P.A.
3859 NW 124th Ave
Coral Springs, FL 33065
Tel: (954) 271-8484
Fax: (954) 271-8474
ayelet@faerman.law

/s/ Keith Mathews
Keith Mathews
Attorney for Plaintiff
*Pro Hac Vice*
NH Bar No. 20997
American Wealth Protection
Manchester, NH 03105
Ph. 603-622-8100
keith@awplegal.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Supplemental Authority has been served on this 31st day of August, 2025, to all parties of record, including GOOGLE LLC counsel of record, via electronic mail as per the Federal Rules of Civil Procedure and Local Court Rules.

| | |
|---|---|
| /s/Ayelet Faerman | /s/ Keith Mathews |
| AYELET FAERMAN, ESQ. | Keith Mathews |
| FBN: 102605 | Attorney for Plaintiff |
| Faerman Law, P.A. | *Pro Hac Vice* |
| 3859 NW 124th Ave | NH Bar No. 20997 |
| Coral Springs, FL 33065 | American Wealth Protection |
| Tel: (954) 271-8484 | Manchester, NH 03105 |
| Fax: (954) 271-8474 | Ph. 603-622-8100 |
| ayelet@faerman.law | keith@awplegal.com |