UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:24-cv-80395-KMM

DR. JEFF ISAACS, *et al*,

    Plaintiffs,

v.

GOOGLE LLC,

    Defendant.
_____/

## ORDER

THIS CAUSE came before the Court upon Plaintiff Jeffrey Isaacs' ("Isaacs") *pro se* Motion to Alter or Amend ("Alter Motion" or "Alter Mot.") (ECF No. 71) and Plaintiff Greenflight Venture Corporation's ("Greenflight") Motion to Join and Support Conformed Rule 59 Judgment. ("Conform Motion" or "Conform Mot.") (ECF No. 74). Defendant Google LLC ("Defendant") filed its Opposition to Jeffrey Isaacs' Motion to Amend or Alter Judgment ("Resp.") (ECF No. 73), and its Opposition to Greenflight's Motion to Conform. (ECF No. 76). Isaacs did not file a reply, but Greenflight filed a Reply in Support of Conformed Rule 59 Judgment. (ECF No. 77). The Motions are now ripe for review. As set forth below, the Court DENIES both Motions.

**I.   BACKGROUND**

Judge Robin L. Rosenberg[1] laid out a thorough overview of this case's factual background in her Order Granting Defendant's Motion to Dismiss and Order to Show Cause. ("Rosenberg Order I") (ECF No. 65) at 1–6. The Court nevertheless provides a brief background of facts most relevant to the disposition of the instant Motions.

---

[1] The above-styled case was reassigned to this Court on August 18, 2025. (ECF No. 72).

Isaacs sued Defendant for infringing upon his patent on April 1, 2024.  (ECF No. 1).  Isaacs abandoned his patent claim, however, and filed antitrust claims against Defendant together with Greenflight.  (ECF No. 24).  After Plaintiffs' First Amended Complaint was dismissed in part, (ECF No. 53), Plaintiffs filed their Second Amended Complaint on December 17, 2024.  ("SAC") (ECF No. 61).  Therein, they brought five claims for relief, including four for antitrust violations under the federal Sherman Act and one under California's Unfair Competition Law ("UCL").  *Id.* ¶¶ 103–48.

On February 4, 2025, Judge Rosenberg dismissed all of Greenflight's claims without leave to amend, noting that "[t]he Court may exercise its case management discretion to summarily deny future motion practice (such as a motion for reconsideration) without explanation."  *See generally* Rosenberg Order I.  She also ordered Isaacs to show cause "why his *pro se* claim(s) should not be dismissed for the same reasons" that Greenflight's were.  *Id.* at 19–20.  On February 14, 2025, Judge Rosenberg dismissed Isaacs' claims in a Paperless Order "for the same reasons the Court previously dismissed the (identical) claims brought by Plaintiff Greenflight."  ("Rosenberg Order II") (ECF No. 69).

On August 11, 2025, Isaacs filed the Alter Motion pursuant to Federal Rule of Civil Procedure 59(e), regarding Rosenberg Order II.  *See generally* Alter Mot.  Greenflight then filed its Motion on August 31, 2025, seeking to join Isaacs' Motion and asking the Court, in ruling on Isaacs' Motion, to also alter the dismissal as to Greenflight, in order to "conform[] relief to all parties whose rights are governed by the same dismissal."  *See generally* Conform Mot.

## II.  LEGAL STANDARD

"The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact."  *In re Kellogg,* 197 F.3d 1116, 1119 (11th Cir. 1999).  "[A] Rule

59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.,* 408 F.3d 757, 763 (11th Cir. 2005); *Jacobs v. Tempur-Pedic Intern., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) ("Reconsidering the merits of a judgment, absent a manifest error of law or fact, is not the purpose of Rule 59.").

## III. DISCUSSION

Isaacs argues that the Court should reconsider the prior Orders because the United States District Court for the Northern District of California denied Google's motion to dismiss in *Yelp Inc. v. Google LLC*, ("*Yelp v. Google*"), No. 24-cv-06101, ECF No. 47 (N.D. Cal. Apr. 22, 2025). Alter Mot. at 3–9. Further, he argues that in Rosenberg Order I, the Court overlooked Plaintiffs' arguments of unlawful retaliation as it relates to Plaintiff's claim under the UCL.[2] *Id.* at 9–11.

Greenflight's arguments largely mirror Isaacs' arguments, but Greenflight also argues that it should be allowed to join Isaacs' Rule 59(e) motion because there is no "barrier to a co-plaintiff joining a timely Rule 59(e)" request. Conform Mot. at 2. Further, Greenflight argues that "[n]othing in Rule 59(e) or related case law prevents the Court, while acting on a timely post-judgment motion already before it, from altering or amending the judgment in a way that conforms relief to all parties whose rights are governed by the same dismissal." *Id.*

Defendant opposes the Alter Motion, arguing that *Yelp v. Google* is neither controlling authority nor focused on the same issues that are prevalent in this case. Resp. at 3–4. Next, Defendant argues that it was obvious from Rosenberg Order I that the Court was aware of Isaacs'

---

[2] Isaacs also makes arguments related to another Northern District of California case and its determinations relating to Isaacs litigating the same interests as Greenflight. *See* Alter Mot. at 11–13. As best as the Court can tell, these arguments seem to be aimed at litigating issues in that Northern District of California case, and the Court therefore deems it inappropriate to weigh in.

retaliation allegations. *Id.* at 4–5. Finally, Defendant also opposes the Conform Motion, and states it is "procedurally defective" and untimely, "because it was filed more than 28 days after the judgment against Greenflight became final." (ECF No. 76) at 1.

### A. Greenflight's Conform Motion

The Court first addresses the timeliness of the Conform Motion. "A motion under Rule 59(e) must be filed within 28 days of the judgment" it is challenging. *Marques v. JP Morgan Chase, N.A.*, 805 F. App'x 668, 670 (11th Cir. 2020). Most judgments must be set out in a separate document that accompanies the order disposing of the motion. Fed. R. Civ. P. 58(a). When a separate document is required, the judgment is deemed entered "on the date when the judgment or order is set forth on a separate document. . . or on the date when 150 days have run from entry of the order." *Jones v. Comm'r, Ala. Dep't of Corrs.*, 631 F. App'x 827, 829–30 (11th Cir. 2015); *see also* Fed. R. Civ. P. 58(c)(2).

Here, the Rosenberg Order I, dismissing Greenflight's claims, was entered on February 4, 2025. Judgment is deemed entered 150 days after that date, on July 7, 2025, as the Court did not set out judgment in a separate document. *See* Fed. R. Civ. P. 6(a)(1)(C); 58(a); 58(c)(2)(B). Therefore, Greenflight's deadline to submit a motion pursuant to Rule 59(e) was 28 days after that date, on August 4, 2025. *See* Fed. R. Civ. P. 59(e). The Conform Motion was filed on August 31, 2025, however, making it clearly untimely. Greenflight argues that "Rule 59(e) is a vehicle; its timeliness is satisfied here by Isaacs' motion. Once the Court properly reopens the judgment for reconsideration on that timely vehicle, it has full authority to alter or amend the judgment in a way that conforms relief to all parties bound by the same dismissal." Conform Mot. at 3. Notably, Greenflight provides no legal authority to support this contention, instead indicating "[t]his is within the inherent authority of the Court to manage its docket in a judicially efficient manner."

4

*Id.* at 4. The Court, however, may not properly consider Greenflight's Motion under Rule 59(e). *See Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126, 1129 (11th Cir. 1994). In *Hertz*, the Eleventh Circuit explained that "[t]imeliness constitutes a jurisdictional dimension central to" the motion for reconsideration. *Id.* The Eleventh Circuit held that the timely Rule 59(e) filing by one co-defendant did not "vest the district court with authority to entertain [the other defendant's] untimely motion." *Id.* Accordingly, the Court finds that it has no authority to hear Greenflight's Rule 59(e) motion.

### B. Isaacs' Alter Motion

Isaacs argues that the judgment dismissing the case should be altered pursuant to Rule 59(e), and the Court should at least allow Plaintiffs' claim to go to discovery, because "the circumstances here meet the strict standard for Rule 59(e) relief." *See* Alter Mot. at 1; Fed. R. Civ. P. 59(e). As mentioned, "[t]he only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *In re Kellogg,* 197 F.3d at 1119. "In particular, there are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (citations omitted); *Ponamgi v. Safeguard Servs. LLC*, No. 11-cv-62119, 2013 WL 12080163, at *1 (S.D. Fla. May 30, 2013).

Isaacs argues that the Northern District of California's decision in *Yelp v. Google* demonstrates that Plaintiffs' claims were viable and justifies the granting of a Rule 59(e) motion. Alter Mot. at 3–9. This decision, however, is not an intervening change in controlling law, as the Southern District of Florida is not bound by changes in the law of the Northern District of California. *See Bravo v. Eden Isles Condo. Ass'n*, No. 09-cv-22532, 2011 WL 13174648, at *1

(S.D. Fla. July 11, 2011) (explaining that decisions from outside of the Eleventh Circuit constitute "persuasive authority," not "controlling law that would support reconsideration"). Isaacs even concedes as much. Alter Mot. at 8 ("To be clear, [Isaacs] acknowledges that *Yelp v. Google* is not controlling precedent in the Eleventh Circuit."). Accordingly, the Northern District of California's decision in *Yelp v. Google* does not support reconsideration as it is not an intervening change in controlling law. It is also not new evidence, and the decision also does not demonstrate that dismissal of Plaintiffs' claims was clear error or will result in "manifest injustice." *Burger King Corp.*, 181 F. Supp. 2d at 1369.

Isaacs also argues that the Court's adjudication of Plaintiffs' UCL claim was incomplete and did not adequately address that Plaintiffs alleged Google's conduct was unlawfully retaliatory. Alter Mot. at 9–11. He argues that "[t]his omission is a clear error warranting relief under Rule 59(e)." *Id.* at 10. Isaacs argues that the Rosenberg Order I's discussion of Plaintiffs' UCL claim "focused almost entirely" on the prongs of UCL analysis concerning allegations of fraudulent conduct. *Id.* As Defendant notes, this is incorrect. *See* Resp. at 4 (explaining that it was "obvious" from Rosenberg Order I that the Court was aware of Isaacs' retaliation allegations). Therefore, Isaacs' argument that discussion of unlawful retaliation was omitted, demonstrating clear error, is incorrect.

The Court based its dismissal of the UCL count on Plaintiffs' reliance on "vague references" to other violations of law. Rosenberg Order I at 15. Isaacs argues that Plaintiffs' SAC invokes retaliation to "tether [Defendant's] conduct to a particular federal statute embodying a well-recognized public policy against retaliating for participation in legal proceedings." Alter Mot. at 10. This argument, however, is in effect asking the Court to "relitigate old matters" and raises arguments "that could have been raised prior to the entry of judgment." *Michael Linet, Inc,*

6

408 F.3d at 763.  That does not justify granting a Rule 59(e) Motion.  *See id.*  Accordingly, the Court finds that Isaacs has not justified reconsideration.

## IV.     CONCLUSION

Accordingly, UPON CONSIDERATION of the Motions, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Plaintiff Jeffrey Isaacs' *pro se* Motion to Alter or Amend (ECF No. 71) and Plaintiff Greenflight Venture Corporation's Motion to Join and Support Conformed Rule 59 Judgment (ECF No. 74) are both DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 22nd day of December 2025.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c:    **All counsel of record**